1  DAVID B. DEMO (SBN 153997);ddemo@plawp.com
   JENNY J. CHU (SBN 223077); jchu@plawp.com
2  LHB PACIFIC LAW PARTNERS, LLP
   5858 Horton Street, Suite 370
3  Emeryville, CA 94608
   Tel: (510) 841-7777
4  Fax: (510) 841-7776

5  ATTORNEYS FOR PLAINTIFFS:
   THE BURLINGTON INSURANCE COMPANY
6  AND FIRST FINANCIAL INSURANCE COMPANY

7

8              IN THE UNITED STATES DISTRICT COURT
9     FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 THE BURLINGTON INSURANCE              )
   COMPANY and FIRST FINANCIAL           )  Case No.: C 07 4625
12 INSURANCE COMPANY                     )
                                         )
13         Plaintiffs,                   )  COMPLAINT FOR EQUITABLE
                                         )  SUBROGATION, EQUITABLE
14     v.                                )  INDEMNITY, EQUITABLE
                                         )  CONTRIBUTION, DECLARATORY
15 HOTEL SUNRISE, LLC., d.b.a. HOTEL     )  RELIEF, AND REIMBURSEMENT
   SUNRISE; KIRIT B. PATEL a.k.a. KEN    )
16 PATEL; DHARMESH B. PATEL a.k.a.       )  JURY TRIAL DEMANDED
   DANNY PATEL, and DOES 1 through 20,   )
17                                       )
           Defendant(s).                 )
18                                       )

19

20

21     Plaintiffs The Burlington Insurance Company ("Burlington") and First Financial
22 Insurance Company ("First Financial") complain and allege as to defendant Hotel Sunrise, LLC,
23 d.b.a. Hotel Sunrise ("Hotel Sunrise") and defendants Kirit B. Patel, also known as Ken Patel,
24 and Dharmesh B. Patel, also known as Danny Patel (collectively the "Patels"), and Does 1-20 as
25 follows:

26                              **GENERAL ALLEGATIONS**
27     1.   Plaintiff Burlington is, and all times herein mentioned was, a corporation
28 incorporated in the State of North Carolina, with its principal place of business in the State of

                                         1

1  North Carolina, and qualified to do business in the State of California.

2      2.    Plaintiff First Financial is, and all times herein mentioned was, a corporation incorporated in the State of Illinois, with its principal place of business in the State of Illinois, and qualified to do business in the State of California.

    3.    Plaintiffs are informed and believe that defendant Hotel Sunrise is, and all times herein mentioned was, a limited liability company organized in the State of California, with its principal place of business in the State of California, City and County of San Francisco.

    4.    Plaintiffs are informed and believe that defendants Kirit Patel and Dharmesh Patel each are, and all times herein mentioned were, citizens of the State of California.

    5.    The true names or capacities, whether individual, governmental, corporate, or otherwise, of Does 1 through 20, inclusive, are presently unknown to plaintiffs, who therefore sued said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that the defendants designated herein as Does 1 through 20 issued commercial general liability policies benefiting the defendants in connection with Hotel Sunrise described below, and are therefore legally responsible in some manner for the events herein alleged and are liable to plaintiff for indemnity, subrogation, and/or contribution.

    6.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## JURISDICTION

    7.    Venue is proper in this district because the property that is the subject of the underlying action is located in San Francisco County, California, which is in this district.

## INTRADISTRICT ASSIGNMENT

    8.    Plaintiffs have pled matters in this Complaint on information and belief because the necessary information lies within the control of either defendants or third parties.

## FACTUAL BACKGROUND

    9.    At all relevant times, Hotel Sunrise owned and/or managed a residential hotel called "Hotel Sunrise," located at 447 Valencia Street in San Francisco, California. On or about August 4, 2006, two former residents of Hotel Sunrise, Jim Lastra and Phyllis Robins

(hereinafter referred to as "Tenants") sued Hotel Sunrise and the Patels in a suit styled *Jim Lastra and Phyllis Robins v. Hotel Sunrise, et al.* (San Francisco Superior Court Case No. CGC-06-454834) (hereinafter referred to as the "Underlying Action"). A copy of the complaint in the underlying action is attached hereto as Exhibit A.

