1  YOSEF PERETZ (SBN 209288)
   KLETTER & PERETZ
2  One Embarcadero Center, Suite 1200
   San Francisco, California 94111
3  Telephone: (415) 732-3777
   Facsimile: (415) 732-3791
4
5  Attorney for Plaintiffs,
   JIM LASTRA and PHYLLIS ROBINS
6



F I L E D
San Francisco County Superior Court

AUG - 4 2006

CASE MANAGEMENT CONFERENCE Clerk
BY: _____
      Deputy Clerk

JAN 5  2007 - 9 :00 AM

DEPARTMENT 212

SUMMONS ISSUED

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF SAN FRANCISCO

9  JIM LASTRA and PHYLLIS ROBINS,          Case No. CGC - 06 - 454834
   individually, and on behalf of all other
10 similarly situated                       COMPLAINT

11                                          1. Wrongful Eviction: Violation of the
                     Plaintiffs,               San Francisco Rent Ordinance;
12                                          2. Wrongful Eviction: Violation of
   v.                                          California Common Law;
13                                          3. Retaliatory Eviction: Violation of
   HOTEL SUNRISE, LLC; KIRIT B.                Civil Code §1942.5;
14 PATEL a.k.a. KEN PATEL; DHARMESH       4. Illegal Lock Out: Violation of Civil
   B. PATEL a.k.a. DANNY PATEL; and            Code §789.3(b);
15 DOES 1 through 10,                        5. Breach of Contract;
                                            6. Breach of Covenant of Good Faith
16                   Defendants.                and Fair Dealing;
                                            7. Breach of Covenant of Quiet
17                                             Enjoyment;
                                            8. Negligence (including Negligent
18                                             Infliction of Emotional Distress);
                                            9. Intentional Infliction of Emotional
19                                             Distress;
                                            10. Breach of the Warranty of
20                                             Habitability;
                                            11. Unlawful Collection of Rent:
21                                             Violation of Civil Code §1942.4;
                                            12. Conversion;
22                                          13. Abuse of Process;
                                            14. Unlawful, Unfair and Fraudulent
23                                             Business Practices In Violation of
24                                             California Business and Professions
                                               Code § 17200, *et seq.*; and
25                                          15. Negligence *Per Se.*
26
27
28

COMPLAINT OF PLAINTIFFS JAMES LASTRA AND PHYLLIS ROBINS

- 1 -

EXHIBIT A



Plaintiffs JIM LASTRA and PHYLLIS ROBINS allege as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff JIM LASTRA ("Mr. Lastra") is an individual.

2.    Plaintiff PHYLLIS ROBINS ("Ms. Robins") is an individual (Mr. Lastra and Ms. Robins are collectively referred to herein as "Tenants").

3.    Defendant HOTEL SUNRISE, LLC ("Sunrise LLC") is a limited liability company formed under the laws of the State of California.

4.    Defendant KIRIT B. PATEL a.k.a. KEN PATEL ("Ken Patel") is an individual.

5.    Defendant DHARMESH B. PATEL a.k.a. DANNY PATEL ("Danny Patel") is an individual (Ken Patel and Danny Patel are collectively referred to herein as "The Patels").

6.    Defendant Does 1 through 10 are sued herein under fictitious names pursuant to California Code of Civil Procedure Section 474; these defendants are in some way liable for the damages sustained by Plaintiffs; Plaintiffs do not at this time know the true names or capacities of said defendants, but pray that the same may be inserted herein when ascertained.

7.    Plaintiffs are informed and believe and on that basis allege that there exists, and at all relevant times there has existed, a unity of interest and ownership between Sunrise LLC, on the one hand, and The Patels, on the other hand, such that any separateness and individuality between them have ceased, and the Sunrise LLC is the alter-ego of The Patels. Adherence to the fiction of the separate existence of the Sunrise LLC as an entity distinct from The Patels would permit abuse of any corporate privilege, sanction fraud and promote injustice.

8.    Defendants at all times herein mentioned were the agents of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of such agency, and with the permission and consent of their co-defendants.

