HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
RICHARD J. STRATTON - 54648
rstratton@hansonbridgett.com
ALEXANDER J. BERLINE - 158098
aberline@hansonbridgett.com
WALTER G. CRUMP - 203743
wcrump@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants
HOTEL SUNRISE, LLC, d.b.a. HOTEL SUNRISE; KIRIT B.
PATEL a.k.a. KEN PATEL,; DHARMESH B. PATEL a.k.a.
DANNY PATEL

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATEL, AND DOES 1 THROUGH 20,<br><br>Defendant(s). | No. C 07 4625 MEJ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO: 1) DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE, STAY PROCEEDINGS; AND, IF NECESSARY, 2) CHANGE TIME PURSUANT TO LOCAL RULE 6-3 AND ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 15, 2007<br>Time: 10:00 a.m.<br>Dept: Courtroom B, 15th Floor<br>Judge: The Hon. Maria-Elena James |

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | STATEMENT OF FACTS | 3 |
| III. | ARGUMENT | 5 |
|   | A. This Court Should Dismiss the Defendants' Complaint Because Exercising Jurisdiction Under the Circumstances Presented Herein Constitutes Reversible Error Pursuant to Ninth Circuit Authority | 5 |
|   | B. This Court Should Dismiss, or at the Very Least Stay, the Instant Action Pursuant to Longstanding California Authority | 7 |
|   | 1. An Insurer May Not Pursue Declaratory Relief Where Coverage Questions Turn on Facts to Be Litigated in the Underlying Action | 8 |
|   | 2. Insurer Should Not Be Permitted to Pursue Declaratory Relief Where Doing So Would Prejudice the Insured | 9 |
|   | C. Should the Court Regard the Instant Motion as Untimely, Defendants Hereby Move for Relief Pursuant to Local Rule 6-3 | 9 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aetna Life Ins. Co. v. Alla Meidcal Services, Inc.*
   855 F2d 1470, 1474 (9th Cir. 1988). .................................................................. 10

*Allstate Ins. Co. v. Mercier*
   913 F2d 273, 279 (6th Cir. 1990). ...................................................................... 6

*American National Fire Insurance Co. v. Hungerford*
   53 F.3d 1012, 1019 (9th Cir. 1995) .................................................................. 7, 10

*California Ins. Guar. Ass'n v. Sup. Ct. (Jakes at the Shore, Inc.)*
   231 CA3d 1617, 1624 (1991). ........................................................................ 2, 7, 8

*Employers Reinsurance Corp. v. Karussos*
   (9th Cir. 1995) 65 F3d 796, 801 ............................................................. 2, 5, 6, 7, 10

*General of America Ins. Co. v. Lilly*
   258 CA2d 465, 471 (1968) .............................................................................. 7, 8, 9

*George F. Hillenbrand, Inc. v. Insurance Co. of No. America*
   104 CA4th 784, 803-804 (2002). ...................................................................... 9

*Government Employees Ins. Co. v. Dizol*
   133 F3d 1220, 1227 (9th Cir. 1997). ................................................................ 5, 6

*Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)*
   6 C4th 287, 301-302 (1993) ............................................................................. 2, 7, 8

*Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)*
   25 CA4th 902, 910 (1994) ............................................................................... 7, 9

*Polido v. State Farm Mut. Auto. Ins. Co.*
   (9th Cir. 1997) 110 F3d 1418, 1423 ................................................................ 6

*SEC v. National Securities, Inc.*
   393 U.S. 453, 459 (1969) ................................................................................ 6

**Regulations**

McCarran-Ferguson Insurance Regulation Act, 15 U.S.C. § 1012(a) .................... 7

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO: 1) DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE, STAY PROCEEDINGS; AND 2) CHANGE TIME PURSUANT TO LOCAL RULE 6-3**

