HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
RICHARD J. STRATTON - 54648
rstratton@hansonbridgett.com
ALEXANDER J. BERLINE - 158098
aberline@hansonbridgett.com
WALTER G. CRUMP - 203743
wcrump@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendants
HOTEL SUNRISE, LLC, d.b.a. HOTEL SUNRISE; KIRIT B.
PATEL a.k.a. KEN PATEL,; DHARMESH B. PATEL a.k.a.
DANNY PATEL

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATEL, AND DOES 1 THROUGH 20,<br><br>Defendant(s). | No. C 07 4625 MEJ<br><br>**DECLARATION OF KIRIT B. PATEL IN SUPPORT OF DEFENDANTS' MOTION TO: 1) DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE, STAY PROCEEDINGS; AND 2) CHANGE TIME PURSUANT TO LOCAL RULE 6-3**<br><br>Date:   November 15, 2007<br>Time:   10:00 a.m.<br>Judge:  The Hon. Maria-Elena James |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 1 -

1    I, KIRIT B. PATEL, declare as follows:

2    I am a Defendant to the instant action. If called upon as a witness, I could and would

3    competently testify from my own personal knowledge to the following:

4    1.    I am a member of the Hotel Sunrise, LCC.

5    2.    I am a Defendant to the lawsuit, *Lastra v. Hotel Sunrise, LLC*, ("*Lastra*") Case

6    Number CGC-06-454834, currently pending in San Francisco Superior Court. It is my

7    understanding that the *Lastra* lawsuit presently has a trial date in February 2008.

8    3.    On or about July 3, 2007, I received a letter dated July 3, 2007 from Jack S.

9    Creighan of the Burlington Insurance Company to David G. Mendez, my former attorney. The

10    Hotel Sunrise, LCC, was copied on this letter from Mr. Creighan and in copying the Hotel

11    Sunrise, LLC, the letter states that it is to be brought to my attention as well as to the attention of

12    Dharmesh B. Patel. A true and correct copy of Mr. Creighan's July 3, 2007 letter is attached

13    hereto as **EXHIBIT 1**.

14    4.    On or about August 31, 2007, I received a letter dated August 31, 2007 from Frank

15    L. Evans of the Burlington Insurance Company. This letter was addressed to the Hotel Sunrise,

16    LLC to my attention and to that of Dharmesh Patel. A true and correct copy of Mr. Evans'

17    August 31, 2007 letter is attached hereto as **EXHIBIT 2**.

18    I declare under penalty of perjury under the laws of the State of California that the

19    foregoing is true and correct of my own personal knowledge and that I have executed this

20    declaration on October 4, 2007 at San Francisco, California.

21

22

23    _____/s/_____
     KIRIT B. PATEL

24

25

26

27

28

Declaration of Kirit B. Patel in Support of Defendants' Motion to Dismiss and
Further Relief--Case No. C 07 4625 MEJ

1362190.1

# EXHIBIT 1

US Certified Mail (7005 3110 0001 1373 0963) Return Receipt and Regular Mail

July 3, 2007

Mr. David G. Mendez
Attorney at Law
12 Gough Street, Ste. 300
San Francisco, CA 94103

**The Burlington Insurance Company and First Financial Insurance Company**
17015 N. Scottsdale Road, Ste. 245
Scottsdale, AZ 85255

Re:    Policyholder  : Hotel Sunrise, LLC dba Hotel Sunrise
       Claim No.     : 160988
       Date of Loss  : Unspecified
       Plaintiffs    : Jim Lastra, et al

Dear Mr. Mendez:

We acknowledge receipt of a Complaint entitled Jim Lastra and Phyllis Rogins, individually and on behalf of all other similarly situated v. Hotel Suncrise, LLC; Kirit B. Patel aka Ken Patel and Dharmesh B. Patel aka Danny Patel, and Does 1-10, filed in the Superior Court of California – City and County of San Francisco, Case No. CGC-06-454834, which pleads Causes of Action for:

- Wrongful Eviction (violation of S.F. Rent Ordinances and CA Common Law);
- Retaliatory Eviction;
- Illegal Lock Out;
- Breach of Contract;
- Breach of the Covenant of Good Faith and Fair Dealing;
- Breach of Covenant of Quiet Enjoyment;
- Negligence (including Negligent Infliction of Emotional Distress);
- Intentional Infliction of Emotional Distress;
- Breach of the Warranty of Habitability;
- Unlawful Collection of Rent;
- Conversion;
- Abuse of Process;
- Unlawful, Unfair and Fraudulent Business Practices; and
- Negligence Per Se.

Jacki S. Creighan
*Area Claims Manager*
602-441-1925
Fax 602-441-1938
jscreighan@ifgcompanies.com

Mr. David G. Mendez
July 3, 2007
Page 2 of 13

Having reviewed the Complaint, Plaintiffs allege in May 2004 Defendants began a pattern of conduct in which they sought to wrongfully evict Tenants because they made multiply complaints of untenable conditions in the subject premises.

Plaintiffs further allege on June 28, 2004, January 19, 2005 and march 21, 2005 upon complaints made by the Tenants the SF Department of Building Inspection, issued Notice of Violations to Defendants related to maintenance/conditions of the subject project.

Plaintiffs go on to allege on or about March 30, 2004 Defendants filed an unlawful action against Plaintiff Lastra for alleged unpaid rent which was settled in late 2004 and Plaintiffs maintained possession of the subject premises.

