1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   RICHARD J. STRATTON - 54648
2  rstratton@hansonbridgett.com
   ALEXANDER J. BERLINE - 158098
3  aberline@hansonbridgett.com
   WALTER G. CRUMP - 203743
4  wcrump@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA  94105
   Telephone:    (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for Defendants
   HOTEL SUNRISE, LLC, d.b.a. HOTEL SUNRISE; KIRIT B.
8  PATEL a.k.a. KEN PATEL,; DHARMESH B. PATEL a.k.a.
   DANNY PATEL

9
                    **UNITED STATES DISTRICT COURT**
10
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11
                      **SAN FRANCISCO DIVISION**
12

13

14  THE BURLINGTON INSURANCE          No. C 07 4625 MEJ
    COMPANY and FIRST FINANCIAL
    INSURANCE COMPANY,               **DECLARATION OF WALTER CRUMP IN**
15                                    **SUPPORT OF DEFENDANTS' MOTION**
                                      **TO: 1) DISMISS PLAINTIFFS'**
16            Plaintiffs,             **COMPLAINT FOR LACK OF**
                                      **JURISDICTION OR IN THE**
17      v.                            **ALTERNATIVE, STAY PROCEEDINGS;**
                                      **AND 2) CHANGE TIME PURSUANT TO**
18  HOTEL SUNRISE, LLC., d.b.a. HOTEL **LOCAL RULE 6-3**
    SUNRISE; KIRIT B. PATEL a.k.a. KEN
    PATEL; DHARMESH B. PATEL a.k.a.
19  DANNY PATEL, AND DOES 1           Date:   November 15, 2007
    THROUGH 20,                       Time:   10:00 a.m.
20                                    Judge:  The Hon. Maria-Elena James
              Defendant(s).
21

22

23          I, WALTER CRUMP, declare as follows:

24          1.      am an attorney at law duly licensed to practice before the courts of this state and

25  am an associate at Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP.  I am one of the attorneys of

26  record for Defendants Hotel Sunrise, LLC, Kirit B. Patel and Dharmesh B. Patel.

27          2.      I have personal knowledge of the following facts, except those stated on

28  information and belief.  As to those facts, I believe them to be true.  If called upon to testify, I

                                         - 1 -

1    could and would testify competently to the contents of this declaration.

2        3.    My colleague Alexander Berline was out of the office from September 20, 2007

3    through September 30, 2007 on vacation.   Mr. Berline did not return to the office until October 1,

4    2007.

5        4.    While Mr. Berline was on vacation, my colleague Richard Stratton contacted

6    Plaintiffs' Counsel David Demo and left a voicemail message with Mr. Demo requesting that Mr.

7    Demo confirm the service date corresponding to Plaintiffs' Complaint.  I was present in Mr.

8    Stratton's office at the time that he left this message.

9

10        5.    On information and belief, Mr. Demo subsequently advised Mr. Stratton that

11    Plaintiffs' Complaint had been served not on September 15, 2007, but rather on September 10,

12    2007.

13        6.    On information and belief, it is my understanding that Mr. Stratton requested from

14    Plaintiffs' counsel a brief extension of time in which to respond to Plaintiffs' Complaint.

15

16        7.    On  Friday, September 29, 2007, Mr. Demo advised our office via voicemail that

17    he would conditionally grant Defendants an extension of time provided that the response was an

18    Answer.

19        8.    Also on Friday, September 29, 2007, Mr. Stratton requested, by telephone and

20    voicemail, from Mr. Demo an unconditional extension of time to respond to Plaintiffs'

21    Complaint.  I was present in Mr. Stratton's office at the time that he made this request via

22    voicemail.  In the course of making this request, Mr. Stratton further advised that Defendants

23    were requesting the extension in light of Mr. Berline's absence from the office as a result of his

24    vacation.  In the course of making this request, Mr. Stratton further advised Mr. Demo that

25    Defendants needed additional time so that Mr. Berline could substantively review the matter

26

27    following his return from his vacation and determine the most appropriate way to respond.  Mr.

28

- 2 -

Declaration of Walter Crump in Support of Defendants' Motion to Dismiss and
Further Relief--Case No. C 07 4625 MEJ               1362237.1

Stratton suggested that an extension up to and including October 5, 2007 would be sufficient.

