1   DAVID B. DEMO (SBN 153997);ddemo@plawp.com
    JENNY J. CHU (SBN 223077); jchu@plawp.com
2   LHB PACIFIC LAW PARTNERS, LLP
    5858 Horton Street, Suite 370
3   Emeryville, CA 94608
    Tel:  (510) 841-7777
4   Fax:  (510) 841-7776

5   ATTORNEYS FOR PLAINTIFFS:
    THE BURLINGTON INSURANCE COMPANY
6   AND FIRST FINANCIAL INSURANCE COMPANY

7

8                  IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11  THE BURLINGTON INSURANCE          )   Case No.:  C 07 4625 MJJ
    COMPANY and FIRST FINANCIAL       )
12  INSURANCE COMPANY                 )   **PLAINTIFFS' OPPOSITION TO**
                                      )   **DEFENDANTS' MOTION TO DISMISS**
13              Plaintiffs,           )   **PLAINTIFFS' COMPLAINT OR IN THE**
                                      )   **ALTERNATIVE TO STAY**
14         v.                         )   **PROCEEDINGS AND FOR CHANGE OF**
                                      )   **TIME PER LOCAL RULE 6-3**
15  HOTEL SUNRISE, LLC., d.b.a. HOTEL )
    SUNRISE; KIRIT B. PATEL a.k.a. KEN)
16  PATEL; DHARMESH B. PATEL a.k.a.   )
    DANNY PAETL, and DOES 1 through 20,)   DATE:    December 4, 2007
17                                    )   TIME:    10:00 a.m.
                Defendant(s).         )   DEPT.:   Courtroom 11
18                                    )   JUDGE:   Hon. Martin Jenkins
                                      )
19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA  94608
(510) 841-7777 - Facsimile (510) 841-7776

1

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................1

II.   PERTINENT FACTS ...........................................................................................2

III.  LAW .....................................................................................................................4

    A.   Standard for Federal Diversity Jurisdiction .........................................4

    B.   A Brief Stay of Proceedings is Appropriate – As Agreed By All Parties...........5

    C.   Because This Is Not An "Exceptional Case," *Colorado River* Doctrine
        Mandates That The Court Should Not Avoid Its Duty to Exercise
        Jurisdiction ..........................................................................................6

        1.   Standards Applicable to *Colorado River* Doctrine ................................6

        2.   Underlying State Action Is Not Similar or Parallel To Instant Action ...8

    D.   The "General Rule" Relied On By Defendants Does Not Apply Because
        Plaintiffs Seek Money Damages In This Action - Not Simply A Declaratory
        Judgment ............................................................................................10

    E.   The Considerations Of *Brillhart* Otherwise Do Not Support Abstention.........11

    F.   California Law Does Not Otherwise Bar This Insurance Coverage Action .....13

IV.   CONCLUSION....................................................................................................14

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA  94608
(510) 841-7777 - Facsimile (510) 841-7776

i

# TABLE OF AUTHORITIES

**Cases**

*Aetna Cas. & Sur. Co. v. Merritt,*
974 F.2d 1196, 1199 (9th Cir. 1992).................................................................................11

*Blue Ridge Ins. Co. v. Jacobson*
(2001) 25 Cal.4[th] 489 .............................................................................................3, 9, 13

*Brillhart v. Excess Ins. Co. of America*
316 U.S. 491 ........................................................................................................................11

*Buss v. Superior Court*
(1997) 16 Cal.4[th] 35 ..............................................................................................3, 9, 13

*California Ins. Guar. Ass'n v. Sup. Ct. (Jakes at the Shore, Inc.)*
231 Cal.App.3d 1617 (1991)..............................................................................................13

*Colorado River Conservation Dist. v. United States*
424 U.S. 800 ............................................................................................................6, 7, 11

*Employers Reinsurance Corp. v. Karussos*
65 F.3d 796 (9th Cir. 1995)...............................................................................................10

*General of America Ins. Co. v. Lilly*
258 Cal.App.2d 465 ...........................................................................................................13

*Gov't Employees Ins. Co. v. Dizol*
133 F.3d 122 .......................................................................................................................11

*Gulfstream Aerospace Corp. v. Maycamas Corp.*
485 U.S. 271, 277 ................................................................................................................7

*Intel Corp. v. Advanced Micro Devices, Inc.*
12 F.3d 908 (9th Cir. 1993.................................................................................................7

*McClellan v. Carland*
217 U.S. 268 (1910)..............................................................................................................6

*Montrose Chem. Corp. v. Supr. Ct.*
25 Cal.App.4[th] 902 ............................................................................................................13

*Montrose Chem. Corp. v. Supr. Ct.*
6 Cal.4[th] 287 ....................................................................................................................13

