The case at bar does not involve either a federal constitutional question, an elaborate state review system, or the stalling of state proceedings of a criminal or a civil nature. Therefore, the court must analyze the case under the fourth exception identified in *Colorado, supra*, and decide whether to abstain under the standards established under what is commonly referred to as the "*Colorado River* Doctrine."

The Supreme Court in *Colorado River* held that:

> ▶ Federal courts have a "virtually unflagging obligation" to exercise jurisdiction conferred on them by Congress. *Id.* at 817-818.
>
> ▶ "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813.
>
> ▶ A district court may decline to exercise jurisdiction only in exceptional circumstances. *Id.*

Later courts considering the *Colorado River* Doctrine have applied multiple factors to determine whether "exceptional circumstances" exist in any given case sufficient to warrant jurisdictional abstention. None of the factors considered by those courts apply here to deem this an "exceptional" case where abstention would be appropriate.

Moreover, the Ninth Circuit has held that a court need not engage in any such detailed multi-factor analyses in the first instance where there exists "a substantial doubt as to whether the state proceedings will resolve the federal action." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908 (9th Cir. 1993). Where there is such doubt, there should be no abstention. The Ninth Circuit explained that rationale behind this notion is based on the Supreme Court's reasoning in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 28, 103 S.Ct. 927, 943 (1983):

> When a district court decides to dismiss . . . under *Colorado River* it presumably concludes that the parallel state court litigation will be an adequate vehicle for complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant . . . the dismissal at all.

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

The Court reiterated its concern for the prompt and final resolution of all disputed issues in a later discussion of the *Colorado River* Doctrine, declaring that a district court may abstain only if it has "full confidence" that the parallel state proceeding will end the litigation. *Gulfstream Aerospace Corp. v. Maycamas Corp.*, 485 U.S. 271, 277, 108 S.Ct. 1133, 1137 (1988). Under the facts at issue here, substantial doubt exists because there is no question but that the resolution of the underlying state action will not be an adequate vehicle for either the prompt or complete resolution of the insurance coverage issues between plaintiffs and defendants. This district court could never have full confidence that the state action will end the litigation between the parties. For this reason alone, abstention is improper.

## 2. Underlying State Action Is Not Similar or Parallel To Instant Action

Clearly the underlying state action against the defendants is not similar or parallel to this action. Indeed, the state case involves claims against the defendants based on their alleged liability to tenants for wrongfully evicting them and other similarly situated tenants who resided at Hotel Sunrise. While certain facts will be established in the underlying action as to defendants liability for those claims, the state court matter does not directly involve the adjudication of any insurance coverage issues. Most importantly, the plaintiff insurance companies are not parties to the underlying state action and have no opportunity to participate in that matter as parties. The underlying state action only will determine the extent to which, if at all, defendants are liable under a number of different causes of action asserted against them by their former tenants, and the damages for which they might be liable on each such claim. The state action will not determine the extent to which, if at all, the insurance company plaintiffs were obligated to provide insurance indemnity for any of the defendants in connection with any of the damages for which defendants might be liable to the tenants.

Specifically, in the instant federal action Burlington seeks to recover money damages from defendants. The question of whether Burlington may recover those damages will not be resolved in the state action. The damages sought include the following:

▶ The attorneys fees paid and to be paid by Burlington for the defense of defendants against claims that were not covered by the insurance policies.

▶ The other litigation expenses (costs, expert fees, etc.) paid and to be paid by Burlington for the defense of claims that were not covered by the insurance policies.

▶ That portion of any settlement funds that might be paid by Burlington for the settlement of claims that were not covered by the insurance policies.

▶ That portion of any judgment that might be paid by Burlington for any liability of defendants for claims that were not covered by the insurance policies.

Plaintiffs herein will have no opportunity to assert any of these claims for money damages in the underlying state court action. There will be no evidence heard in state court action in connection with any of the insurance coverage issues raised by these claims. Neither the jury nor the judge in the state action will make any determinations as to whether Burlington is entitled to reimbursement from defendants for any defense or indemnity/settlement payments made on account of defendants in that matter.

Instead, it will be this federal court which will be called upon to consider these issues that will never be litigated in state court. The facts to be presented to this court will involve: (a) the existence and content of the insurance policy forms forming the insurance contracts between plaintiffs and defendants, (b) documents and evidence reflecting the attorneys fees and litigation expenses paid by Burlington for the defense of its insured, (c) documents and evidence reflecting any settlement payment made by Burlington on behalf of its insured, and (d) documents and evidence reflecting any adverse judgment that might be paid by Burlington following the trial of the underlying action. None of those facts, documents and evidence will be considered by either the judge or jury in the underlying state action when rulings are made in that forum on the liability claims asserted against defendants by their former tenants.

