```
1  DAVID B. DEMO (SBN 153997); ddemo@plawp.com
   JENNY J. CHU (SBN 223077); jchu@plawp.com
2  LHB PACIFIC LAW PARTNERS, LLP
   5858 Horton Street, Suite 370
3  Emeryville, CA 94608
   Tel: (510) 841-7777
4  Fax: (510) 841-7776

5  ATTORNEYS FOR PLAINTIFFS:
   THE BURLINGTON INSURANCE COMPANY
6  AND FIRST FINANCIAL INSURANCE COMPANY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PAETL, and DOES 1 through 20,<br><br>Defendant(s). | Case No.: C 07 4625 MJJ<br><br>**DECLARATION OF DAVID DEMO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR IN THE ALTERNATIVE TO STAY PROCEEDINGS AND FOR CHANGE OF TIME PER LOCAL RULE 6-3**<br><br>DATE: December 4, 2007<br>TIME: 10:00 a.m.<br>DEPT.: Courtroom 11<br>JUDGE: Hon. Martin Jenkins |

///
///
///
///
///
///
///
///

1

Case No.: C 07 4625 MJJ          Demo Decl. In Opposition to Motion to Dismiss Complaint

I, DAVID DEMO, declare as follows:

I am an adult, competent to testify in court, and if called as a witness, I could and would testify from my own personal knowledge as follows:

1. I am an attorney and partner with the law firm of LHB Pacific Law Partners, LLP, counsel for plaintiffs herein. I am familiar with the facts of the dispute which is the subject of this action.

2. This action is, and for some time has been, a controversy between the parties as to the extent of insurance benefits owed by plaintiffs in favor of defendants in connection with the underlying state court action. In light of these disputes, plaintiffs filed this complaint at a time when they anticipated that the underlying state court action would have been completed before this matter was at issue. The instant complaint was filed on September 7, 2007 - about two weeks before the trial of the state action was to have started (which was September 24, 2007). Unexpectedly, when that trial date arrived, the state court trailed the matter for one week before it eventually continued the trial to February 2008.

3. Because the underlying action was not resolved as was anticipated at the outset, I advised defendants' counsel that a stay of the current action certainly would be appropriate. Instead of submitting a stipulated stay of proceedings to the court, for unknown reasons defendants chose to file the instant motion to stay proceedings. The motion is unnecessary because plaintiffs agree, and at all pertinent times have agreed, that a stay is appropriate since the underlying action has not been concluded as was originally expected. Plaintiffs continue to maintain that a stay should be granted and therefore that defendants' motion should be granted in that regard.

4. Contrary to comments in defendants' moving papers, Burlington is **not** seeking a determination from this court that it owes no defense and/or no indemnity whatsoever to defendants in connection with the underlying matter.[1] Indeed, Burlington contends that it likely

---

[1] Of course, neither Burlington nor First Financial Ins. Co. waive their contentions that there are no insurance benefits owed in connection with the three particular insurance policies that were not in effect at the time of the alleged wrongful eviction, under which they have previously declined to provide coverage for defendants.

2

Case No.: C 07 4625 MJJ          Demo Decl. In Opposition to Motion to Dismiss Complaint

may owe defendants **some** indemnity for **some** of the liability for which defendants might be found liable under the state action. As reflected in its 8/31/07 correspondence to defendants however (Exhibit 1 to Patel Decl. supporting defendants' instant motion), Burlington maintains that the vast majority of damages for which defendants might be found liable in the underlying action are excluded from coverage under the insurance policy through which Burlington is providing a defense under a reservation of rights. In other words, the potential indemnity owed by Burlington would be very limited in connection with the allegations for which defendants might be liable to tenants in the state action. However, because there is potential indemnity owed for some of damages for which defendants might be liable to the tenants, Burlington properly continues to provide a full defense subject to a reservation of rights and does not in this current action seek any ruling by which it would attempt to withdraw entirely from the defense it is providing.

     5.     What Burlington seeks to recover from defendants in the instant action falls into two categories: (1) it seeks reimbursement of some of the defense costs it has paid to date and will pay in the future, and (2) it seeks reimbursement for some or all of the indemnity/settlement it may pay in the future. As to defense costs, Burlington seeks recovery of money damages from defendants for the reimbursement of defense costs it paid and will pay to defend claims that are not covered under the insurance policy, pursuant to *Buss v. Superior Court* (1997) 16 Cal.4th 35. Similarly, to the extent that Burlington pays funds to settle the underlying case on behalf of defendants, and/or for their liability following trial, Burlington will seek to recover money damages from defendants to the extent that any such payment is disproportionate to the damages covered under the insurance policy for which defendants might be liable, pursuant to *Blue Ridge Ins. Co. v. Jacobson* (2001) 25 Cal.4th 489, and related authority.