10. Among other things, the Tenants alleged in the Underlying Complaint that Hotel Sunrise and the Patels are liable for the following wrongful conduct: (a) wrongful eviction of Tenants from the hotel on or about September 7, 2005, in violation of law, (b) illegal lock out of Tenants from the hotel in violation of law, (c) breach of rental agreement, (d) breach of covenant of good faith and fair dealing, (e) breach of covenant of quiet enjoyment, (f) negligence and negligence per se, (g) intentional infliction of emotional distress, (h) breach of warranty of habitability, (i) unlawful collection of rents, (j) conversion of personal property, (k) abuse of process, and (l) unfair, unlawful and fraudulent business practices. The Tenants seek damages from Tenant for compensatory damages, statutory damages, general damages for emotional distress and mental anguish, and punitive and exemplary damages. The Tenants also seek a declaratory judgment from the court as to certain allegations against Hotel Sunrise and the Patels, as well as injunctive relief and an award of restitution and for attorneys fees, costs and interest.

11. Burlington issued a commercial general liability insurance policy to Hotel Sunrise, effective from February 10, 2005 until February 10, 2006, bearing the policy number 181B003035 (hereinafter the "Policy," a copy of which is attached hereto as Exhibit B) which was in effect at the time of the alleged wrongful eviction/illegal lock of Tenants.

12. Burlington issued another one-year commercial general liability insurance policy to Hotel Sunrise (policy number 181B003909), which was in effect from February 10, 2006 until February 10, 2007. First Financial previously had issued two one-year commercial general liability insurance policies to Hotel Sunrise: First Financial's policy number 181F002428 was in effect from February 10, 2003 until February 10, 2004, and First Financial's policy number 181F004978 was in effect from February 10, 2004 until February 10, 2005.

13. Hotel Sunrise and the Patels tendered the defense of the Underlying Suit to

3

Case No.:    COMPLAINT

Burlington and First Financial. First Financial denied any defense or indemnity to Hotel Sunrise and/or the Patels under its two insurance policies (First Financial's policies numbered 181F002428 and 181F004978) because none of the damages claimed by Tenants in the Underlying Action occurred within the effective dates of those policies. Similarly, Burlington denied any defense or indemnity to Hotel Sunrise and/or the Patels under its insurance policy numbered 181B003909 (effective dates from 2/10/06 – 2/10/07) because none of the damages claimed by Tenants in the Underlying Action occurred within the effective dates of that insurance policy.

14. Under its policy number 181B003035, Burlington accepted the tender and agreed to provide a defense to Hotel Sunrise and the Patels in the underlying action, subject to a full reservation of all rights. Burlington has been paying for counsel to defend Hotel Sunrise and the Patels in the Underlying Action subject to the reservation of rights.

15. Included among the rights reserved by Burlington were its rights: (a) to withdraw from and/or decline any further participation in the defense of Hotel Sunrise and/or the Patels in the Underlying Action, (b) to refuse to indemnify Hotel Sunrise and/or the Patels with respect to part or all of any settlement or judgment in the Underlying Action, (c) to litigate, in a separate action, the issue of Burlington's duties under the Policy, (d) to obtain recovery/reimbursement from Hotel Sunrise and/or the Patels for any or all of the costs, expenses or legal fees incurred by Burlington in defending them in the Underlying Action, (e) to obtain recovery/reimbursement from Hotel Sunrise and/or the Patels for any of Burlington's costs that can be attributable to the defense and/or settlement of claims that are not covered under the Policy.

16. Burlington has determined that the Policy does not provide coverage in favor of Hotel Sunrise or the Patels for most of the damages/claims for relief for which Tenants have sued them in the Underlying Action. Although Hotel Sunrise and/or the Patels face substantial exposure to liability in the Underlying Action for which there is no coverage afforded by those insurance policies, neither Hotel Sunrise nor the Patels have offered to contribute towards the settlement of the Underlying Action or towards the payment of attorney's fees and expenses incurred for their own defense in the Underlying Action.

4

Case No.:_____                                                                    COMPLAINT

## FIRST CAUSE OF ACTION

### (EQUITABLE SUBROGATION)

17. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-16.