9.    Tenants are informed and believe, and on such grounds allege, that Defendants agreed and conspired among themselves to commit the acts that injured the Tenants as described below. Each co-conspirator committed the acts alleged herein in furtherance of their conspiracy to obtain a financial gain. Defendants' conspiracy began on a date unknown to Tenants, but on a date full well known to Defendants, and in any event no later than March 30, 2004.

//
//
//

# FACTS COMMON TO ALL CAUSES OF ACTION

10. The Patels and Sunrise LLC (together hereinafter, the "Landlords") owned, leased, operated, managed, or controlled a residential hotel located at 447 Valencia Street in San Francisco, California (the "Sunrise Hotel"). Landlords were thereby obligated under the laws and regulations of the State of California and the City and County of San Francisco to provide Tenants with a property that is safe and fit for human habitation.

11. Tenants were residential tenants of 447 Valencia Street, Unit #301 ("the Subject Premises").

12. Mr. Lastra was a tenant of the Subject Premises as the term "tenant" is defined under the San Francisco Administrative Code, Chapter 37, *et seq.*, as amended (the "San Francisco Rent Ordinance").

13. While tenants of the Sunrise Hotel, Tenants timely paid rent, and Landlords issued rent receipts made out to both Mr. Robins and Mr. Lastra. At times, Ms. Robins paid the monthly rent with her own checks drawn from the Tenants' joint bank account.

14. Landlords owned and operated the Sunrise Hotel and served as Tenants' landlords as the term "landlord" is defined by the San Francisco Rent Ordinance.

15. The Landlords intentionally mismanage the Sunrise Hotel and the Subject Premises in a way that causes deterioration of its physical structures and diminution or loss of the habitability and safety to which the Tenants' are legally entitled by design and with reckless disregard of the Tenants' welfare.

16. The Landlords own, manage, and operate the Sunrise Hotel in violation of the laws and regulations of the State of California and the City and County of San Francisco. As a result, the Sunrise Hotel and the Subject Premises constituted a threat to the health, safety, and welfare of the Tenants.

17. The Landlords were repeatedly informed by Tenants and various government agencies of the unsafe, unhealthful, and uninhabitable conditions at the Sunrise Hotel and the Subject Premises.

18. The Landlords had the opportunity to correct the conditions at the property, but despite their knowledge of the conditions and their opportunity to correct them, willfully failed and refused to make the repairs necessary to bring the property into compliance with applicable building codes, health and safety codes, regulations, ordinances, and laws, including, but not

1  limited to, the habitability laws and standards contained there in the California Civil Code, the

2  California Health and Safety Code, and the City and County of San Francisco Municipal,

3  Building and Housing Codes.

4        19.   Mr. Lastra became a tenant at the Sunrise Hotel for the first time in August 1996

5  and remained in possession until September 7, 2005. Ms. Robins became a tenant at the Sunrise

6  Hotel for the first time in December 1996 when she rented the Subject Premises. In January

7  1998 Mr. Lastra, with the approval and consent of the Landlords, joined Ms. Robins and
became a co-tenant in the Subject Premises.

8        20.   The Landlords always accepted rent payments from Ms. Robins, and were

9  otherwise fully aware that Ms. Robins is Mr. Lastra's partner and co-tenant occupying the

10  Subject Premises.

11        21.   In May 2004 Landlords began a pattern of conduct in which they sought to

12  wrongfully evict Tenants, *inter alia*, because Tenants made multiply complaints of untenable

13  conditions in the Subject Premises, including an ongoing complaint on rainwater leaking
through the ceiling of their home.

14        22.   During their tenancy, Tenants informed Landlords of untenable conditions in the

15  Subject Premises but Landlords failed to make the repairs and ameliorate the conditions in the

16  Subject Premises.

17        23.   Tenants, therefore, made complaints to the San Francisco Department of

18  Building Inspection ("DBI") about the untenable conditions in the Subject Premises.

19        24.   On June 28, 2004, upon complaints made by Tenants, DBI issued a Notice of

20  Violation to the Sunrise Hotel related to the Subject Premises. The Notice of Violation listed an

21  Electrical Code violation and 19 Housing Code violations.

22        25.   On January 19, 2005, upon complaints made by Tenants, DBI issued a Notice of

23  Violation to the Sunrise Hotel related to the Subject Premises, which again listed an Electrical
Code violation.

24        26.   On March 21, 2005, upon complaints made by Tenants, DBI issued another