TO DEFENDANTS BURLINGTON INSURANCE COMPANY AND FIRST FINANCIAL INSURANCE COMPANY AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on the above date, time and place, or as soon thereafter as counsel may be heard by the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, in the courtroom of Magistrate Judge Maria-Elena James, Defendants Hotel Sunrise, LLC, d.b.a. Hotel Sunrise, Kirit B. Patel, a.k.a. Ken Patel and Dharmesh B. Patel, a.k.a. Danny Patel ("Defendants"), will and hereby do move the Court to Dismiss Plaintiffs Burlington Insurance Company's and First Financial Insurance Company's ("Plaintiffs") Complaint and, in the alternative, to stay the instant action pending a final resolution of the underlying wrongful eviction action, *Lastra v. Hotel Sunrise*, San Francisco Superior Court Case Number CGC-06-454834, or pending further order of this Court. This motion is brought on the following grounds:

1) The Ninth Circuit holds that Federal Courts should not exercise jurisdiction over an insurers' declaratory relief action during the pendancy of a related third party tort action in State Court; and

2) Longstanding California legal authority holds that it is improper for an insurer to file a declaratory relief action *while* an underlying tort action is pending and that doing so is grounds for dismissing or staying the declaratory relief action.

NOTICE IS HEREBY GIVEN that concurrent with moving to dismiss Plaintiffs' Complaint or, alternatively, moving to stay the instant action, Defendants will and hereby do *Move to Change Time Pursuant to Local Rule 6-3*. Defendants seek such relief in the event that the instant Motion to Dismiss on Jurisdictional Grounds or in the Alternative Stay All Proceedings is in any way deemed untimely. Specifically, Defendants seek to extend the time in which to file the instant motion up to and including October 5, 2007--the day that this motion is actually filed.

The foregoing Motion to Dismiss on Jurisdictional Grounds or in the Alternative Stay All

- 1 -

1  Proceedings and Motion to Change Time Pursuant to Local Rule 6-3 are based on this Notice of
2  Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration
3  of Alexander J. Berline, the Declaration of Walter G. Crump, the Declaration of Ken Patel, the
4  accompanying Request for Judicial Notice, the pleadings and papers on file herein, and upon such
5  other matters or arguments as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants Hotel Sunrise, LLC, d.b.a. Hotel Sunrise, Kirit B. Patel ("Ken" Patel) and Dharmesh B. Patel ("Danny" Patel) ("Defendants") hereby move to dismiss for lack of federal jurisdiction, Plaintiffs' Burlington Insurance Company's and First Financial Insurance Company's ("Plaintiffs") Complaint for Declaratory Relief. The Plaintiff insurers filed this action seeking a judicial determination that several insurance policies issued by Plaintiffs to Defendants provide no defense or indemnity coverage corresponding to the underlying wrongful eviction action, *Lastra v. Hotel Sunrise*, Case Number CGC-06-454834 ("underlying action" or "*Lastra* action"), currently pending in San Francisco Superior Court.

Defendants base the instant motion on the Ninth Circuit's "general rule" that Federal Courts should not exercise jurisdiction over an insurer's declaratory relief action during the pendency of a related third party tort action in State Court. The Ninth Circuit's related rule that Federal Courts should decline to assert jurisdiction over declaratory relief actions presenting only issues of state insurance law provides further support. Indeed the Ninth Circuit has gone so far as to hold that that it is an abuse of discretion for Federal Courts to exercise declaratory relief jurisdiction during the pendency of such state court actions. *Employers Reinsurance Corp. v. Karussos* (9th Cir. 1995) 65 F3d 796, 801 ("*Karussos*").

Should this Court be disinclined to dismiss Plaintiffs' Complaint for lack of jurisdiction, Defendants hereby move, in the alternative, to dismiss or stay Plaintiffs' action pursuant to landmark California Case Law. Such authority, namely *Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)* 6 Cal. 4th 287, 301-302 (1993) and *California Ins. Guar. Ass'n v. Sup. Ct. (Jakes at the Shore, Inc.)* 231 Cal. App. 3d 1617, 1624 (1991), holds that it is

- 2 -

improper for an insurer to file a declaratory relief action while an underlying tort action is pending. Further, doing so presents proper grounds for dismissing or staying the declaratory relief action pending resolution of the underlying action. *General of America Ins. Co. v. Lilly* 258 CA2d 465, 471 (1968).