Plaintiffs additionally allege on August 4, 2005 they were served with a Three Day Notice to Pay Rent for the period of July 26, 2005 – August 26, 2005 and that although they paid the rent out of concern of their tenancy they attempted to comply with the subject notice and pay the due rent in the amount of $500.00 which Defendants refused to accept.

On August 8, 2005 Plaintiffs allege they were presented with an invoice in the amount of $633.30 for legal services incurred by Defendants and that when they attempted to pay the invoice Defendants informed them that they would accept no less than $1,200 in rent to cover the legal expenses.

Plaintiffs go on to allege on August 26, 2005 they attempted to pay rent for the period of August 26, 2005 - September 2005 which Defendants refused and further informed them that they still owed the legal fees.

Plaintiffs further allege they purchased a postal money order and sent the rental payment to Defendants and that on September 7, 2005 they were forcibly evicted from the premises by Sherriff's Deputies in breach of their rental agreement.

Plaintiffs allege that they were not served with a Summons or Complaint pertaining to the September 7, 2005 eviction and believe that Defendants forged or falsified the signature on the Service Verification form.

Mr. David G. Mendez
July 3, 2007
Page 3 of 13

Plaintiffs go on to allege subsequent to being evicted they were denied access to their personal property and that Defendants kept certain of their personal property.

As a result of Defendants alleged acts and conduct, Plaintiffs are seeking compensatory damages, treble money damages as permitted by Section 37.9(f) of the SF Rent Ordinance, statutory damages, general damages for emotional distress, punitive damages, declaratory judgment ensuring Defendants utilize lawful procedures in attempting to evict tenants, permanent and mandatory injunction prohibiting Defendants from committing future violations, an award for restitution, attorney fees, costs of suit, interest and other relief deemed proper by the Court.

This is to inform you that The Burlington Insurance Company (hereinafter TBIC) will participate in the defense of this matter expressly subject to the following reservation of rights.

Accordingly TBIC has appointed: *Mr. Paul Caleo of the Law Firm of Burnham and Brown, P.O. Box 119, Oakland, CA 94604, telephone number 510-444-6800* to represent Hotel Sunrise LLC, Kirit Patel and Djamresh Patel in this subject action under policy 181B003035.

TBIC and First Financial Insurance Company (hereinafter FFIC) issued policy numbers 181B003909, 181B003035, 181F004978 and 181F00248 with effective dates of 02/10/06-02/10/07, 02/10/05-02/10/06,02/10/04-02/10/05 and 02/10/03-02/10/04 respectively to Hotel Sunrise LLC dba Hotel Sunrise.

All of the policies contain a Commercial General Liability Coverage part subject to an occurrence coverage form (CG 0001 1001 and CG 0001 798) with limits of liability of $1,000,000 per occurrence/ $2,000,000 general aggregate.

Our analysis is limited to these policies and we are not aware of any other policies that may apply. If you believe there are other policies that apply please let us know immediately.

Because the insuring agreements contained in the policies differ, we are addressing the insuring agreements separately. Additionally, the policies further contain similar endorsements and exclusions. Where they differ it will be so noted.

Mr. David G. Mendez
July 3, 2007
Page 4 of 13

Please note we are highlighting portions of the policies in this letter and therefore invite you to review the policies including all forms and endorsements in their entirety.

Turning to policies 181F002428 and 181F004978, the insuring agreement found under occurrence form CG 001 (7/98) reads in pertinent part as follows:

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    1.  Insuring Agreement

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.   But:
          …

        b. This insurance applies to "bodily injury" and "property damage" only if:

           (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

           (2) The "bodily injury" or "property damage" occurs during the policy period …

With respect to policies 181B003035 and 181B003909, the insuring agreement under form CG 0001 10/01 is amended by endorsement BG-G-446 2/03 which reads in relevant part:

## AMENDMENT – SECTION I INSURING AGREEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Mr. David G. Mendez
July 3, 2007
Page 5 of 13

Paragraph 1.Insuring Agreement, COVERAGE A BODILY INJURY AND
PROPERTY DAMAGE LIABILITY of SECTION I – COVERAGES is replaced
in its entirety with the following:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as
damages because of "bodily injury" or "property damage" to which this
insurance applies. We will have the right and duty to defend the insured against
any "suit" seeking those damages. However, we will have no duty to defend
the insured against any "suit" seeking damages for "bodily injury" or "property
damage" to which this insurance does not apply. We may, at our discretion,
investigate any "occurrence" and settle any claim or "suit" that may result. But:

   …

b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that
   takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

   (3) The "bodily injury" and "property damage, whether known or unknown to
   any person:

      (a) Did not first occur prior to the inception date of the policy;

      (b) Was not in the process of occurring and is not alleged to have been in
      the process of occurring, as of the inception date of the policy; …

The policies further contain the following relevant definitions found under
Section V of the policies:

"**Bodily injury**" means, "bodily injury, sickness or disease sustained by a person,
including death resulting from any of these at any time."

"**Occurrence**" means, "an accident, including continuous or repeated exposure to
substantially the same general harmful conditions."

Mr. David G. Mendez
July 3, 2007
Page 6 of 13

"**Property damage**" means, "physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; ..."

Based on the Complaint, none of the damages as alleged occurred within the effective dates of policies 181F002428, 181F004978 and 181B003909. As a result coverage is clearly precluded under these policies for this litigation. Therefore TBIC/FFIC denies coverage under these policies for this litigation and will not provide a defense in this matter under these policies.