9.    On information and belief, it is my understanding that on Friday, September 29, 2007, Mr. Demo advised Mr. Stratton that he needed to obtain the approval of his clients prior to granting such a request.

10.    On Wednesday, October 3, 2007, I sent Mr. Demo an email requesting that he advise me of the status of our extension request. A true and correct copy of my October 3, 2007 email to Mr. Demo is attached hereto as **EXHIBIT 3.**

11.    On Thursday, October 4, 2007, I received an email from Mr. Demo denying Defendants' request for an unconditional extension of time in which to respond to Plaintiffs' Complaint. A true and correct copy of Mr. Demo's October 3, 2007 email to me is attached hereto as **EXHIBIT 4.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge and that I have executed this declaration on October 5, 2007 at San Francisco, California.

_____/S/_____
WALTER CRUMP

Declaration of Walter Crump in Support of Defendants' Motion to Dismiss and
Further Relief--Case No. C 07 4625 MEJ

1362237.1

# EXHIBIT 3

# Walter G. Crump

**From:** Walter G. Crump
**Sent:** Wednesday, October 03, 2007 5:18 PM
**To:** 'ddemo@plawp.com'
**Cc:** Alexander Berline; Richard J. Stratton
**Subject:** Follow Up Re: Extension Request

Dear Mr. Demo:

It was nice talking to you earlier today.

I would like to follow up with you regarding our request of last week for an extension of time in which to respond to Burlington's and First Financial Insurance Company's (Plaintiffs) Complaint. In response to our request, you agreed to grant Defendants an extension to *answer* Plaintiffs' Complaint. However, in the course of preparing a response to Plaintiffs' Complaint, Defendants, as you might expect, do not wish to limit their rights to respond the Complaint as they feel is most appropriate. Indeed, as mentioned to you in our telephone conversation of today, Defendants are considering whether the federal court should decline to exercise jurisdiction and/or whether the declaratory relief action should be stayed in light of the status of the pending state court action.

Last Friday, you advised my colleague Richard Stratton that you would need to check with your client to determine whether you would be able to grant Defendants an extension to *respond* to Plaintiffs' Complaint as opposed to an extension merely to answer. Would you kindly let me know whether your client is agreeable to granting Defendants an extension to respond to Plaintiffs' Complaint.

As previously mentioned, my colleague Alex Berline, who is taking the lead on this case, received his copy of Plaintiffs' Complaint late in the day, on his last day at work, prior to his vacation in Italy. He therefore did not have time, prior to his trip, to consider how he would like to respond in light of the factual and procedural nature of the case. Alex returned to the office only this past Monday.

We respect the need and understandable desire to confer with clients in connection with granting extensions. However, should your client be disinclined to grant Defendants a modest extension of time, it might be helpful to point out the following statement found in the Rutter Group's Federal Practice Guide, 9:56-9:57: "A lawyer should not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint."

Also, as you likely understand, we would prefer avoiding having to seek relief from the court such as through the filing of a motion for an extension of time.

As noted, we would be happy with a modest extension. Two weeks, or even a week, from today would be ideal.

Thank you for your attention to the foregoing and the professional courtesy and cooperation that you have demonstrated thus far. We would appreciate it if you would provide us with your thoughts as to our request as soon as you are able to do so.

Sincerely,

**Walter G. Crump**
Direct Dial: 415.995.5845
wcrump@hansonbridgett.com

HANSON          425 Market Street, 26th Floor
BRIDGETT San Francisco, CA 94105-2173
MARCUS          Tel: 415.777.3200; Fax: 415.541.9366
VLAHOS          Marin Office: 415.925.8400
RUDY, LLP       Sacramento Office: 916.442.3333

http://www.hansonbridgett.com

1

# EXHIBIT 4

# Walter G. Crump

**From:**       David Demo [DDemo@plawp.com]
**Sent:**       Thursday, October 04, 2007 9:09 AM
**To:**         Walter G. Crump
**Cc:**         Alexander Berline; Richard J. Stratton
**Subject:**    RE: Follow Up Re: Extension Request


Walter,

My clients want to move this matter forward, with the understanding of course that
required disclosures and other activities set forth in the court's "Order Setting Initial
Case Management Conference and ADR Deadlines" probably should be deferred in some ways in
light of the fact that, since the date we first filed this action, the underlying trial
has been continued to February. Accordingly, as we discussed yesterday, I am willing to
discuss the notion of a stipulation to accomplish that deferral, but my client declines to
dismiss the complaint altogether.