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*
460 U.S. 28, 103 ..................................................................................................................7

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

ii

*Quakenbush v. Allstate Ins. Co.*
517 U.S. 706 ................................................................................................................ 10

*Strawbridge v. Curtis*
7 U.S. 267 (1806) .......................................................................................................... 5

**Statutes**
28 United States Code Section 1332 ....................................................................... 1, 4

California Code of Civil Procedure Section 2860 ........................................................ 2

**Other Authorities**

*Clarendon America Ins. Co. v. Sorg Corp et al.*
Case number 07-1966 SC ............................................................................................. 6

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA  94608
(510) 841-7777 - Facsimile (510) 841-7776

## I.    INTRODUCTION

There is, and for some time has been, a controversy between the parties as to the extent of insurance benefits owed by plaintiffs in favor of defendants in connection with the underlying state court action.  In light of these disputes, plaintiffs filed this complaint at a time when they anticipated that the underlying state court action would have been completed before this matter was at issue.  The instant complaint was filed on September 7, 2007 - about two weeks before the trial of the state action was to have started (which was September 24, 2007).  Unexpectedly, when that trial date arrived, the state court trailed the matter for one week before it eventually continued the trial to February 2008.

Because the underlying action was not resolved as was anticipated at the outset, plaintiffs advised defendants that a stay of the current action certainly would be appropriate.  Instead of submitting a stipulated stay of proceedings to the court, for unknown reasons defendants chose to file the instant motion to stay proceedings.  The motion is unnecessary because plaintiffs agree, and at all pertinent times have agreed, that a stay is appropriate since the underlying action has not been concluded as was originally expected.  Plaintiffs continue to maintain that a stay should be granted and therefore that defendants' motion should be granted in that regard.

As to that portion of defendants' motion seeking a complete dismissal of plaintiffs' entire complaint, however, it should be denied for several reasons.  First, this court plainly has jurisdiction over this matter pursuant to 28 USC § 1332: the amount in controversy exceeds $75,000 and there is complete diversity of citizenship of the parties, points **not disputed** by any party.  Second, a stay of proceedings will permit the underlying state case to be concluded, and pertinent facts to be resolved, so that this court may then exercise its jurisdiction to resolve the remaining insurance coverage issues presented in this matter.  Third, under the *Colorado River*[1] doctrine, this court may not avoid its duty to exercise jurisdiction here because this is **not** an "exceptional" case.  Fourth, the "general rule" relied upon so heavily by defendants (that is, that it would be an abuse of this court's discretion not to dismiss) does **not** apply here.  That rule is

---

[1] *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed. 483 (1976)

1

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1    inapplicable because: (a) this action seeks money damages (not pure declaratory relief), (b) there

2    is no parallel state court action pending (plaintiffs are not, nor are they able to be, parties to the

3    pending state action), and (c) resolution of the underlying state action will not end the insurance

4    coverage disputes between the parties herein.  Moreover, even if the court examined factors to be

5    applied under a discretionary standard (as raised in *Brillhart*[2]), those considerations further

6    demonstrate that the court should not abstain from exercising its jurisdiction here.  Fifth, contrary

7    to defendants' additional argument, basic California insurance law does **not** prohibit an insurer

8    from pursuing this type of action in federal court while the underlying state action is pending.

9        Therefore, the court should deny defendants' motion to dismiss and order the matter

10    stayed (as the parties have agreed) for a brief time until the underlying state action has been

11    concluded.

12    ## II.    PERTINENT FACTS

13        Defendant Hotel Sunrise, LLC was insured by plaintiffs for several years under four

14    separate one-year general liability insurance policies.  On August 4, 2006, two of the hotel's

15    tenants filed the underlying suit against all defendants, alleging various wrongful acts and

16    omissions regarding their tenancy at the hotel, which ended in September 2005.  During the ten

17    months after the complaint was filed, defendants' own counsel defended the action.  Finally, just

18    a few months before the trial date, defendants decided to tender the matter to plaintiffs under the

19    insurance policies.  The Burlington Insurance Company ("Burlington") accepted the tender in

20    connection with the insurance policy that was in effect at the time of the alleged wrongful acts by

21    defendants in connection with the tenants of the hotel.[3]

22        Reserving all rights, Burlington promptly provided and paid for separate counsel for

23    defendants, and that counsel has been providing a full and complete defense to the entire action.

24    Burlington also has agreed to pay for independent (*Cumis*) counsel for defendants pursuant to

25

26

27    ---

[2] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)

[3] Burlington and First Financial Ins. Co. otherwise declined to provide any insurance benefits for

28    the underlying action in connection with the other three insurance policies issued to Hotel
Sunrise, LLC because those policies were not in effect at the time of the alleged wrongful acts in
2005.