For these reasons, this instant federal action is not similar to or parallel with the underlying state court action. The conclusion of the state court action will not resolve the disputes between plaintiffs and defendants herein either as to Burlington's claim for reimbursement of defense costs under *Buss, supra*, or as to its claim for reimbursement of any funds paid for settlement/satisfaction of judgment under *Blue Ridge, supra*. Because this is no

///

Case No.: C 07 4625 MJJ        Plaintiffs' Opposition to Motion to Dismiss Complaint

possibility of any confidence that the state action will end the litigation between plaintiffs and defendants herein, it is wholly inappropriate for the court to avoid exercising jurisdiction.

### D. The "General Rule" Relied On By Defendants Does Not Apply Because Plaintiffs Seek Money Damages In This Action - Not Simply A Declaratory Judgment

Defendants rely almost exclusively on the argument that there is a "general rule" applicable to this matter mandating that it would be an abuse of discretion for this court not to dismiss under an abstention doctrine. However, defendants' argument is misplaced because that "general rule" simply does not apply here. That rule applies only to cases where the relief requested is limited to equitable remedies or declaratory relief. That "general rule" favoring absention does not apply to actions for money damages, such as the instant action.

The Supreme Court clarified the extent to which a federal court has discretion to dismiss a case to avoid its exercise of jurisdiction in *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712 (1996). There the Court declared that the federal courts have the power to dismiss cases based on abstention principles only where the relief sought is equitable or otherwise discretionary and may not do so in a common-law action for money damages. Justice O'Connor wrote:

> Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. Because this was a damages action, we conclude the District Court's remand order was . . . unwarranted. *Id.* at 732, 116 S.Ct. at 1728.

Despite this clear rule of law, based on a number of other related Supreme Court cases, defendants herein nevertheless cite repeatedly to *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995), as the sole federal authority behind their motion to dismiss. *Karussos* does not apply because it dealt with a declaratory judgment action, not a common law claim for money damages. *Karussos* simply does not apply to a common law action for monetary relief such as the case at hand.

Here, Burlington seeks recovery of money from defendants. It does not seek equitable relief nor is the court being asked to provide some sort of relief that is purely discretionary.

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

Indeed, as previously explained, Burlington seeks to recover from defendants the defense costs it paid, and will pay, to defend claims that are not covered under the insurance policy, and it seeks to recover from defendants all monetary damages it pays to settle the underlying case or to satisfy any liability determined at the trial court level, to the extent that such payments are disproportionate to the liability for claims that are covered by the insurance policy. Contrary to defendants' allegations, this action does not represent an effort by plaintiffs to obtain a declaration from the court that there is absolutely no duty to provide a defense in the state action or that there is no possibility that some limited indemnity might be owed by Burlington in favor of defendants. Therefore, *Karussos* is not on point, and the "general rule" utilized in that case simply does not apply here to support abstention.

### E. The Considerations Of *Brillhart* Otherwise Do Not Support Abstention

From established case law, it is clear that the court should not dismiss this action under an abstention principle. There are no "exceptional" circumstances present, plus the state court action will not resolve any of plaintiffs' claims for reimbursement of defense costs and settlement/judgment payments. Because money damages are sought, no discretion is permitted to be applied at all by the district court. Instead, the rule **against abstention** should be followed here (as discussed in *Colorado River, supra*).

However, should the court for some reason nevertheless apply a different standard under which it might consider abstention to be within its discretion, the guidelines applicable to any such discretionary consideration still would militate against dismissal. The Supreme Court in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), discussed the factors for a district court to consider in deciding whether to accept or decline jurisdiction over a declaratory relief action (again, here the matter involves requests for money damages, not just merely for declaratory or equitable relief).

The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory relief actions as a means of forum shopping; and it should avoid duplicative litigation. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)

The Ninth Circuit in *Dizol* went on to clarify additional important points:

> However, there is no presumption in favor of abstention in declaratory relief actions generally, nor in insurance cases specifically. "We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory relief action against an insured on an issue of coverage." *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992).

These points highlight again that the court should not apply a discretionary standard to this matter because it involves claims for monetary relief, not just a declaratory judgment. Indeed, because of the money damages prayer, this court is without any discretion to decline jurisdiction.

Nevertheless, even if the court were to consider exercising discretion, in applying the first *Brillhart* factor, it is clear that staying the action will avoid any concern about a needless determination of state law issues. That is because the underlying state action, once concluded, will establish certain facts, under state law, as to defendants' liability for the claims brought by their tenants. Staying this action until those facts are established will avoid the need for this court to determine those issues in the federal forum.

As to the second *Brillhart* factor, this is not solely a declaratory judgment action so there is no concern raised about possible forum shopping. A stay of this action until the state action is resolved will result in depriving plaintiffs with an alternate forum while the underlying action is still pending.

Finally, as to the third *Brillhart* factor, there will be no duplicative litigation here because the issues to be resolved in the state action are not the same as those to be decided in this forum. The state action is not parallel or similar to this action because it will not address the insurance coverage dispute nor will it determine the extent to which Burlington is entitled to reimbursement from defendants of defense/indemnity/settlement payments.