     6.     This court plainly has jurisdiction over this matter pursuant to 28 USC § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. In the underlying state action, I was involved in two settlement conferences in a capacity as coverage counsel for plaintiffs. As part of the settlement negotiations, the tenant plaintiffs in the underlying action submitted an itemized opening demand

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

3

Case No.: C 07 4625 MJJ      Demo Decl. In Opposition to Motion to Dismiss Complaint

to defendants which totaled $2,797,157. That figure was a summary of alleged damages dated August 24, 2007, broken down as follows:

| | | | |
|---|---|---|---|
| Rent differential | $118,119 | Trebled= | $354,357 |
| Restitution of illegal Collection of rent | $7,000 | | $7,000 |
| Illegal Lock Out Damages | $100 x 693days | | $69,300 |
| Habitability Damages | $22,750 | | $22,750 |
| Personal Property Damages | $30,000 | Trebled= | $90,000 |
| Emotional Distress | $400,000 | Trebled= | $1.2 M |
| Out of Pocket Expenses | $20,000 | Trebled= | $60,000 |
| Punitive Damages | $400,000 | | $400,000 |
| Violations of B & P Code § 17200 et al | $113,750 | | $113,750 |
| Rent Differential for same | $360,000 | | $360,000 |
| Attorneys fees/costs | $120,000 | | $120,000 |
| Total | | | $2,797,157 |

7. In subsequent settlement discussions I understand that the tenant plaintiffs in the underlying action never reduced their settlement demands against defendants to any amount below $900,000.

8. Based on the tenant plaintiffs' calculations of damages for which defendants might be liable, it is possible that judgment could be entered against defendants for hundreds of thousands of dollars, if not more, should they be found liable in the underlying state action.

9. Based on those figures, the amounts that Burlington may pay to settle the case on behalf of defendants and/or which would be entered as a judgment following trial (for which defendants will request they be indemnified by plaintiffs) similarly would be in the range of hundreds of thousands of dollars should defendants be found liable for the damages. Of those figures, Burlington would seek reimbursement from defendants in this action amounts well in excess of the $75,000 jurisdictional threshold for a diversity case.

4

Case No.: C 07 4625 MJJ    Demo Decl. In Opposition to Motion to Dismiss Complaint

10. In addition, to date Burlington has incurred the sum of at least $81,069 in attorneys' fees, costs and litigation expenses for the defense of defendants in the underlying action. In the current action Burlington seeks reimbursement from defendants of a substantial portion of that figure which can be attributed to the defense of non-covered claims.

11. Considering defendants' potential liability exposure to tenant plaintiffs in the underlying state action, and the substantial costs of defense Burlington has paid and will pay, there is no question that the amount in controversy between the parties herein exceeds $75,000.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct to the best of my own personal knowledge and that I have executed this declaration on November 12, 2007, at Emeryville, California.

*/s/ David B.A. Demo*

David B.A. Demo

---

5

Case No.: C 07 4625 MJJ     Demo Decl. In Opposition to Motion to Dismiss Complaint

*The Burlington Insurance Company v. Hotel Sunrise, LLC, et al.*
United States District Court –Northern District Case No. C07-04625 MJJ

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the within action or proceeding. My business address is the law firm of LHB Pacific Law Partners, LLP, 5858 Horton Street, Suite 370, Emeryville, California.

On the date specified below, I served the following:

- **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR IN THE ALTERNATIVE TO STAY PROCEEDINGS AND FOR CHANGE OF TIME PER LOCAL RULE 6-3**

- **DECLARATION OF DAVID DEMO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR IN THE ALTERNATIVE TO STATE PROCEEDINGS AND FOR CHANGE OF TIME PER LOCAL RULE 6-3**

On the following person(s) in this action:

**Walter G. Crump**
Hanson Bridgett Marcus Vlahos Rudy, LLP
425 Market Street, 26 Floor
San Francisco, CA 94105
Fax: 415 541-9366

[X]    **BY MAIL:** By sealing the envelope and placing it for collection and mailing with postage fully prepared in accordance with ordinary business practices.

[ ]    BY FACSIMILE: By transmitting the document listed above by facsimile to the offices of the persons listed above, at the above facsimile number, and having received confirmation that said documents were transmitted to said facsimile number.

[ ]    BY OVERNIGHT DELIVERY: By placing the document(s) listed above for overnight delivery, in a box or other facility regularly maintained by an express service courier, or delivered to an authorized courier or driver authorized by that express service courier with delivery fees paid or provided for, and addressed as set forth above.

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATED:    November 13, 2007

*Shawn R. Church*
Shawn R. Church

1

PROOF OF SERVICE