18. Plaintiffs deny that they, or either of them, are in any way primarily liable for Hotel Sunrise's and/or the Patels' defense expenses. Plaintiffs' liability, if any, would be solely excess and/or secondary, or would arise only as a matter of law. The damages alleged by Tenants, if any, are the primary and affirmative liability of Hotel Sunrise, the Patels and/or Does 1-20, as described herein.

19. Plaintiffs have been damaged as a legal result of the acts and omissions of Hotel Sunrise, the Patels and/or Does 1-20, as herein alleged and in an amount equal to the total sum that Plaintiffs have paid and/or will pay to defend Hotel Sunrise/the Patels in the Underlying Action and/or to indemnify them for their liability, if any, arising from the Underlying Action.

20. By reason of the foregoing allegations, Plaintiffs are entitled to equitable subrogation from Hotel Sunrise, the Patels and/or Does 1-20 for any and all amounts that have been and may, in good faith, be paid by Plaintiffs for the defense of the Underlying Action. Plaintiffs are also entitled to equitable subrogation from Hotel Sunrise, the Patels and/or Does 1-20 for any and all amounts that Plaintiffs may be required to pay to indemnify Hotel Sunrise/the Patels, as a result of the Underlying Action. In addition, Plaintiffs will be entitled to recover attorneys' fees, costs and expenses in connection herewith.

## SECOND CAUSE OF ACTION

### (EQUITABLE INDEMNITY)

21. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-20.

22. Plaintiffs deny that they, or either of them, are in any way primarily liable for Hotel Sunrise/the Patels' defense expenses. Plaintiffs' liability, if any, would be solely excess and/or secondary, or would arise only as a matter of law. The damages alleged by Tenants, if any, are the primary and affirmative liability of Hotel Sunrise, the Patels and/or Does 1-20, as

Case No.:    COMPLAINT

described herein.

23. Plaintiffs have been damaged as a legal result of the acts and omissions of Hotel Sunrise, the Patels, and/or defendants Does 1-20, as herein alleged and in an amount equal to the total sum that Plaintiffs have paid and/or will pay to defend Hotel Sunrise/the Patels in the Underlying Action and/or to indemnify Insureds for their liability, if any, arising from the Underlying Action.

24. Plaintiffs further contend that they are entitled to equitable indemnity for any payments made to Hotel Sunrise/the Patels or any other party to defend them in the Underlying Action, or to indemnify them for liability arising out of the Underlying Action, in proportion to the actual culpability, fault, and/or contractual responsibility of each defendant.

25. By reason of the foregoing allegations, Plaintiffs are entitled to equitable indemnity from Hotel Sunrise, the Patels and/or Does 1-20 for any and all amounts that have been and may, in good faith, be paid by Plaintiffs for the defense of the Underlying Action. Plaintiffs are also entitled to equitable indemnity from Hotel Sunrise, the Patels, and/or Does 1-20 on the basis that those defendants should be required to share liability with Plaintiffs on the basis of equitable considerations outlined in the law.

### THIRD CAUSE OF ACTION
### (EQUITABLE CONTRIBUTION)

26. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-25.

27. Plaintiffs have and/or will be damaged as a legal result of the acts and omissions of Hotel Sunrise, the Patels and/or Does 1-20 as herein alleged and in an amount exceeding Plaintiffs' proportionate share of Hotel Sunrise/the Patels' incurred costs, if any. Those defendants are primarily liable towards Plaintiffs as described herein, and are concurrently liable for Hotel Sunrise/the Patels' costs and damages, if any.

28. Plaintiffs contend that they are entitled to equitable contribution from the Hotel Sunrise, the Patels and/or Does 1-20 for the payment of any cost to defend them in the Underlying Action and/or any indemnity to them arising from the Underlying Action, in

Case No.:                                                                                                      COMPLAINT

1 proportion to the actual culpability, fault, or contractual responsibility.

2   29.   By reason of the foregoing allegations, Plaintiffs are entitled to equitable contribution from Hotel Sunrise, the Patels and/or Does 1-20 for any and all amounts that have been and may, in good faith, be paid by Plaintiffs to defend them in the Underlying Action or to indemnify them for their liability, if any, arising from the Underlying Action. Plaintiffs are entitled to contribution on the basis that those defendants should be required to share liability with Plaintiffs on the basis of contractual liability and equitable factors outlined in the law.

## FOURTH CAUSE OF ACTION

## (DECLARATORY RELIEF)

30.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-29.