25  Notice of Violation to the Sunrise Hotel related to the Subject Premises, which went unabated.

26  The notice of violation listed an Electrical Code violation and 11 Housing Code violations.

27        27.   The Landlords failed to make necessary repairs described in the Notices of

28  Violations issued by DBI or otherwise abate the violations enumerate in these notices.

1    28. On or about March 30, 2004, Ken Patel filed an unlawful detainer action against

2    Mr. Lastra for alleged unpaid rent (the "2004 UD").

3    29. On or about April 9, 2004, only 10 days after filing the 2004 UD, Ken Patel filed

4    request for default judgment and a proof of service bearing the signature of Deo. Singh. The

5    proof of service alleges that Mr. Singh personally served Mr. Lastra with a copy of the 2004 UD

6    summons and complaint on March 30, 2004 at 6:00 p.m. and given with a declaration under the

     penalty of perjury. Deo Singh is an agent of the Landlords and a manager of Sunrise Hotel.

7    30. Mr. Singh never served the 2004 UD on Mr. Lastra nor did Mr. Singh sign the

8    proof of service of the service of the summons and complaint subject of the 2004 UD.

9    31. Ken Patel and Mr. Lastra settled the 2004 UD in late 2004, and Tenants

10   maintained possession of the Subject Premises. Tenants did not waive any rights or claims they

11   had against Ken Patel or Landlord as part of the settlement of the 2004 UD.

12   32. On July 28, 2005, Tenants paid monthly rent and were given a rent receipt for

13   the period of July 26, 2005, through August 26, 2005 by the Landlords.

14   33. On August 4, 2005, the Tenants were served with a Three Day Notice to Pay

     Rent for the period of July 26, 2005, through August 26, 2005 (the "Three Day Notice").

15   34. The Three Day Notice was defective because Tenants paid rent on time and

16   because it was not signed or dated prior to service.

17   35. On August 5, 2005, although rent was already paid and out of concern of their

18   tenancy, Tenants' attempted comply with the Three Day Notice and to pay the due rent in the

19   amount of $500.00 for the stated period.

20   36. However, the desk clerk, Mike Patel, refused to accept Tenants' rent payment.

21   The Tenants were told that they were to speak to Ken Patel about the rent.

22   37. The Tenants attempted to pay rent and contact Ken Patel for three days but were

     refused by the Landlords.

23   38. On August 8, 2005, an invoice of $633.30 for legal services, from Landlords'

24   counsel, David Mendez, was handed to the Tenants when they attempted to pay rent.

25   39. Ken Patel informed the Tenants that he would accept no less than $1,200.00 in

26   rent to cover the legal expenses. On August 10, 2005, the Tenants attempted to speak to both

27   Mr. Mendez and Ken Patel, about the situation; however both refused to discuss the situation

28   with the Tenants.

40. On August 26, 2005, Tenants attempted to pay rent for the period August 26, 2005, through September 26, 2005, but were refused by Ken Patel who again stated that the Tenants owed the fees for Mr. Mendez's services.

41. The Tenants then purchased a postal money order and sent the rental payment with confirmed delivery to Sunrise Hotel. The postal money order was accepted by the Landlords.

42. On September 7, 2005, the Tenants were forcibly evicted from the Subject Premises by a sheriff's deputy.

43. The eviction was pursuant to a default judgment entered against Mr. Lastra for failing to appear in an unlawful detainer action that was filed against Mr. Lastra by Sunrise Hotel (the "2005 UD").

44. Prior to his eviction, Mr. Lastra had no notice that there was a complaint filed against him in the 2005 UD.

45. Mr. Lastra was not served with a Summons or Complaint of the 2005 UD.

46. The Verified Complaint filed in the 2005 UD action bears the name and a purported signature of Ken Patel as the individual verifying the complaint. Tenants believe and thereupon allege that the signature on the Verification of the 2005 UD Complaint was forged or falsified and that Landlords unlawfully conspired to submit either a forged, falsified or perjured complaint to the court in order to ultimately obtain a judgment evicting Tenants from the Subject Premises in the 2005 UD.