A dismissal here, as opposed to a stay, is more appropriate in light of: the aforementioned Ninth Circuit Authority; rules prohibiting the filing of declaratory relief actions during the pendancy of an underlying tort action; the time and expense of monitoring stayed litigation; and the absence of material prejudice should Plaintiffs be forced to re-file this action after the final resolution of the underlying action.

Finally, while motions to dismiss on jurisdictional grounds may usually be raised at any time, should the Court find that all or part of this Motion is somehow untimely, Defendants hereby seek relief in the form of a brief extension of time, pursuant to Local Rule 6-3, explained *infra*, and in the accompanying Declarations of Alexander Berline and Walter Crump.

## II.   STATEMENT OF FACTS

Defendant Sunrise Hotel, LLC owns and/or operates a hotel here in San Francisco. Defendants Kirit B. Patel and Dharmesh B. Patel are members of this LLC. As acknowledged by Plaintiffs, Defendants are insured under several commercial liability policies issued by Plaintiffs covering specified policy periods. (See Declaration of Kirit B. Patel ("Patel Dec."), ¶¶ 3 and 4, **Exhibits 1** and **2**.)

On August 4, 2006, Jim Lastra and Phyllis Robins filed a complaint in San Francisco Superior Court ("underlying action" or "Lastra action"). The Lastra action may be described in general terms as a wrongful eviction action (Plaintiffs attach a copy of the Lastra Complaint as Exhibit A to their Declaratory Relief Complaint). In connection with the Lastra action, the underlying plaintiffs plead various causes of action including, but not limited to, wrongful eviction, negligence, intentional infliction of emotional distress, conversion and unlawful, unfair and fraudulent business practices.

Among other allegations, the underlying plaintiffs contend that Defendants: 1) "intentionally mismanage" the Sunrise Hotel with "reckless disregard of the Tenants' welfare"

- 3 -

[Lastra Complaint, ¶ 15]; 2) "willfully failed and refused to make the repairs necessary to bring the property into compliance with applicable building codes" [Lastra Complaint, ¶ 18]; 3) "began a pattern of conduct in which they sought to wrongfully evict Tenants" [Lastra Complaint, ¶ 21]; and 4) "filed falsified, perjured or forged documents, declarations and verification in other unlawful detainer actions"; [Lastra Complaint, ¶ 48]. These underlying allegations are pertinent to the instant matter because, as will be seen, the plaintiff insurers seek, in this very action, a determination of identical issues as a means of excluding coverage and avoiding defense and indemnity obligations.

Following the tendering of the Lastra action, Plaintiffs, through a July 3, 2007 letter, agreed to defend the insureds under the Burlington Insurance Company Policy No. 181B003035 subject to a reservation of rights. (Patel Dec. ¶ 3, Exhibit 1.) Specifically, Defendants agreed to defend pursuant to the Policy's coverage for *personal and advertising injury* which encompasses wrongful eviction and similar offenses. In their July 3, 2007 letter, Plaintiffs however, refused to defend under the First Financial Policies, arguing that the wrongdoing alleged by the underlying plaintiffs does not fall within the applicable policy periods. (Patel Dec. ¶ 3, Exhibit 1.)

In an August 31, 2007 letter to its insureds, Defendants communicated an updated version of its coverage position. (Patel Dec. ¶ 4, Exhibit 2.) In this letter, Defendants confirm that they were extending a defense under the Policy No. 181B003035's Personal and Advertising Liability Coverage. However, with reference to such coverage, Plaintiffs contend that:

"Even though some coverage in your favor may be triggered under this part in connection with the Plaintiffs' lawsuit, most of the claims and damages asserted by Plaintiffs would be excluded and therefore not covered."

In this same August 31, 2007 letter, Plaintiffs:

- Cite a policy exclusion for "'Personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

- Cite a policy exclusion for criminal conduct; and

- state that the Policy's "insurance does not apply to any claim for indemnification

- 4 -

for punitive or exemplary damages" and that under California Civil Code section 1688 a policy cannot provide indemnity coverage for punitive damages.

Plaintiffs further write in this same August 31, 2007 letter that the Burlington Insurance Company ("TBIC")

> would not owe any indemnity to Hotel Sunrise and/or you to the extent that it or you would be liable for damages from the wrongful eviction of plaintiffs that was either done willfully/intentionally or with knowledge that it would violate their rights and would inflict injury to them. TBIC also would not owe any damages which arose out of a criminal act committed by you or at the direction of you and/or Hotel Sunrise.