With respect to policy 181B003035, TBIC reserves it right to contend it has no indemnity obligation to the insured under this policy if it is determined that the damages as alleged did not take place within the effective dates of the policy or were in the process of occurring prior to the inception date of the policy.

Furthermore, based on the Complaint, there are no claims asserted for "property damage" arising out of an "occurrence". Accordingly, TBIC asserts that it has no obligation to indemnify the insured and denies coverage under the policy for any damages awarded in this suit that do not constitute damages the insured is legally obligated to pay because of "property damage" as defined.

Additionally, based on the allegations, the claims asserted for "emotional distress" as pled are damages because of "bodily injury" as defined. Notwithstanding this, and without limiting this statement, to the extent that the claims asserted by the Plaintiffs for "injuries" (i.e. emotional distress) are unaccompanied by physical injury or disease, TBIC reserves the right to deny coverage for any such damages on the grounds that such damages sought do not constitute damages because of "bodily injury".

Even if the damages as alleged for "Emotional Distress" are determined to constitute damages because of "bodily injury" the damages were not caused by an "occurrence". Therefore TBIC has no indemnity obligation to the insured(s) and denies coverage under the policy for such damages.

Additionally, by virtue of endorsement BGG 005 (07 04) as contained in policy 181B003035 and as cited below punitive or exemplary damages (inclusive of the

Mr. David G. Mendez
July 3, 2007
Page 7 of 13

other statutory damages and penalties) are excluded under the policy as well as under California Statutory Law.

Therefore FFIC has no obligation to pay for any costs, interest or damages attributable to punitive/exemplary damages or other penalty type damages as alleged, and denies coverage for any such damages awarded in this suit.

### EXCLUSION – PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action.

For the reasons set forth TBIC asserts it has no indemnity obligation to the insureds for any awards, settlements or judgment, in this litigation under the **BODILY INJURY AND PROPERTY DAMAGE LIABILITY** Coverage portion of policy 181B003035 and denies coverage under the **BODILY INJURY AND PROPERTY DAMAGE LIABILITY** Coverage part of the policy for this litigation.

We now direct your attention to the "Personal and Advertising Injury" coverage part of the policy (Coverage B) which reads in pertinent part:

### SECTION 1 – COVERAGES

### COVERAGE B. PERSONAL AND ADVERTSING INJURY LIABILITY

1.  Insuring Agreement

    a.  We will pay all sums that the insured becomes legally obligated to pay damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal

Mr. David G. Mendez
July 3, 2007
Page 8 of 13

and advertising injury" to which this insurance does not apply...

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**"Personal and advertising injury"** is defined as:

"Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.  False arrest, detention or imprisonment;

b.  Malicious prosecution;

c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.  Oral or written publication of material that violates a person's right of privacy;

f.  The use of another's advertising idea in your "advertisement"; or

g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

Please note that the policy [181B003035] contains endorsement number IFG-G-0062 0203 which redefines the definition of "personal and advertising injury" as to that policy and reads in part:

...

**PERSONAL AND ADVERTISING INJURY REDEFINED**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Mr. David G. Mendez
July 3, 2007
Page 9 of 13

Under **SECTION V – "DEFINITIONS"**, definition **14.** "Personal and
Advertising Injury" is deleted and replaced in its entirety by the following:

14. "Personal and advertising injury" means injury, including consequential
    "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right
       of private occupancy of a room, dwelling or premises that a person
       occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or
       libels a person or organization except that this offense does not include
       slander or libel that disparages a person's or organization's goods,
       products or services, or infringes upon another's copyright, trade dress
       or slogan; or

    e. Oral or written publication, in any manner, of material that violates a
       person's right of privacy.

Based on the Complaint, other than potentially the damages sought for "wrongful
eviction" none of the other damages as alleged meet any of the above enumerated
offenses and as such TBIC has no indemnity obligation to the insureds and denies
coverage for such damages that do not meet the enumerated offenses.

As to the claims asserted for "wrongful eviction" TBIC reserves it right to
contend it has no indemnity obligation to the insureds and to deny coverage
should it be determined that such damages do not meet any of the offenses as
enumerated above.

Notwithstanding our position and without conceding such, the subject policy
further contains the following exclusions which TBIC reserves it right to contend
further excludes coverage for this matter, including those damages and relief as
alleged by the Plaintiff's for "wrongful eviction".

2. Exclusions

   This insurance does not apply to:

       a. Knowing Violation Of Rights Of Another

Mr. David G. Mendez
July 3, 2007
Page 10 of 13

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

f.    Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract …

We now direct your attention to **SECTION II** of the policy – **WHO IS AN INSURED** which states in relevant part:

1.  If you are designated in the Declarations as:

    a.  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
        …

TBIC further reserves its right to deny coverage to any entity or individual who does not qualify as an insured under the policy as defined.

Lastly, the policy contains the following condition that provides in pertinent part:

**SECTION IV –COMMERCIAL GENERAL LIABILITY CONDITIONS**

(2) Duties In The Event Of Occurrence, Offense, Claim Or SUIT

    a.  You must see to it that we are notified as soon as practicable of an "occurrence " or an offense which may result in a claim …

    b.  If a claim is made or "suit" is brought against any insured, you must:
        …

        (2) Notify us as soon as practicable.
    …

    d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

TBIC reserves its right to deny coverage should it be determined that the insured's were aware of this matter, or the Plaintiffs or their attorney previously

Mr. David G. Mendez
July 3, 2007
Page 11 of 13

notified them of this claim and your failure to provide timely notice of such prejudiced TBIC's rights.