As you know, your clients are now in default since no response to the complaint was filed
by the October 1 deadline.  As an accommodation, we will not make any efforts to initiate
any default judgment proceedings before next Monday, October 8.  That should allow your
clients ample time to file a responsive pleading.  Recall that, when Rich Stratton and I
discussed this matter last Friday and you asked for an extension, he indicated that you
would be able to file a response no later than this Friday, October 5.

Notwithstanding this accommodation, please understand we do not waive any rights to
assert, in opposition to any motion you might file in lieu of an answer, that such motion
is untimely in any event in light of the default.

I also want to confirm our later discussion yesterday in which I alerted you to the
allegation reflected in plaintiffs' mediation brief (in the underlying action) pertaining
to potential class members/other similarly situated tenants who were allegedly victims of
your clients' unfair business practices.  Plaintiffs claim that those business practices
extended back to the August 2002 time frame.  Should the court permit those allegations to
stand at trial, there may be the potential for coverage under any insurance in effect from
August 2002 until February
2003 when First Financial came onto the risk for the first time.  You agreed to look into
the identity of any other insurers on the risk prior to February 2003 to whom tenders
might be appropriate.  Information we have reflects that Penn America may have insured the
risk during
2002-2003 and also during 2000-2002, and Credit General (Scottsdale) may have insured it
from 1999-2000.  Please follow up on contacting appropriate insurers to tender the matter
and also provide us with copies of all pertinent information about those insurers and
tenders.

Thank you.
David Demo


-----Original Message-----
From: Walter G. Crump [mailto:WCrump@hansonbridgett.com]
Sent: Wednesday, October 03, 2007 5:18 PM
To: David Demo
Cc: Alexander Berline; Richard J. Stratton
Subject: Follow Up Re: Extension Request

Dear Mr. Demo:

It was nice talking to you earlier today.

I would like to follow up with you regarding our request of last week for an extension of
time in which to respond to Burlington's and First Financial Insurance Company's
(Plaintiffs) Complaint.  In response to our request, you agreed to grant Defendants an
extension to answer Plaintiffs' Complaint.  However, in the course of preparing a response

1

to Plaintiffs' Complaint, Defendants, as you might expect, do not wish to limit their rights to respond the Complaint as they feel is most appropriate.  Indeed, as mentioned to you in our telephone conversation of today, Defendants are considering whether the federal court should decline to exercise jurisdiction and/or whether the declaratory relief action should be stayed in light of the status of the pending state court action.

Last Friday, you advised my colleague Richard Stratton that you would need to check with your client to determine whether you would be able to grant Defendants an extension to respond to Plaintiffs' Complaint as opposed to an extension merely to answer.  Would you kindly let me know whether your client is agreeable to granting Defendants an extension to respond to Plaintiffs' Complaint.

As previously mentioned, my colleague Alex Berline, who is taking the lead on this case, received his copy of Plaintiffs' Complaint late in the day, on his last day at work, prior to his vacation in Italy.  He therefore did not have time, prior to his trip, to consider how he would like to respond in light of the factual and procedural nature of the case.  Alex returned to the office only this past Monday.

We respect the need and understandable desire to confer with clients in connection with granting extensions.  However, should your client be disinclined to grant Defendants a modest extension of time, it might be helpful to point out the following statement found in the Rutter Group's Federal Practice Guide, 9:56-9:57:  "A lawyer should not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint."

Also, as you likely understand, we would prefer avoiding having to seek relief from the court such as through the filing of a motion for an extension of time.

As noted, we would be happy with a modest extension.  Two weeks, or even a week, from today would be ideal.

Thank you for your attention to the foregoing and the professional courtesy and cooperation that you have demonstrated thus far.  We would appreciate it if you would provide us with your thoughts as to our request as soon as you are able to do so.

Sincerely,

Walter G. Crump
Direct Dial: 415.995.5845
wcrump@hansonbridgett.com

HANSON              425 Market Street, 26th Floor
BRIDGETT       San Francisco, CA  94105-2173
MARCUS              Tel: 415.777.3200; Fax: 415.541.9366
VLAHOS              Marin Office: 415.925.8400
RUDY, LLP           Sacramento Office: 916.442.3333

http://www.hansonbridgett.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any
attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

* * * * * * * * * * * * * * * * * * * * * * * * *

3