2

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1   California *Civil Code* § 2860.  (See Exhibits 1 and 2 to Declaration of Kirit Patel in support of

2   Defendants' motion to dismiss).

3          Contrary to comments in defendants' moving papers, Burlington is **not** seeking a

4   determination from this court that it owes no defense and/or no indemnity whatsoever to

5   defendants in connection with the underlying matter.[4]  Indeed, Burlington contends that it likely

6   may owe defendants **some** indemnity for **some** of the liability for which defendants might be

7   found liable under the state action.  As reflected in its 8/31/07 correspondence to defendants

8   however (Exhibit 1 to Patel Decl.), Burlington maintains that the vast majority of damages for

9   which defendants might be found liable in the underlying action are excluded from coverage

10  under the insurance policy through which Burlington is providing a defense under a reservation

11  of rights.  In other words, the potential indemnity owed by Burlington would be very limited in

12  connection with the allegations for which defendants might be liable to tenants in the state

13  action.  However, because there is potential indemnity owed for some of damages for which

14  defendants might be liable to the tenants, Burlington properly continues to provide a full defense

15  subject to a reservation of rights and does not in this current action seek any ruling by which it

16  would attempt to withdraw entirely from the defense it is providing.

17         Instead, what Burlington seeks to recover from defendants in the instant action falls into

18  two categories:  (1) it seeks reimbursement of some of the defense costs it has paid to date and

19  will pay in the future, and (2) it seeks reimbursement for some or all of the indemnity/settlement

20  it may pay in the future.  As to defense costs, Burlington seeks recovery of money damages from

21  defendants for the reimbursement of defense costs it paid and will pay to defend claims that are

22  not covered under the insurance policy, pursuant to *Buss v. Superior Court* (1997) 16 Cal.4[th] 35.

23  Similarly, to the extent that Burlington pays funds to settle the underlying case on behalf of

24  defendants, and/or for their liability following trial, Burlington will seek to recover money

25

26  _____

27  [4] Of course, neither Burlington nor First Financial Ins. Co. waive their contentions that there are
    no insurance benefits owed in connection with the three particular insurance policies that were

28  not in effect at the time of the alleged wrongful eviction, under which they have previously
    declined to provide coverage for defendants.

3

1   damages from defendants to the extent that any such payment is disproportionate to the damages

2   covered under the insurance policy for which defendants might be liable, pursuant to *Blue Ridge*

3   *Ins. Co. v. Jacobson* (2001) 25 Cal.4th 489, and related authority.

4          Contrary to defendants' arguments, neither of these issues will be decided in the

5   underlying action. The state court action will not determine the extent to which Burlington is

6   entitled to reimbursement of defense costs nor will it decide whether Burlington is entitled to

7   recover any portion of any settlement/judgment paid, or the amount thereof. Rather, the factual

8   issues to be decided in the state action are limited to whether defendants are liable for the various

9   causes of action asserted by their former tenants in connection with the alleged wrongful and the

10  damages for any such liability. The state court action will not resolve the insurance coverage

11  disputes between plaintiffs and defendants, it will not determine the amount of defense costs for

12  which Burlington is entitled to reimbursement under *Buss*, and it will not determine the amount

13  of settlement/indemnity for which Burlington is entitled to be reimbursed under *Blue Ridge*.

14         Therefore, this court will be called upon to decide those outstanding issues that will still

15  be unresolved following the completion of the state court action. There will be no duplication of

16  effort, no waste of judicial resources and no risk of inconsistent results by permitting this action

17  to proceed to address those insurance coverage matters after the underlying action is concluded.

18  **III.    LAW**

19        **A.    Standard for Federal Diversity Jurisdiction**

20         The court has jurisdiction to hear plaintiffs' action by virtue of the federal diversity

21  statute, 28 USC §1332, which provides:

22         (a)    The district courts shall have original jurisdiction of all civil actions where

23                the matter in controversy exceeds the sum or value of $75,000, exclusive

24                of interests and costs, and is between –

25                (1)    citizens of different States;

26                (2)    citizens of a State and citizens or subjects of a foreign state;

27                (3)    citizens of different States and in which citizens or subjects of a

28                       foreign state are additional parties; and

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

Case No.: C 07 4625 MJJ                    Plaintiffs' Opposition to Motion to Dismiss Complaint

1           (4)      a foreign state, defined in section 1603(a) of this title, as plaintiffs

2                and citizens of a State or of different States.