For these reasons, even if the court were to apply incorrectly the criteria applicable to a pure declaratory relief action (which this action is not), the *Brillhart* factors for consideration demonstrate that abstention is not appropriate. (Also, see Exhibit A, Judge Conti ruling dated June 29, 2007).

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

### F. California Law Does Not Otherwise Bar This Insurance Coverage Action

Defendants present a secondary argument in their motion, based on their mischaracterization of California insurance law. Contrary to the authorities they cite, it is not improper or forbidden under state law for an insurer to bring an action such as this one. Indeed, in two separate opinions, the California Supreme Court has squarely and unequivocally declared that insurers have the right to seek reimbursement from insureds of both defense costs and indemnity/settlement payments  See *Buss v. Superior Court* (1997) 16 Cal.4th 35, and *Blue Ridge Ins. Co. v. Jacobson* (2001) 25 Cal.4th 489. Pursuant to these authorities, plaintiffs properly commenced the instant action.

This is not a situation wherein an insurer seeks a ruling that it has no duty to defend its insured in an effort to withdraw its defense of the insured abruptly and completely during the pendency of the underlying action. Nor is this case where the insurer intends to commence immediate and protracted litigation against its insured which might somehow prejudice the insured in its ability to defend itself in the underlying action. Instead, plaintiffs here simply seek to recover those portions of defense/indemnity/settlement payments it has paid and will pay in amounts disproportionate to the claims covered by the insurance policy issued to Hotel Sunrise, LLC.

The cases cited by defendants do not support the dismissal of this case. For example, in both of the *Montrose* cases (*Montrose Chem. Corp. v. Supr. Ct.*, 25 Cal.App.4th 902 (1994) and *Montrose Chem. Corp. v. Supr. Ct.*, 6 Cal.4th 287 (1993)) as well as in *General of America Ins. Co. v. Lilly*, 258 Cal.App.2d 465 (1968) (decided, by the way, long before either *Buss* or *Blue Ridge*), the courts found that declaratory relief actions were not appropriate at times when separate underlying actions would have necessarily resolved the questions of whether the insurers were obligated to defend and indemnify the insureds. Here, that is not the case because questions as to the extent of Burlington's right to reimbursement will not be resolved in the state action in that the state action does circumscribe the entire controversy between the insurers and the insureds. Also, *California Ins. Guar. Ass'n v. Sup. Ct. (Jakes at the Shore, Inc.)* 231 Cal.App.3d 1617 (1991) did not involve similar facts – there the insurer sought to avoid its

defense duty entirely, which result plaintiffs do not seek here. Notably even in *Jakes*, however, the court found it was not an abuse of discretion for the court to stay the declaratory relief action pending resolution of the underlying action.

## IV. CONCLUSION

For the foregoing reasons, the court should stay this action for a brief time until the underlying state action is concluded. Defendants' motion to dismiss the action based on jurisdictional abstention principles should be denied. The court is without discretion to avoid its duty to exercise jurisdiction. Even if discretionary factors were considered under *Brillhart*, there still are not grounds that would justify dismissal here.

DATED: November 12, 2007              LHB PACIFIC LAW PARTNERS, LLP

                                      _____
                                      DAVID B.A. DEMO
                                      JENNY J. CHU
                                      Attorneys for Plaintiffs

Attachment:   Exhibit A (Judge Conti's Order Granting Defendants' Motion to Stay)

14

Case No.: C 07 4625 MJJ                    Plaintiffs' Opposition to Motion to Dismiss Complaint

*The Burlington Insurance Company v. Hotel Sunrise, LLC, et al.*
United States District Court –Northern District Case No. C07-04625 MJJ

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the within action or proceeding. My business address is the law firm of LHB Pacific Law Partners, LLP, 5858 Horton Street, Suite 370, Emeryville, California.

On the date specified below, I served the following:

- **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR IN THE ALTERNATIVE TO STAY PROCEEDINGS AND FOR CHANGE OF TIME PER LOCAL RULE 6-3**

- **DECLARATION OF DAVID DEMO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR IN THE ALTERNATIVE TO STATE PROCEEDINGS AND FOR CHANGE OF TIME PER LOCAL RULE 6-3**

On the following person(s) in this action:

**Walter G. Crump**
Hanson Bridgett Marcus Vlahos Rudy, LLP
425 Market Street, 26 Floor
San Francisco, CA 94105
Fax: 415 541-9366

[X]   **BY MAIL:** By sealing the envelope and placing it for collection and mailing with postage fully prepared in accordance with ordinary business practices.

[ ]   BY FACSIMILE: By transmitting the document listed above by facsimile to the offices of the persons listed above, at the above facsimile number, and having received confirmation that said documents were transmitted to said facsimile number.

[ ]   BY OVERNIGHT DELIVERY: By placing the document(s) listed above for overnight delivery, in a box or other facility regularly maintained by an express service courier, or delivered to an authorized courier or driver authorized by that express service courier with delivery fees paid or provided for, and addressed as set forth above.

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATED:      November 13, 2007                                 _/s/ Shawn R. Church_
                                                                              Shawn R. Church

1

PROOF OF SERVICE