31.   An actual controversy has arisen and now exists between Plaintiffs and Hotel Sunrise, the Patels and/or Does 1-20 concerning respective rights and duties, in that Plaintiffs maintain that they are entitled to indemnification, subrogation and/or contribution, and/or indemnity from those defendants.

32.   Plaintiffs further contend that the trier of fact in the instant action should declare, as part of a judgment herein, the percentage or ratio of contributing culpability, fault, or contractual responsibility, if any, between Plaintiffs and defendants, so the actual contributing culpability, fault, or responsibility of each party can be finally determined.

33.   An actual controversy has also arisen and now exists between Plaintiffs and Hotel Sunrise/the Patels concerning their respective rights and duties under the policies of insurance identified herein. Specifically, Plaintiffs and Hotel Sunrise/the Patels disagree on the extent to which there is coverage under said policies of insurance, whether plaintiffs are entitled to reimbursement for any settlement or indemnity paid on behalf of Hotel Sunrise/the Patels, if any, pursuant to *Blue Ridge Ins. Co. v. Jacobson* (2001) 25 Cal.4th 489, and whether Plaintiffs are entitled to reimbursement of defense costs paid on behalf of Hotel Sunrise/the Patels, pursuant to *Buss v. Superior Court* (1997) 16 Cal.4th 35.

34.   Plaintiffs further contend that the trier of fact in the instant action should declare,

as part of a judgment herein, whether they are obligated under said policies of insurance to indemnify Hotel Sunrise/the Patels for damages resulting from the Underlying Action, if any, and/or the amount of any such obligation. Plaintiffs also request that this Court declare, as a part of a judgment herein, whether Plaintiffs are entitled to reimbursement of any defense costs and/or indemnity paid to Hotel Sunrise/the Patels and/or to any party behalf of them, and/or the amount thereof.

35. Plaintiffs have no other existing speedy, accurate or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

## FIFTH CAUSE OF ACTION
## (REIMBURSEMENT)

36. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-35.

37. Burlington agreed to defend Hotel Sunrise and the Patels in the Underlying Action, in its entirety, under a reservation of rights.

38. As a result, Burlington contends that it is entitled to reimbursement of defense costs paid to or on behalf of Hotel Sunrise/the Patels, pursuant to *Buss, supra.*

39. Burlington further contends that it is entitled to recover some or all of any indemnity paid to Insureds or to any party on behalf of Hotel Sunrise/the Patels, pursuant to *Blue Ridge, supra.*

40. Burlington has no other existing speedy, accurate or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

WHEREFORE, Plaintiffs pray for judgment, decree, and order against Hotel Sunrise, the Patels and Does 1-20 as follows:

1. For judgment against Hotel Sunrise, the Patels and/or Does 1-20, declaring that they are under a duty to pay Plaintiffs in full, or in part, the amount of any payment for defense costs and/or indemnification made by Plaintiffs on their behalf, to any party, arising from the Underlying Action;

2. For a declaration against Hotel Sunrise, the Patels and/or Does 1-20 stating

8

whether, and/or the extent to which, there is coverage under any of the above identified policies of insurance and whether Plaintiffs are entitled to reimbursement of indemnity or defense-related fees and costs paid, if any, and the amounts thereof;

3. For judgment against Hotel Sunrise, the Patels and/or Does 1-20, declaring that they are under a duty to pay Plaintiffs in full, or in part, the amount of any payment for defense costs and/or indemnification made by Plaintiffs to Hotel Sunrise/the Patels or on their behalf, arising from the Underlying Action.

4. For attorneys' fees and costs incurred by Plaintiffs in this Action;

5. For cost of suit incurred herein; and

6. For such other and further relief as the court deems just and proper.

DATED: September 6, 2007        LHB PACIFIC LAW PARTNERS, LLP

_____
DAVID B.A. DEMO
JENNY J. CHU
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

DATED: September 6, 2007        LHB PACIFIC LAW PARTNERS, LLP

_____
DAVID B.A. DEMO
JENNY J. CHU
Attorneys for Plaintiffs

Attachments:

Exhibit A (Complaint in Underlying Action)

Exhibit B (Burlington Insurance Policy Number 181B003035)

---

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

Case No.: _____        COMPLAINT

9