47. The signature on the proof of service of the Summons and Verified Complaint filed in the 2005 purport to be the signature of Deo Singh. Tenants believe and thereupon allege that the signature on the 2005 UD proof of service of summons and complaint was forged and that Landlords unlawfully conspired to submit a either a forged or perjured statement to the court in order to obtain a default judgment against Tenants in the 2005 UD.

48. Tenants believe and thereupon allege that Landlords filed falsified, perjured or forged documents, declarations and verification in other unlawful detainer actions they litigated against other similarly situated tenants.

49. Tenants believe and thereupon allege that Landlords have a policy and practice of filing falsified, perjured or forged documents, declarations and verification with the courts as part of unlawful detainer action brought against tenants of Landlords. In those instances,

1  Landlords have unlawfully been evicting tenants and utilize the court by submitting and filing

2  falsified, perjured or forged documents, declarations or verifications in formal legal process.

3      50. Neither the Summons nor the Complaint in the 2005 UD included Ms. Robins as

4  a defendant.

5      51. When the Tenants were forcibly evicted on September 7, 2005, they were denied

6  immediate access to their personal belongings and became temporarily homeless.

7      52. When the Tenants were forcibly evicted on September 7, 2005, the Subject

8  Premises contained personal property owned by Tenants. Tenants were unable to take the

   majority of their personal property from the Subject Premises.

9      53. After September 7, 2005, the Landlords did not return all of Tenants personal

10  property.

11      54. Mr. Mendez acted inappropriately as a representative for the Landlord in

12  providing improper information to Mr. Lastra and refusing to accept service of legal papers.

13      55. The Tenants are informed and believe and thereon allege that the Three Day

   Notice was not issued in good faith, as required by the San Francisco Rent Ordinance.

14

15  

**FIRST CAUSE OF ACTION**
**Wrongful Eviction: Violation of San Francisco Rent Ordinance**

16

17      56. The Tenants repeat and re-allege all of the previous allegations herein by

   reference.

18      57. The Tenants are informed and believe and thereon allege that the aforementioned

19  actions by the Landlords constitute a "wrongful eviction" as that term is defined by the San

20  Francisco Rent Ordinance, the Rules and Regulations of the San Francisco Rent Board, and

21  other applicable codes, statutes, regulations and decisional law.

22      58. The Landlords committed the acts alleged herein maliciously, fraudulently, and

23  oppressively, with the wrongful intention of injuring the Tenants, and acted with an improper

24  and evil motive amounting to malice and in conscious disregard of the Tenants' rights. Because

25  the acts taken towards the Tenants were carried out by the Landlords acting in a despicable,

   deliberate, cold, callous, and intentional manner in order to injure and damage the Tenants, the

26  Tenants are entitled to recover punitive damages in an amount according to proof.

27      59. By failing to assert an appropriate cause of action for eviction under the San

28  Francisco Rent Ordinance the Landlords have clearly violated applicable law and demonstrated

COMPLAINT OF PLAINTIFFS JAMES LASTRA AND PHYLLIS ROBINS

their lack of good faith.

60. The Landlords' improper service of the Three Day Notice was in bad faith and based upon ulterior motives.

61. The Tenants have suffered damages as a result of the actions of the Landlords, including but not limited to an increased rental rate. In addition, the Tenants are entitled to enhanced treble damages as a result of the Landlords' conduct.

## SECOND CAUSE OF ACTION
### Wrongful Eviction: Violation of California Common Law

62. The Tenants repeat and re-allege all of the previous allegations herein by reference.

63. The Landlords and the Tenants entered into a rental agreement pursuant to which the Tenants were entitled to use the Subject Premises as a residence for the duration of their tenancy.

64. The aforementioned actions taken by the Landlords constitute wrongful eviction in violation of California common law.

65. The acts of the Landlords were the proximate cause of the Tenants' eviction from the Subject Premises.

66. The Tenants are informed and believe and thereon allege that the Landlords committed the acts alleged herein recklessly, maliciously, fraudulently, and/or oppressively, with the wrongful intention of or reckless disregard for injuring the Tenants, and acted with an improper and evil motive amounting to malice and in conscious disregard of the Tenants' rights.

67. The Tenants have suffered damages in an amount to be proven at trial as a result of the wrongful eviction by the Landlords.