Patel Dec. ¶ 4, Exhibit 2.

Plaintiffs' July 3, 2007 and August 31, 2007 letters are telling insofar as they illustrate, how Plaintiffs seek, in the context of the instant action, a determination of issues that are *presently* being litigated in the *Lastra* action. (Patel Dec. ¶¶ 3 and 4, Exhibits 1 and 2.) As noted, whether Defendants acted intentionally, with knowledge, criminally or fraudulently, are all placed at issue by the *Lastra* Complaint. (See Exhibit A to Plaintiffs' Declaratory Relief Complaint.)

Although none of these issues have been resolved in the underlying action, Plaintiffs, on September 7, 2007, filed the instant action in this Court. The underlying action is set for trial in February 2008. Patel Dec. ¶ 2.

### III.    ARGUMENT

**A.    This Court Should Dismiss the Defendants' Complaint Because Exercising Jurisdiction Under the Circumstances Presented Herein Constitutes Reversible Error Pursuant to Ninth Circuit Authority.**

The Ninth Circuit holds that federal courts should not exercise jurisdiction over declaratory relief actions during the pendency of a related third party tort action in state court. *Karussos, supra*, 65 F3d 796, 801 (overruled on other grounds in *Government Employees Ins. Co. v. Dizol*, 133 F3d 1220, 1227 (9th Cir. 1997)). The Ninth Circuit further held that it is an abuse of discretion for federal courts to *exercise* declaratory relief jurisdiction during the pendency of such a state court action. *Karussos, supra*, 65 F3d at 801.

The rational is that even if factual issues in the state and federal proceedings present differences, the insurer should seek declaratory relief in the same court that is deciding liability.

- 5 -

1 *Id.* at 800. *Polido v. State Farm Mut. Auto. Ins. Co.* explains that an insurer's filing of a declaratory relief action in federal court is improper "because [the insurer] could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action." *Polido v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 1997) 110 F3d 1418, 1423 (overruled on other grounds in *Government Employees Ins. Co. v. Dizol, supra*, 133 F3d at 1227).

Here, as Plaintiffs well know, San Francisco Superior Court will decide the liability issues presented by the underlying action. Were it necessary for Plaintiffs to file this action, a proposition which Defendants dispute, Plaintiffs should have filed, if at all, in San Francisco Superior Court. It makes no sense from a time, expense and judicial economy standpoint to have two separate court systems address and analyze identical and overlapping legal and factual issues.

In *Karussos*, the Ninth Circuit provides additional, albeit related, grounds for holding that it is reversible error to exercise jurisdiction under the circumstances presented herein; namely, the rule that a Federal Court should decline jurisdiction where the declaratory relief action presents only issues of state law. *Karussos, supra*, 65 F3d at 796. Specifically, the Ninth Circuit holds that exercising jurisdiction is improper. In light of the "general rule" federal courts should: "decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court 'unless there are 'circumstances present to warrant an exception to that rule." *Karussos, supra*, 65 F3d at 796.

The Ninth Circuit in *Karussos* states that the rationale behind the "general rule" is the important role that states, and thus by extension, state courts, play in "regulating the dealings between insurers and their policyholders." *Karussos supra* at 799 (quoting *SEC v. National Securities, Inc.*, 393 U.S. 453, 459 (1969)). The Ninth Circuit in *Karussos* went onto write that "the states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations." *Karussos supra* at 799 (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990)). *Karussos* further noted that the McCarran-Ferguson Insurance Regulation Act, 15 U.S.C. § 1012(a), states that "the business of insurance, and every person engaged therein, shall

- 6 -

be subject to the laws of the several States which relate to the regulation or taxation of such business." *Id.*

Quoting another Ninth Circuit opinion, *American National Fire Insurance Co. v. Hungerford*, 53 F.3d 1012, 1019 (9th Cir. 1995), *Karussos, supra*, 65F.3. at 799, states that the "general rule" "serves a number of important policies such as":

> avoiding rendering opinions based on purely hypothetical factual scenarios, discouraging forum shopping, encouraging parties to pursue the most appropriate remedy for their grievance, preserving precious judicial resources, and promoting comity.