Additionally if you have incurred costs or assumed obligations without prior notice to the company, such costs or obligations is a violation of the policy conditions. Accordingly TBIC will not pay for any pre-tender fees/costs the insured's may have incurred.

We further understand that the insured's attended a mediation pertaining to this litigation without prior notice to us, in which they extended a settlement offer of $10,000 to the Plaintiffs, which is clearly in violation of the above conditions of the policy.

This is to further advise you that TBIC will only pay up to the limits of liability as stated in the TBIC policy, should coverage be found to exist.

TBIC further reserve its right to seek reimbursement of any legal fees and expenses paid on behalf of related to non-covered damages. TBIC additionally reserves its right to withdraw its defense of this matter should it be determined that TBIC has no defense/indemnity obligation. Should TBIC withdraw its defense, or if a court of competent jurisdiction rules no defense obligation existed, TBIC reserves its right to seek recovery of the legal fees and expenses it paid in defense of this matter and to seek reimbursement of any payments made in settlement or judgment related to non-covered damages.

If TBIC should withdraw from the defense of this action upon the development of information which establishes that there is no coverage, TBIC will not withdraw its defense without first giving any legally required notice.

Our decision is based only upon the facts and information as presented to us to date and should not be construed as applicable to a new claim or suit. We reserve the right to review any lawsuits, amended claim(s) or new information relating to this matter to make a separate determination as to whether a defense and/or indemnity might be provided by the company. Our right to have notice of either situation is reserved, as are all other provisions of the policies of insurance. This reservation should not be deemed or construed as a waiver of our rights or expansion of the duties owed by TBIC under the policies issued.

Mr. David G. Mendez
July 3, 2007
Page 12 of 13

Neither this communication and undertaking, nor any future communication or undertaking, should be deemed or construed as a waiver of any of the rights of TBIC, including those rights provided in the contracts of insurance. By limiting policy references to those cited, TBIC does not waive the right to assert other provisions of the policies and/or legal principles should additional facts, not currently known, become available and the policies are incorporated by reference into this letter as if stated in full.

Should the insured's have any information not already provided which they believe may effect our decision, please forward it to our attention for consideration.

If the insured's has any other insurance that they may believe would apply to this matter, we recommend they report this matter to them for their consideration.

This is to further advise the insured that they have the right to retain personal counsel to represent their interest for the non-covered damages and potential excess exposure. Should they elect to retain personal counsel, such election is of their own choosing and at their own expense.

Finally, if the insured's believe this matter has been improperly evaluated, they may have it reviewed by the California Department of Insurance by writing to the California Department of Insurance, Claims Services Bureau, 300 South Spring Street, 11th Floor, Los Angeles, CA 90013 or calling them at 213-897-2921 or 800-927-4357.

Sincerely,


Jack S. Creighan
Area Claims Manager
The Burlington Insurance Company


cc    Hotel Sunrise
      2483 38th Street
      San Francisco, CA 94122
      Attn: Kirit B. Patel and Dharmesh B. Patel
      **US Certified Mail (7005 3110 0001 1373 1892) Return Receipt and Regular Mail**

Mr. David G. Mendez
July 3, 2007
Page 13 of 13


Anderson & Murison, Inc.
800 West Colorado Blvd.
Los Angeles, CA 90041

# EXHIBIT 2

US Certified Mail (7005 3110 0001 1373 4275) Return Receipt and Federal
Express Mail

August 31, 2007


IFG Companies®

Hotel Sunrise, LLC
2483 38th Street
San Francisco, CA  94112
Attn: Kirit Patel and Dharmesh Patel

**The Burlington Insurance
Company**
17015 N. Scottsdale Road,
Ste. 245
Scottsdale, AZ 85255

| Re: | Policyholder | : Hotel Sunrise, LLC  DBA: Hotel Sunrise |
| | Policy Numbers | : 181B003909, 181B003035, 181F004978, and |
| | | 181F002428 |
| | Our Claim Number | : 160988 |
| | Lawsuit | : Lastra et al v. Hotel Sunrise, LLC et al, San |
| | | Francisco Superior Ct. Case #CGC 06 454834 |
| | Plaintiffs/Claimants | :Jim Lastra/Phyllis Robins |
| | Date of Loss | : Unspecified |

Dear Mr. Patel and Mr. Patel:

We are writing in connection with the general liability insurance policies listed
above which were issued to Hotel Sunrise, LLC. DBA: Hotel Sunrise (Hotel
Sunrise) by The Burlington Insurance Company (TBIC).  Hotel Sunrise and you
have made a claim to TBIC under those insurance policies with regard to the
lawsuit referenced above, which as you know is currently pending in San
Francisco Superior Court.

The plaintiffs in that action, Jim Lastra and Phyllis Robins, have named Hotel
Sunrise and you as defendants.  The complaint in the lawsuit was filed in court on
August 4, 2006.  You and Hotel Sunrise retained David Mendez as your counsel
for that case, and he filed an answer to the complaint on your behalf on October
30, 2006.  Even though you and he were aware of the action and submitted to the
jurisdiction of the court, neither you nor your attorney provided notice to TBIC in
a timely fashion.  You did not provide TBIC with notice of the lawsuit until June
1, 2007, just a few months before the current trial date in the case.