3       Here, as reflected in the complaint in this action (paragraph 6), the amount in controversy

4 in this matter clearly exceeds $75,000.[5] Furthermore, there is complete diversity of citizenship

5 as between the plaintiffs and defendants. All that is required for complete diversity is for all

6 plaintiffs to be of different citizenship than all defendants. *Strawbridge v. Curtis,* 7 U.S. 267

7 (1806). Here, both Burlington and First Financial Insurance Company are citizens of states other

8 than California (Burlington is a citizen of North Carolina and First Financial Ins. Co. is a citizen

9 of Illinois; see paragraphs 1 and 2 of complaint). Each of the defendants is a citizen of the state

10 of California (see paragraphs 3 and 4 of complaint). None of the defendants is a citizen of either

11 North Carolina or Illinois, the states of which plaintiffs are citizens. Therefore, there is complete

12 diversity of citizenship and jurisdiction is proper before this district court.

13     **B.**    **A Brief Stay of Proceedings is Appropriate – As Agreed By All Parties**

14       This matter was filed when it was reasonably anticipated that the underlying state court

15 action would have been concluded by the time this matter would have been at issue. However,

16 the state court then unexpectedly continued the trial of the underlying action until February 2008.

17 Consequently, plaintiffs proposed to defendants that it was appropriate to stipulate to stay this

18

19

20 [5] The tenants in the underlying state action seek to recover nearly $3 million from defendants for the alleged wrongful evictions, based on a variety of common law theories of recovery and statutory schemes. Plaintiffs' mediation brief dated August 24, 2007, itemized eleven different

21 categories of damages for which defendants are allegedly liable, for a total of demand figure of $2,797,157. For example, in the tenants' complaint in the underlying state action (attached as

22 Exhbit A to Burlington's instant complaint before this court), tenant Phyllis Robins alleges she was locked out of the hotel beginning on September 7, 2005, and therefore she seeks, among

23 other prayers for relief, statutory penalties of at least $100 per day from the date of lock out until the present, pursuant to California Civil Code §798.3. See paragraphs 42 and 72-76 of Exhibit A

24 to the instant complaint. As of the date on which Burlington filed this action, the penalties for just that statute violation totaled in excess of $73,000. It should also be noted that the tenants

25 seek to treble actual damages recoverable from defendants under §37.9(f) of the San Francisco Rent Ordinance. In addition, punitive damages of at least $400,000 and attorney fees of at least

26 $120,000 also are sought against defendants. Furthermore, the attorneys fees incurred by

27 Burlington so far in defending the defendants to date exceed the sum of $81,069. See Declaration of David Demo in Support of Opposition To Motion To Dismiss Complaint.

28

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

5

1   matter for a few months until such time as the underlying case had been concluded, either by

2   settlement or by trial, no later than approximately February 2008.  Defendants did not accept that

3   proposal to stipulate to a stay.  Instead they filed this motion unnecessarily.  Plaintiffs continue to

4   agree that a brief stay is appropriate and therefore do not oppose defendants' motion in that

5   regard.

6          This court has the power to stay the action, even if though it does not have the discretion

7   to dismiss it under abstention principles.  We urge this court to follow the example of Senior

8   U.S. District Judge Samuel Conti who was called upon earlier this year to consider a motion to

9   dismiss similar to that raised here.  Judge Conti denied the insureds'/defendants' motion to

10  dismiss and instead stayed the matter pending resolution of the underlying state action (in the

11  case of *Clarendon America Ins. Co. v. Sorg Corp et al,* case number 07-1966 SC).  A copy of his

12  ruling is attached hereto as Exhibit A.

    **C.     Because This Is Not An "Exceptional Case," *Colorado River* Doctrine Mandates That The Court Should Not Avoid Its Duty to Exercise Jurisdiction**

        **1.     Standards Applicable to *Colorado River* Doctrine**

16         Jurisdictional abstention is not required in an action in a federal court that has proper

17  jurisdiction merely by virtue of the pendency of a related state action.  *McClellan v. Carland,*

18  217 U.S. 268 (1910), provides that the pendency of a related action in state court does not

19  prevent a federal court from proceeding with its case if it has proper jurisdiction.

20         Rather, abstention may be appropriate in four types of cases: (1) cases involving a federal

21  constitutional issue that might be affected or mooted by a state court determination of state law;

22  (2) cases presenting questions of state law that bear on important public policy concerns whose

23  "importance transcends the result in the case at bar" or where federal review would confuse a

24  state's "elaborate review system;" (3) cases in which federal jurisdiction has been sought simply

25  to stall state criminal proceedings; or (4) cases presenting "exceptional circumstances."

26  *Colorado River Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed. 483

27  (1976).

28  / / /

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

6

Case No.: C 07 4625 MJJ                    Plaintiffs' Opposition to Motion to Dismiss Complaint