## THIRD CAUSE OF ACTION
### Retaliatory Eviction: Violation of Civil Code §1942.5

68. The Tenants repeat and re-allege all of the previous allegations herein by reference.

69. The Tenants are informed and believe and thereon allege that the actions taken by Landlords against Tenants as set forth above were in retaliation for Tenants making complaints to the San Francisco Department of Building Inspection on December 4, 2004,

COMPLAINT OF PLAINTIFFS JAMES LASTRA AND PHYLLIS ROBINS

- 8 -

January 19, 05, March 18, 2005, March 21, 2005 and November 15, 2005.

70.    The retaliatory actions of Landlords as alleged herein were oppressive and malicious within the meaning of Civil Code §3294 in that it was despicable conduct that subjected the Tenants to cruel and unjust hardship in willful and conscious disregard of Tenants' rights and safety.

71.    Tenants suffered damages in an amount to be proven at trial and in addition are entitled to punitive damages.

### FOURTH CAUSE OF ACTION
### Illegal Lock Out: Violation of Civil Code §789.3

72.    The Tenants repeat and re-allege all of the previous allegations herein by reference.

73.    The Tenants are informed and believe and thereon allege that the actions taken by Landlord against Tenants as set forth above were done with the intent of terminating the Tenants' occupancy.

74.    The Landlords, by their conduct alleged herein, prevented Ms. Robins from gaining reasonable access to her property without going through the proper procedures necessary to create a lawful eviction.

75.    Ms. Robins has suffered damages in the amount according to proof at trial.

76.    Further, Landlords should be liable for $100 a day for each day he has been in violation of Civil Code §789.3 as proof and justice require.

### FIFTH CAUSE OF ACTION
### Breach of Contract

77.    The Tenants repeat and re-allege all of the previous allegations herein by reference.

78.    The Landlords and the Tenants entered into a rental agreement pursuant to which the Tenants was entitled to use the Subject Premises as a residence for the duration of their tenancy.

79.    The actions and conduct of the Landlords breached the rental agreement between the Tenants and the Landlords.

80.    The Landlords unlawfully terminated the Tenants tenancy in violation of the

rental agreement between the parties.

81.  Pursuant to the rental agreement, the Tenants had the reasonable expectation that the Landlord would refrain from unlawfully terminating the Tenants' tenancy in the Subject Premises.

82.  As a proximate cause of the Landlords' conduct, the Tenants have suffered, and continue to suffer, actual damages and general damages in the form of pain and suffering, physical injury, emotional distress, humiliation and embarrassment in an amount according to proof.

## SIXTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing

83.    The Tenants repeat and re-allege all of the previous allegations herein by reference.

84.  The Tenants and the Landlords entered into a rental agreement for the Sunrise Hotel.  The Landlords and their agents are bound by this agreement.

85.  Inherent in the contractual relationship between the Landlords and Tenants is the covenant of good faith and fair dealing, which implies a promise that each party will refrain from doing anything to injure the other's right to receive the benefits of the agreements between the parties, and which protects the parties' reasonable expectations.

86.  The Landlords violated the covenant of good faith and fair dealing in numerous respects as alleged above.

87.  As a proximate cause of the conduct of the Landlords, Tenants have suffered and continue to suffer damages in an amount according to proof.

## SEVENTH CAUSE OF ACTION
### Breach of Covenant of Quiet Enjoyment

88.    The Tenants repeat and re-allege all of the previous allegations herein by reference.

89.  The Landlords, by their conduct as alleged herein, substantially interfered with the Tenants' quiet use and enjoyment of the Subject Premises.

90.  The Landlords significantly impaired the Tenants ability to peacefully enjoy their leasehold.

91. As a result of the Landlords' conduct, the Tenants suffered damages in an amount to be proved at trial.

92. The Landlords committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring the Tenants, and acted with an improper and evil motive amounting to malice and in conscious disregard of the Tenants' rights. Because the acts taken towards the Tenants were carried out by the Landlords acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage the Tenants, the Tenants are entitled to recover punitive damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION
### Negligence (including Negligent Infliction of Emotional Distress)

93. The Tenants repeat and re-allege all of the previous allegations herein by reference.

94. By reason of the purported landlord-tenant relationship between the Tenants and the Landlords, the Landlords owed Tenants the duty to exercise reasonable care in the ownership, operation, management, and control of the Sunrise Hotel and of the Subject Premises, which included the following: the duty to refrain from interfering with the Tenants' full use and quiet enjoyment of the unit; the duty to comply with all applicable state and local laws governing Tenants' rights and the duty to properly follow all procedures under the San Francisco Rent Ordinance for evicting Tenants.