*Karussos* holds that a federal court only properly exercises jurisdiction where there are "circumstances present to warrant an exception." Nothing in Plaintiffs' Complaint supports a deviation from the general rule declining jurisdiction. Indeed, a review of Plaintiffs' Complaint demonstrates that the insurance issues pled by Plaintiffs, are, and can only be, state law insurance issues.[1]

Consistent with the foregoing Ninth Circuit authority, this Court should not exercise jurisdiction over Plaintiffs' declaratory relief action.

**B. This Court Should Dismiss, or at the Very Least Stay, the Instant Action Pursuant to Longstanding California Authority.**

In addition to Ninth Circuit authority, well established California insurance law provides that the filing of a declaratory relief action while an underlying tort action is pending presents proper grounds for a dismissal or staying of the declaratory relief action. *General of America Ins. Co. v. Lilly* 258 CA2d 465, 471 (1968); *Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)* 6 C4th 287, 301-302 (1993); *Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)* 25 CA4th 902, 910 (1994); *California Ins. Guar. Ass'n v. Sup. Ct. (Jakes at the Shore, Inc.)* 231 CA3d 1617, 1624 (1991). As noted, Defendants maintain that a dismissal, as opposed to a stay, is more appropriate although they seek a stay as alternative relief.

---

[1] In declining jurisdiction, the Ninth Circuit in *Karussos* notes that "most, if not all of the published cases in other circuits in which courts have declined to exercise their jurisdiction over requests for a declaration of state law" involve a dispute about insurance coverage and "a related state court proceeding." *Karussos, supra*, 65 F.3d at 796.

- 7 -

1. **An Insurer May Not Pursue Declaratory Relief Where Coverage Questions Turn on Facts to Be Litigated in the Underlying Action**

The Second Appellate District states in *California Ins. Guar. Ass'n v. Sup.Ct. (Jakes at the Shore, Inc.)* 231 CA3d 1617, 1624 (1991) states that:

> **a separate declaratory action where the coverage question turns on facts to be litigated in the underlying action (e.g., whether the insured acted "intentionally") is not permitted.** This is so because the insurer may well owe a defense in the underlying action even if the facts ultimately determined in that action show that there was no coverage. If the rule were otherwise, "any time an insurance company had a questionable claim due to an uncertain exclusion clause, it could defend, under a reservation of rights, and immediately bring an action for declaratory relief seeking to rid itself of the arguable duty to defend. As a result, the duty to defend would eventually be no broader than the duty to indemnify."

[Bold added.]

*Jakes at the Shore, Inc., supra* 231 CA3d at 1624 further states that the declaratory relief statute should not be used in a manner that would prejudice the insured by "necessitate[ing] the resolution of one or more factual issues which would have to be determined in the underlying action." *Montrose Chem. Corp. v. Sup. Ct. supra*, 6 C4th at 301-302 concurs holding that a declaratory relief action should not proceed where coverage questions turn on facts to be litigated in the underlying action. Further, *General of America Ins. Co. v. Lilly* provides that a court may dismiss the declaratory relief action where the coverage issue to be decided is identical to an issue that would necessarily be resolved in the underlying action. *Lilly, supra*, 258 CA2d at 471 (affirming the granting of a demurrer where the permissive use of a vehicle was at issue in both third party tort action and the insurer's declaratory relief suit).[2]

Here, a review of the underlying complaint and Plaintiffs' coverage letters demonstrates that Plaintiffs indeed seek to utilize their declaratory relief claims in a manner that is "not permitted" pursuant to *Jakes at the Shore, Inc., supra* 231 CA3d at 1624. (Patel Dec. ¶¶ 3 and 4, Exhibits 1 and 2; see also, Exhibit A to Plaintiffs' Declaratory Relief Complaint.) Further, this review illustrates that the relevant coverage issues are identical to issues to be resolved in the underlying action thereby supporting, pursuant to *Lilly, supra,* 258 CA2d at 471, a dismissal of

---

[2] See also, *David Kleis, Inc. v. Sup. Ct. (California Ins. Co.)* 37 CA4th 1035, 1051 (1995).