Despite the late notice from you, TBIC agreed nevertheless to provide counsel
(Paul Caleo of the law firm of Burnham & Brown) to represent you and Hotel
Sunrise in the defense of the action at the expense of TBIC, subject to a full

Frank L. Evans

602-441-1923
Fax 602-441-1938
flevans@ifgcompanies.com

Hotel Sunrise, LLC
August 31, 2007
Page 2 of 15

reservation of all of TBIC's rights. By our letter dated July 3, 2007, which is incorporated by reference herein, we reserved those rights, outlined our evaluation of your/Hotel Sunrise's claim for a defense and indemnity and identified specific and general insurance coverage issues that were raised by facts alleged and known to us at that time.

Since that time, discovery undertaken in the lawsuit has revealed additional facts and allegations that are relevant to the insurance coverage issues raised by your claim for a full defense and indemnity in this matter. This letter is intended to provide you with notice of those additional facts and allegations and TBIC's position as to insurance coverage issues pertinent to the potential liability exposure to Hotel Sunrise and/or you.

In short, we have determined that TBIC would not owe insurance benefits to indemnify you or Hotel Sunrise for most of the claims and damages asserted against you and/or Hotel Sunrise, should you or it be found liable for those claims. Because potential liability to plaintiffs for some of the claims and damages they assert would be covered by TBIC, we will continue to provide a full defense to the lawsuit on your behalf as previously promised (subject of course to our reservation of rights, including our right to withdraw the defense and/or seek reimbursement of certain payments under conditions that were previously identified in our July 3, 2007, letter).

As we discussed in our July 3, 2007, letter, your insurance with TBIC contains three main coverage parts, which are entitled: "Coverage A Bodily Injury and Property Damage Liability," "Coverage B Personal and Advertising Injury" and "Coverage C Medical Payments." The only one of these coverage parts which would apply here is Coverage B, based on claims for the alleged wrongful eviction of plaintiffs.

Coverage A for Bodily Injury and Property Damage Liability does not apply for at least three reasons. First, this coverage is predicated upon bodily injury or property damage resulting from the happening of an "occurrence," which is defined in the policy to mean "an accident." The facts alleged against you and Hotel Sunrise do not amount to an accident. Second, in any event there are no allegations by plaintiffs that they have suffered any "bodily injury" as that term is defined in the TBIC insurance policy (that term means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time"). Moreover, the emotional distress damages claimed by plaintiffs do not qualify as "bodily injury" by definition, nor would TBIC owe any indemnity to you or Hotel Sunrise for any liability to plaintiffs for any of their emotional

Hotel Sunrise, LLC
August 31, 2007
Page 3 of 15

distress, regardless of the cause, since plaintiffs have not alleged any physical injury. Third, there has been no covered "property damage" alleged. While plaintiffs claim certain of their personal property has not been returned to them, the property itself has not been damaged. (The complaint alleges conversion, not destruction of the property.) Moreover, to the extent the plaintiffs may have lost the use of their property, such loss of use was not the result of any "occurrence" (or accident), but due to the deliberate placement of it into storage.

For these reasons, there is no potential coverage in your or Hotel Sunrise's favor in connection with Coverage A of the insurance policy. Similarly, Coverage C (Medical Payments) of the policy clearly does not apply because, again, there are no claims for medical expenses or for any bodily injury/physical injury.

Instead, we have considered the potential coverage that might apply here in connection with that part of the insurance policy entitled "Coverage B Personal and Advertising Injury Liability," which addresses wrongful eviction and similar offenses. Even though some coverage in your favor may be triggered under this part in connection with the plaintiffs' lawsuit, most of the claims and damages asserted by plaintiffs would be excluded and therefore not covered. To help us explain the reasons why there would be no coverage for liability for most of the claims and damages asserted by plaintiffs, we enclose with this letter a copy of the mediation brief recently submitted by the plaintiffs. It discusses in detail the factual allegations and theories of recovery against Hotel Sunrise and you. We draw your attention to pages 1 through 22 of the brief wherein the plaintiffs provide their factual assertions of wrongful conduct by you and Hotel Sunrise and their analysis of the legal claims they have asserted.

The mediation brief also identifies the several categories of damages which are sought against Hotel Sunrise and you in connection with those assertions about your claimed wrongful conduct. We discuss below our evaluation of the insurance coverage issues raised in connection with each category of damages under each theory of recovery and/or claim that is asserted in the brief. (For ease of reference, when identifying claims/damages asserted by plaintiffs, we will utilize the same headings as those adopted in the enclosed brief, which are found to begin at the bottom of page 22 under the caption: ("IV. LIABILITY AND DAMAGES")

### CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

**A.    Damages Of The Tenants In The Present Action**

Hotel Sunrise, LLC
August 31, 2007
Page 4 of 15

### i.  Rent Damages From The Landlords

The plaintiffs claim they are entitled to rent damages for the alleged wrongful eviction of them by Hotel Sunrise in September 2005.  They seek $118,119 in this category, based on the differential in lower rent they would have paid at Hotel Sunrise (had they not been evicted) and the higher market rent value, calculated over a period of 20 years.

They claim further rent damages based on section 37.9(f) of San Francisco's Rent Ordinance, which provides that the wrongful eviction of a tenant in violation of other parts of the Rent Ordinance will subject the landlord to "treble" damages (which means tripling of the actual rent damages).  Using the treble damage calculations, the plaintiffs increase their damage claim threefold under this category, to a figure of $354,357.

## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

The TBIC insurance policy in effect at the time of the alleged wrongful eviction (policy number 181B003035) contains the following provisions (Commercial General Liability Coverage Form number CG 00 01 10 01):

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

\* \* \*

## DEFINITIONS

\* \* \*

**14.**  "Personal and advertising injury" means "injury, including consequential bodily injury", arising out of one or more of the following offenses:

Hotel Sunrise, LLC
August 31, 2007
Page 5 of 15

    **a.**    False arrest, detention or imprisonment

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right to private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

In light of these insuring provisions, the policy also contains the following exclusions applicable to Coverage B:

**2.**    **Exclusions**

This insurance does not apply to:

    **a.**    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

* * *

    **d.**    **Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

    **e.**    **Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

    **f.**    **Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

Hotel Sunrise, LLC
August 31, 2007
Page 6 of 15

In addition to these policy provisions, California's *Insurance Code* provides, at section 533, that "an insurer is not liable for a loss caused by the willful act of the insured." Furthermore, punitive damages are not insurable by law in California: California *Civil Code* section 1688 provides that "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

Your insurance policy with TBIC specifically also includes an endorsement (BGG 005 (0704)) that provides that "This insurance does not apply to any claim for indemnification for punitive or exemplary damages."

Under these policy provisions and California law, TBIC would not owe any indemnity to Hotel Sunrise and/or you to the extent that it or you would be liable for damages from the wrongful eviction of plaintiffs that was either done willfully/intentionally or with knowledge that it would violate their rights and would inflict injury to them. TBIC also would not owe for any damages which arose out of a criminal act committed by or at the direction of you and/or Hotel Sunrise.

Also, to the extent that you and/or Hotel Sunrise would be liable for rent damages to plaintiffs, TBIC would not owe any indemnity for such liability to the extent that those damages were the result of contractual liability for which Hotel Sunrise assumed liability in a contract or agreement (such as a lease or rental agreement with the plaintiffs) or to the extent that the liability arose out of the breach of a lease/rental agreement or any other contract.

Furthermore, in the event that you are found liable to plaintiffs for actual rent damages that might otherwise be covered under your insurance with TBIC, TBIC would not owe any indemnity to the extent of any further liability that might result from the trebling of those damages under any statutory scheme. That is because any such additional liability determined by trebling would be considered as punitive damages - which are excluded from coverage by the insurance policy and California law.

## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

### A. Damages Of The Tenants In The Present Action

Hotel Sunrise, LLC
August 31, 2007
Page 7 of 15

\* \* \*

### ii. Restitution Of Illegal Collection Of Rent

Plaintiffs claim that they are entitled to $7,000 as restitution for your alleged illegal collection of rent from them. They seek this amount pursuant to California's *Civil Code* section 1942.4, which provides for statutory penalties where a landlord has collected rent where certain conditions are present. Included as a penalty allowed by the statute is the right of plaintiffs to recover from you for their attorneys fees, if they are a prevailing party.

### TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

In the event that you are found liable to plaintiffs for damages assessed as penalties under this statute, TBIC would not owe any indemnity to you for those damages. That is because any such liability would be considered as punitive damages which are excluded from coverage by the insurance policy and California law.

### CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

### A. Damages Of The Tenants In The Present Action

\* \* \*

### iii. Illegal Lock Out Damages

Plaintiffs claim that they are entitled to $69,300 as damages for your allegedly illegally locking them out of their room. They seek this amount pursuant to California's *Civil Code* section 789.3, which provides for statutory penalties where a landlord illegally locks out a tenant from the property. The penalty consists of up to $100 per day for each day of the lock out, which plaintiffs claim to have been 693 days (693 days @ $100 per day = $69,300). Included as a penalty allowed by the statute is the right of plaintiffs to recover from you for their attorneys fees, if they are a prevailing party.

### TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

Hotel Sunrise, LLC
August 31, 2007
Page 8 of 15

In the event that you are found liable to plaintiffs for damages assessed as
penalties under this statute, TBIC would not owe any indemnity to you for those
damages.  That is because any such liability would be considered as punitive
damages which are excluded from coverage by the insurance policy and
California law.

### CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

**A.    Damages Of The Tenants In The Present Action**

     * * *

**iv.    Habitability Damages**

Plaintiffs claim that they are entitled to damages due to the uninhabitable
conditions at the property because you violated the implied warranty of
habitability to properly keep and maintain the premises in good order.  They
seek $22,750 in this category, which they derived by taking a 50% reduction
of all the rent they paid for the property prior to their eviction.

### TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

In the event that you and/or Hotel Sunrise are found liable to plaintiffs for
damages assessed for breaching the warranty of habitability, TBIC would not owe
any indemnity to you for those damages.  That is because the failure to maintain
the property in a habitable condition arose from your breach of a contractual duty
to maintain the premises.  As discussed above, to the extent that you and/or Hotel
Sunrise would be liable for damages in this category, TBIC would not owe any
indemnity for such liability to the extent that those damages was the result of
contractual liability for which Hotel Sunrise assumed liability in a contract or
agreement (such as a lease or rental agreement with the plaintiffs) or to the extent
that the liability arose out of the breach of a lease/rental agreement or any other
contract.  Under both Coverages A and B of the policy, such liability is excluded.