95. The Landlords, by their acts and omissions described above, negligently and carelessly failed to follow eviction procedures set forth under the San Francisco Rent Ordinance, and thereby breached duties owed to the Tenants, including but not limited to those duties listed above.

96. The negligence of the Landlords caused the Tenants to suffer damages.

97. The Landlords knew, or should have known, that their failure to exercise due care with regard to the aforementioned conduct would cause the Tenants severe emotional distress.

98. The Tenants have been damaged in an amount according to proof at trial.

//
//
//

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

99.   The Tenants repeat and re-allege all of the previous allegations herein by reference.

100.   The Landlords acted with reckless disregard of the probability that their acts would cause the Tenants severe emotional distress.

101.   The Tenants suffered severe emotional distress as a result of the actions of the Landlord.

102.   The Tenants have been damaged in an amount according to proof at trial.

## TENTH CAUSE OF ACTION
### Breach of the Warranty of Habitability

103.   The Tenants repeat and re-allege all of the previous allegations herein by reference.

104.   California Civil Code §1941 mandates the lessor of a building intended for the occupation of human beings to "put it into a condition fit for occupation, and repair subsequent dilapidations thereof, which render it untenable...".

105.   The warranty of habitability is implied in all residential rental agreements and imposes upon a landlord the obligation to maintain the leased dwelling in a habitable condition throughout the term of the lease.  This implied warranty of habitability is a corollary to the residential landlord's statutory obligation under Civil Code §1941.

106.   The Landlords violated the warranty of habitability and Civil Code §1941 by undertaking the course of conduct described above that directly resulted in the loss of habitable housing by Tenants.

107.   The Landlords failed to protect the life, safety and property of Tenants, and instead disregarded zoning and safety laws to the detriments of Tenants.

108.   As a result of the Landlords' violations of the warranty of habitability, Tenants have been damaged in an amount according to proof at trial.

## ELEVENTH CAUSE OF ACTION
### Unlawful Collection of Rent: Violation of Civil Code §1942.4

109.   The Tenants repeat and re-allege all of the previous allegations herein by

reference.

110. Civil Code §1942.4 prohibits a landlord from demanding rent, collecting rent, issuing a notice of a rent increase, or issuing a three-day notice to pay rent if the landlord has been notified by the City of violations and has failed to abate the violations within 35 days.

111. On June 28, 2004, DBI issued a Notice of Violation to the Sunrise Hotel related to the Subject Premises, which went unabated. The Notice of Violation listed an Electrical Code violation and 19 Housing Code violations.

112. On January 19, 2005, DBI issued a Notice of Violation to the Sunrise Hotel related to the Subject Premises, which again listed an Electrical Code violation.

113. On March 21, 2005, DBI issued another Notice of Violation to the Sunrise Hotel related to the Subject Premises, which went unabated. The notice of violation listed an Electrical Code violation and 11 Housing Code violations.

114. The Landlords violated Civil Code §1942.4 by collecting rent from Tenants 35 days after the Notices of Violation issued by DBI went unabated from approximately August 2, 2004 through December 13, 2005.

115. The Landlords further violated Civil Code §1942.4 by issuing a three day notice for to pay rent on August 4, 2005.

116. As a result of the Landlords' violations of Civil Code §1942.4, Tenants have been damaged in an amount according to proof at trial.

### TWELVETH CAUSE OF ACTION
#### Conversion

117. The Tenants repeat and re-allege all of the previous allegations herein by reference.

118. When the Tenants were forcibly evicted on September 7, 2005, the Subject Premises contained personal property owned by Tenants. Tenants were unable to take all of their personal property from the Subject Premises.

119. After September 7, 2005, The Landlords did not return all of Tenants personal property.

120. As a result of the Landlords' retention of Tenants' personal property, Tenants have been damaged in an amount according to proof at trial.