- 8 -

the declaratory relief action.

For example, as a means of excluding coverage, Plaintiffs seek to determine whether Defendants *intentionally* engaged in alleged wrongdoing knowing that such wrongdoing would violate the underlying plaintiffs' rights. (Patel Dec. ¶¶ 3 and 4, Exhibits 1 and 2). Simultaneously, in the context of their wrongful eviction action, the underlying plaintiffs seek to establish intent and knowledge so as to demonstrate a greater degree of reprehensibility on the part of Defendants.[3]

A dismissal is all the more appropriate in light of its lack of prejudicial effect on Plaintiffs and the availability of another forum; factors specifically noted by *Lilly, supra*, 258 CA2d at 471.

2. Insurer Should Not Be Permitted to Pursue Declaratory Relief Where Doing So Would Prejudice the Insured.

On a related point, *Montrose Chem. Corp., supra,* 25 CA4th at 910 explains that concurrently litigating an underlying action and a declaratory relief action can easily *prejudice the insured* by:

- increasing litigation costs (forcing the insured to "fight a two-front war");
- creating a risk that the insurer and the underlying plaintiffs will join forces to defeat coverage; and
- presenting a risk that the insured will be bound by adverse factual findings in the underlying action while the carrier would not be bound by findings favorable to the insured. See also *George F. Hillenbrand, Inc. v. Insurance Co. of No. America* 104 CA4th 784, 803-804 (2002).

Here, each of this risks are or may be present, and thus the most appropriate remedy is to dismiss the case.

**C. Should the Court Regard the Instant Motion as Untimely, Defendants Hereby Move for Relief Pursuant to Local Rule 6-3.**

Plaintiffs' Counsel has advised Defendants of their position that the instant motion is a few days untimely, ostensibly referencing the rule that motions brought under F.R.C.P. 12 (b)

---

[3] See **Exhibit A** to Plaintiffs' Complaint which is the underlying complaint. See, for example, paragraphs 15, 18, 21, 48 and 49.

- 9 -

1  must be filed within 20 days of the complaint's service. Defendants respond as follows:

2  *First*, Defendants do not believe that the instant motion is untimely. A review of both the *Karussos, supra*, 65 F3d 796 and *Hungerford, supra*, 53 F3d 1012, opinions demonstrates that the parties objecting to the exercise of jurisdiction were not required to do so via a Rule 12 (b) motion. In other words, in both *Karussos* and *Hungerford*, the determination that the federal court committed reversible error by not declining jurisdiction was not a determination based upon a review of any district court decision denying a Rule 12 (b) motion. Indeed, such decisions do not even reference Rule 12 (b). Apparently, the Ninth Circuit addressed the jurisdictional issues following district court summary judgment rulings. Thus, Defendants contend that in order to seek to a dismissal for lack of jurisdiction, it is not essential to do so through a Rule 12 (b) motion. That is, failing to move to dismiss pursuant to Rule 12 (b) within 20 days of service does not waive the jurisdictional issue nor eliminate all means to dismiss the case on jurisdictional grounds.

*Second*, authority suggests that a party may file a motion to dismiss pursuant to Rule 12 (b) any time prior to answering the complaint. The Rutter Group's *Federal Practice Guide*, 9:55, states "in the Ninth Circuit, Rule 12 (b) motions are timely if filed *any time before* the answer or other responsive pleading is filed" (citing *Aetna Life Ins. Co. v. Alla Meidcal Services, Inc.* 855 F2d 1470, 1474 (9th Cir. 1988)). Admittedly in the cited *Aetna Life Ins. Co, supra* 855 F2d at 1474 decision, the parties stipulated to an extension of time in which file a responsive pleading. However, it is unclear whether the stipulation was an essential element to the proposition that Rule 12 (b) motions are timely if filed any time before the answer or other responsive pleading is filed.

*Third*, should the Court be inclined to regard the instant motion as untimely, Defendants hereby *Move to Change Time* pursuant to Local Rule 6-3. Defendants seek relief pursuant to Local Rule 6-3 for purposes of extending the time in which to file the instant motion up to and including October 5, 2007--the day that this motion is actually filed. Defendants seek such relief for the reasons that follow.