In addition, as to Coverage A, the plaintiffs have not alleged any "property
damage" or "bodily injury" that would have resulted from an "occurrence" in
connection with habitability claims.

Hotel Sunrise, LLC
August 31, 2007
Page 9 of 15


## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

**A.    Damages Of The Tenants In The Present Action**

      * * *

**v.    Personal Property**

Plaintiffs claim that they are entitled to damages due to the wrongful
conversion of their personal property/belongings while it was being held at
the hotel's storage facilities.  They claim to have incurred personal property
damages in the amount of $30,000 in this category.


## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

Should you and/Hotel Sunrise be found liable to plaintiffs for any personal
property damages, TBIC would not owe any duty to indemnify you for that
liability.  That is because the loss claimed would not be covered under Coverage
B of your policy – the personal property was not the subject of a wrongful
eviction or other similar offense.  Also, as discussed above, while plaintiffs' claim
certain of their personal property has not been returned to them, the property itself
has not been damaged.  (The complaint alleges conversion, not destruction of the
property.Even if there was destruction, J 4 under Coverage A would exclude
coverage.)  Moreover, to the extent the plaintiffs may have lost the use of their
property, such loss of use was not the result of any "occurrence" (or accident), but
due to the deliberate placement of it into storage.  For these reasons, TBIC has not
duty to provide coverage with regard to liability for the personal property claim.


## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

**A.  Damages Of The Tenants In The Present Action**

      * * *

**vi.  Severe Emotional Distress Damages**

Plaintiffs claim that they suffered and continue to suffer from emotional
distress from the landlords actions and wrongful conduct.  They seek
$400,000 in damages for their emotional distress claims.

Hotel Sunrise, LLC
August 31, 2007
Page 10 of 15

## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

As discussed above, the emotional distress damages claimed by plaintiffs do not qualify as "bodily injury" by definition. TBIC would not owe any indemnity to you or Hotel Sunrise for any liability to plaintiffs for any of their emotional distress, regardless of the cause, since plaintiffs have not alleged any physical injury. Covered damages caused by any covered offense of wrongful eviction only might include the economic consequential losses proximately caused by the wrongful eviction, not any attendant emotional distress damages. You and Hotel Sunrise would be responsible for paying any such emotional distress damages for which you might be found liable to plaintiffs.

## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

### A.  Damages Of The Tenants In The Present Action

* * *

### vii.  Other Out Of Pocket Damages

Plaintiffs claim that they spent and will spend at least $20,000 in relocation and moving expenses as a result of their wrongful eviction. They further claim those damages would be trebled as a result of the landlord's violation of the San Francisco Rent Ordinance discussed above.

## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

In the event that you are found liable to plaintiffs for such relocation and moving expenses that might be covered under your insurance with TBIC, TBIC would not owe any indemnity to the extent of any further liability that might result from the trebling of those damages under any statutory scheme. That is because any such additional liability determined by trebling would be considered as punitive damages - which are excluded from coverage by the insurance policy and California law.

## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

### A.    Damages Of The Tenants In The Present Action

Hotel Sunrise, LLC
August 31, 2007
Page 11 of 15

* * *

### viii.    Punitive Damages

Plaintiffs claim that the landlords have engaged in a practice of
fraud with intent to cause harm to others. They seek at least
$400,000 in punitive and exemplary damages in this category for
those claims.

## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

As we explained above, California's *Insurance Code* provides, at section 533, that
"an insurer is not liable for a loss caused by the willful act of the insured."
Furthermore, punitive damages are not insurable by law in California. Your
insurance policy with TBIC specifically includes an endorsement (BGG 005
(0704)) that provides that "This insurance does not apply to any claim for
indemnification for punitive or exemplary damages."

For these reasons, TBIC will not indemnify any party in connection with this
matter to the extent that punitive or exemplary damages are awarded in favor of
plaintiffs. We also consider any damages awarded under any statutory scheme in
this matter to be punitive in nature and therefore to that extent TBIC would not
owe any indemnity for them.

## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

### B.    Restitution Damages For Violations of The Unfair Business Practices
### Act

Plaintiffs claim that the landlords have engaged in acts of unfair competition.
Plaintiffs assert they will seek to obtain restitution from the landlords with regard
to unfair and fraudulent business practices by you at Hotel Sunrise and other
similar hotel properties, with regard to practices involving other former and
current tenants similarly situated as the named plaintiffs. They seek $113,750 for
damages in this category, which includes plaintiffs' seeking restitution on behalf
of the illegal collection of rents from other tenants besides the named plaintiffs.
They also seek an additional $360,000 for violations of the Unfair Business
Practices Act based on alleged fraud and forgeries by you and others with respect
to practices involving those other tenants and/or other properties.

Hotel Sunrise, LLC
August 31, 2007
Page 12 of 15

## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

TBIC would have no duty to indemnify any party in connection with any of the claims asserted under the Unfair Business Practices Act. The unfair business practice claims are not based on any bodily injury or property damage caused by an occurrence (to trigger coverage under Coverage A), nor are they arising from consequential damages claimed for the alleged wrongful eviction of plaintiffs themselves (to trigger coverage under Coverage B). Also, the damages claimed have to do with practices at other properties besides Hotel Sunrise. To the extent that Kirit Patel and/or Dharmesh Patel might be liable for unfair business practices in connection with other properties not insured by TBIC under the above-referenced insurance policies, there would be no coverage for their liability in connection with those other properties and/or tenants of those properties. The TBIC insurance policy under which we are providing a defense and under which there is the potential for indemnity for some of the plaintiffs' claims only provides insurance benefits for Kirit Patel and Dharmesh Patel in connection with their liability with respect to the conduct of the business of Hotel Sunrise and/or their duties as managers of Hotel Sunrise. TBIC does not provide coverage under the insurance policy referenced above with regard to any liability of Kirit Patel or Dharmesh Patel (under any theory of law) in connection with the conduct of business at hotels other than Hotel Sunrise.