## THIRTEENTH CAUSE OF ACTION
### Abuse of Process

121.    The Tenants repeat and re-allege all of the previous allegations herein by reference.

122.    The Landlords were fully aware that Ms. Robins is Mr. Lastra's partner and co-tenant occupying the Subject Premises. While tenants of the Sunrise Hotel, Tenants timely paid rent, and Landlords issued rent receipts made out to both Ms. Robins and Mr. Lastra. At times, Ms. Robins paid the monthly rent with her own checks drawn from the Tenants' joint bank account.

123.    In the 2005 UD, Ken Patel filed Request for Default Judgment and a Proof of Service bearing the signature of Deo Singh. The Proof of Service alleges that Mr. Singh personally served Mr. Lastra with a copy of the 2005 UD's Summons and Complaint and given with a declaration under the penalty of perjury. Deo Singh is an agent of the Landlords and a manager of Sunrise Hotel.

124.    Mr. Singh never served the 2004 UD or 2005 UD on Mr. Lastra. The Landlords willfully failed to serve Mr. Lastra with the 2005 UD summons and complaint. The Landlords willfully filed a false proof of service in order to obtain a default judgment against Mr. Lastra. The Landlords, therefore, substantially misused a legal process by willfully failing to serve Mr. Lastra with the 2005 UD summons and complaint.

125.    On September 7, 2005, the Tenants were forcibly evicted from the Subject Premises by a sheriff's deputy. The eviction was pursuant to a default judgment entered against Mr. Lastra for failing to appear in the 2005 UD action that was filed against Mr. Lastra by Sunrise Hotel.

126.    Further, the Landlords have willfully caused the eviction of Ms. Robins by misuse of a legal process since Ms. Robins was not named as a defendant in the 2005 UD and was not a party to the 2005 UD proceedings.

127.    As a proximate cause of the conduct of the Landlords, Tenants have suffered and continue to suffer damages in an amount according to proof.

//
//
//

### FOURTEENTH CAUSE OF ACTION
**Unlawful, Unfair and Fraudulent Business Practices**
**In Violation of California Business and Professions Code §17200, *et seq.***

128.    The Tenants repeat and re-allege all of the previous allegations herein by reference.

129.    California Business and Professions Code §17200 *et seq.* (the "Unfair Business Practices Act") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

130.    California Business and Professions Code §17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

131.    Beginning at an exact date unknown to Tenants, but at least since the date four years prior to the filing of this suit, Landlords have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint, including, but not limited to:

    a.  Wrongful eviction in violation of the San Francisco Administrative Code, Chapter 37.9 and common law;

    b.  Forging documents filed with the court in violation of Penal Code §115;

    c.  Perjury in violation of Penal Code §118;

    d.  Conspiracy in violation of Penal Code §182;

    e.  Fraud of the court in violation of Penal Code §470 *et seq.*;

    f.  Retaliatory eviction in violation of the California Civil Code §1942.5;

    g.  Unlawful collection of rent in violation of Civil Code §1942.4; and

    h.  Abuse of process.

132.    The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §17200 and 17203, *et seq.*

133.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §17200 and 17203, *et seq.*

134.    The acts and practices described above have allowed Landlords to gain an unfair

competitive advantage over law-abiding landlords and competitors.

135. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

136. Tenants and others similarly situated are entitled to restitution pursuant to Business and Professions Code §17203.

137. Tenants bring this cause action on behalf of themselves and all other similarly situated tenants in order to challenge the above policies and practices of Landlords.

138. As a direct and proximate result of the aforementioned acts and practices, Landlords have received, and continue to receive, ill-gotten gains belonging to Tenants and others similarly situated.

139. An order under §17203 and/or any other applicable law requiring Landlords to disgorge all the profits and gains they have repeated though their unlawful, unfair, and fraudulent conduct is necessary and appropriate to prevent Landlords from profiting and benefiting from these illegal and wrongful acts.

140. Business and Professions Code §17203 provides that a court may make such orders or judgment as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

141. Injunctive relief is necessary and appropriate to prevent Landlords from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

142. Business and Professions Code §17202 provides: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

143. Pursuant to §17202, Tenants and others similarly situated are entitled to enforce all applicable provisions of the Penal Code and Civil Code.