Defense Counsel Alexander Berline, one of this firm's insurance coverage partners,

received a copy of Plaintiffs' Complaint late in the day on September 19, 2007--his last day of work prior to a vacation out of the country. See Declaration of Alexander Berline ("Berline Dec.") ¶¶3-7. As a result of this vacation, Mr. Berline did not return to the office until October 1, 2007. At the time of receiving the Complaint, it was Mr. Berline's understanding that the Complaint had been served on September 15, 2007--making the last day to respond, October 5, 2007.

During Mr. Berline's absence, his colleagues, Richard Stratton and Walter Crump, contacted Plaintiffs' Counsel for purposes of confirming the service date. Plaintiffs' Counsel, David Demo, advised Defense Counsel that the Complaint had been served not on September 15, 2007, but on September 10, 2007. Prior to the expiration of 20 days from service, Mr. Stratton and Mr. Crump requested an unconditional extension of time to respond to Plaintiffs' Complaint. See Declaration of Walter G. Crump ("Crump Dec.") ¶¶2-11, **EXHIBITS 3 & 4**.

Plaintiffs' Counsel, however, agreed only to conditionally extend the time to respond provided that the response was an Answer. Defense Counsel advised Mr. Demo that Defendants did not wish to limit their rights and needed additional time so that Mr. Berline could substantively review the matter following his return and determine the most appropriate way to respond. Mr. Stratton suggested that an extension up to and including October 5, 2007 would be sufficient. On Friday, September 28, Mr. Demo advised Defense Counsel that he would review the request with his client. Via email dated October 4, 2007, Plaintiffs declined to grant an unconditional extension. See Berline Dec. ¶¶3-7; Crump Dec. ¶¶2-11, **EXHIBITS 3 & 4**.

The Rutter Group's *Federal Practice Guide*, 9:57, states:

> [W]here defendant asks for an extension of time to plead, plaintiff's counsel sometimes asks for a waiver of defendant's right to file a preanswer Rule 12(b) motion.
>
> Doing so may be improper conduct in some courts. For example, under litigation guidelines endorsed by the United States District Court for the Central District of California:
>
> -- "A lawyer should not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint." [Los Angeles County Bar Association Litigation Guideline No. 1. c.]

- 11 -

Relief under Local Rule 6-3, if required, is appropriate because:

1) Defense Counsel diligently sought an extension of time in which to respond to Plaintiffs' Complaint;

2) the requested extension was reasonable in length and particularly reasonable in light of the longstanding vacation of the lead defense counsel on this case;

3) such extensions are, as a matter of practice, *routinely* requested and granted;

4) seeking "to preclude an opponent's substantive rights" by granting extensions, as Plaintiffs' Counsel sought to do here, constitutes improper conduct at least according to the United States District Court for the Central District of California and the Los Angeles County Bar Association;

5) a ruling that the instant motion is untimely would prejudice Defendants, who, for all the reasons discussed *supra* contend that Plaintiffs' action, if at all, should be heard in state court;

6) there have been no previous time modifications in this case; and

7) extending the time as requested would result in no appreciable delay in the case's schedule.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed for lack of jurisdiction. Such a dismissal will not prejudice Plaintiffs who will be free to file an action following the resolution of the underlying action - if necessary. Further, a dismissal will conserve time and expense and other resources of both the Court and of Defendants.

While a stay might be appropriate if this declaratory relief action were filed in State Court, here dismissal is required because it would be reversible error for this Court to retain jurisdiction over this matter.

///

///

///

     While jurisdictional objections may be raised at any time, should the Court deem all or part of this motion as untimely, Defendants request a brief extension of time as detailed above. Respectfully submitted.

DATED: October 5, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP


By: _____/S/_____
ALEXANDER J. BERLINE
Attorneys for Hotel Sunrise, LLC,
Kirit B. Patel; and Dharmesh B. Patel

- 13 -

Defendants' Memorandum of Points And Authorities in Support to Dismiss and
Further Relief; No. C 07 4625 MEJ

1362251.1