Also, to the extent that any attorneys fees would be awarded against you in connection with any unfair competition claim, TBIC would not have any duty to indemnify you for any liability for those fees.

## CLAIM/DAMAGES ASSERTED BY PLAINTIFFS:

### C.  Attorneys Fees and Costs

Plaintiffs separately claim attorneys fees in the amount of at least $120,000 up to trial and $200,000 through trial. They seek those fees as part of various statutory schemes, claiming they are authorized under the following:  section 37.9(f) of the Rent Ordinance, section 37.11A of the Rent Ordinance, Civil Code section 1941, and Code of Civil Procedure Section 1021.5.

## TBIC'S POSITION ON COVERAGE FOR ABOVE CLAIM/DAMAGES

TBIC would owe no insurance benefits to indemnify for any award of attorneys fees in this matter to the extent that such fees were awarded in connection with

Hotel Sunrise, LLC
August 31, 2007
Page 13 of 15

liability for damages that were not covered and/or excluded by the TBIC policy and/or to the extent such award were punitive in nature.

Accordingly, in light of these factual allegations, damage damands and insurance coverage issues, there is a substantial likelihood that some or all of the damages for which you may be liable in this action will not be covered under your insurance policy. TBIC renews its prior reservation of rights set forth in its July 3, 2007, letter, including its rights to:

> Withdraw from or decline any further participation in the defense of this action; Refuse to indemnify you with respect to any settlement or judgment in this action; Litigate in a separate action, the issue of TBIC's duty to defend or indemnify you; Obtain recovery from you of any costs, expenses or legal fees incurred by us in defending you before a court decides our right to withdraw from further participation; and/or Obtain reimbursement from you for any of our costs that can be attributable to the defense and/or settlement of claims that are not covered under your insurance policy.

The insurance policy under which TBIC is providing a defense for you provides liability coverage limits of: $1,000,000 Each Occurrence Limit, $1,000,000 Personal and Advertising Injury Limit, and $2,000,000 General Aggregate Limit (Other Than Products - Completed Operations). TBIC will not pay more than these limits.

Because we have provided you with this defense under a reservation of rights, and due to the circumstances of the insurance coverage issues raised here, we have determined that there is a potential conflict between you and TBIC with regard to appointed counsel Paul Caleo's (and his firm Burnham and Brown) representation of you in this matter. Accordingly, under California *Civil Code* section 2860, this conflict of interest presents you with two options:

1. You may, at our expense, select an additional attorney to represent you in connection with the defense of this action. *Civil Code* section 2860 places limits on the qualifications of the attorney you can select and on the billing rate at which we can be required to pay for such an attorney.

2. You may waive your right to select independent counsel and agree to be continue to be represented solely by Paul Caleo (Burnham and Brown).

Hotel Sunrise, LLC
August 31, 2007
Page 14 of 15

Unless and until such time as we advise otherwise, we will continue to pay for your defense of the lawsuit by Paul Caleo (Burnham and Brown) regardless of whether you elect to select independent counsel or waive that right to do so. You may wish to consult with any attorney to discuss your options. To that end and in light of your providing us with such late notice of this claim, and considering that the trial is scheduled for September 24, 2007, we ask that you give this issue you prompt attention and notify us of your decision at your earliest opportunity.

Our decision is based only upon the facts and information as presented to us to date and should not be construed as applicable to a new claim or suit. We reserve the right to review any lawsuits, amended claim(s) or new information relating to this matter to make a separate determination as to whether a defense and/or indemnity might be provided by the company. Our right to have notice of either situation is reserved, as are all other provisions of the policies of insurance. This reservation should not be deemed or construed as a waiver of our rights or expansion of the duties owed by TBIC under the policies issued.

Neither this communication and undertaking, nor any future communication or undertaking, should be deemed or construed as a waiver of any of the rights of TBIC, including those rights provided in the contracts of insurance. By limiting policy references to those cited, TBIC does not waive the right to assert other provisions of the policies and/or legal principles should additional facts, not currently known, become available and the policies are incorporated by reference into this letter as if stated in full.

If you have any information not already provided which you believe may affect our decision, please forward it to our attention for TBIC's consideration.

Additionally, should you have any questions about this matter please feel free to contact me.

Lastly, if you believe this matter has been improperly evaluated, you may have it reviewed by the California Department of Insurance by writing to the California Department of Insurance, Claims Services Bureau, 300 South Spring Street, 11th Floor, Los Angeles, CA 90013 or calling them at 213-897-2921 or 800-927-4357.

Sincerely,

Frank L. Evans
Branch Claims Manager

Hotel Sunrise, LLC
August 31, 2007
Page 15 of 15


Enclosures:     Copy of July 3, 2007 letter
                Plaintiffs' Mediation Brief


cc      Anderson & Murison, Inc.
        800 West Colorado Blvd.
        Los Angeles, CA  90041