144. Tenants' success in this action will enforce important rights affecting the public interest. Therefore, Tenants sue on behalf of the general public, as well as themselves and other similarly situated tenants.

145. An award of attorneys' fees is appropriate pursuant to California Code of Civil Procedure §1021.5 and other applicable laws, because 1) this action will confer a significant benefit upon a large class of persons, 2) there is a financial burden involved in pursuing this

1   action, and 3) it would be against the interest of justice to force plaintiffs to pay attorneys fees

2   from any amount recovered in this action.

3
                                **FIFTEENTH CAUSE OF ACTION**
4                                       **Negligence *Per Se***

5          146.    The Tenants repeat and re-allege all of the previous allegations herein by

6   reference.

7          147.   Landlords negligently violated their duties as landlords, Civil Code and Penal

8   Code as set forth above.

9          148.   Landlords negligently undertook a course of conduct which resulted in the

10  Tenants suffering substantial damages.

11         149.   As a result of the Landlords' negligent conduct, Tenants has suffered monetary

    damages, humiliation, mental anguish and emotional distress.
12
           150.   Tenants have suffered and continue to suffer severe and/or extreme emotional
13
    distress as a result of Landlords' extreme and outrageous acts, as described above.
14
           151.   Landlords collectively and individually breached a duty of care owed to Tenants.
15
           152.   This breach of duty was the actual and proximate cause of damages to Tenants.
16
           153.   At all times mentioned herein, Landlords had a duty to exercise due care toward
17
    Tenants, and to refrain from carelessly, negligently, and arbitrarily causing them damages.
18
           154.   Landlords breached the aforesaid duty of care by violating the following statutes:
19
               a.   Violating Penal Code §115 (forgery);
20
               b.   Violating  Penal Code §118 (perjury);
21
               c.   Violating Penal Code §182 (Conspiracy);
22
               d.   Violating Penal Code §470 (Fraud);
23
               e.   Wrongfully  evicting  Tenants  in  violation  of  the  San  Francisco
24                    Administrative Code, Chapter 37.9 and common law;

25             f.   Evicting Tenants eviction in violation of the California Civil Code §1942.5;
                      and
26
               g.   Unlawfully collecting of rent in violation of Civil Code §1942.4.
27
           155.   Landlords knew, or should have known, that their failure to exercise due care
28
    with regard to the aforementioned conduct would cause Tenants damages.

156.  As a direct and proximate result of the negligent conduct by Landlords, Tenants have suffered damages in an amount according to proof at the time of trial.

**JURY DEMAND**

157.    The Tenants hereby demand a trial by jury in this action.

WHEREFORE, Tenants pray for judgment against the Landlords as follows:

1.    For compensatory damages and such other damages according to proof on all causes of action;

2.    For money damages of not less than three times actual damages, as permitted by Section 37.9(f) of the San Francisco Rent Ordinance, on the First Cause of Action;

3.    For statutory damages according to proof on the Third, Fourth, and Eleventh Causes of Action;

4.    For general damages for emotional distress and mental anguish according to proof on all causes of action;

5.    For punitive damages according to proof on the First, Second, Third, Fourth, Seventh, Ninth and Twelfth Causes of Action;

6.    For a declaratory judgment that Landlords have violated California Business and Professions Code §17200 and 17203, *et seq.*, as a result of the aforementioned violations of the Penal Code, Civil Code and of California public policy protecting tenants and ensuring that landlord utilize lawful procedures in attempting to evicts tenants, and prohibiting evictions and other court proceedings  based on the filing of forged and perjured documents with the courts;

7.    For a permanent and mandatory injunction prohibiting Landlords, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

8.    For an award of restitution;

9.    For attorney's fees and costs of suit;

1  10.  For interest, including prejudgment interest at the legal rate, on all causes of

2  action; and

3  11.  For such other and further relief as the court may deem proper.

4  Dated: August 3, 2006                              KLETTER & PERETZ

5

6

7                                          By: _____

8                                              Yosef Peretz
                                               Attorney for Plaintiffs
9                                              JIM LASTRA and PHYLLIS ROBINS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28