HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
RICHARD J. STRATTON - 54648
rstratton@hansonbridgett.com
ALEXANDER J. BERLINE - 158098
aberline@hansonbridgett.com
WALTER G. CRUMP - 203743
wcrump@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Defendants
HOTEL SUNRISE, LLC, d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATEL

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATEL, AND DOES 1 THROUGH 20,<br><br>　　　　Defendant(s). | No. C 07 4625 MJJ<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO: 1) DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE, STAY PROCEEDINGS; AND, IF NECESSARY, 2) CHANGE TIME PURSUANT TO LOCAL RULE 6-3**<br><br>Date:　December 4, 2007<br>Time:　10:00 a.m.<br>Dept:　Courtroom B, 15th Floor<br>Judge:　The Hon. Martin J. Jenkins |

1380758.1

## I. INTRODUCTION

It has long been California law that an insurer should not open a "second front" against its insured when the coverage issues intertwine with the liability issues in the underlying and parallel case; and that such coverage cases should be stayed *or* dismissed in the Court's discretion. *Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)* 25 CA4th 902, 910 (1994). Thus, when the insureds here were prematurely sued by their insurers, counsel immediately requested that the insurers dismiss this action. Such a dismissal would not have prejudiced the insurers in the slightest, and would not have wasted this Court's time. The insurers refused.

Instead, the insurers insisted upon a stipulated stay only after the insureds' had answered the lawsuit (potentially waiving certain jurisdictional and other defenses). The insurers further refused to grant a meaningful extension of time for the insureds' counsel to research and consider matters. Ironically, the insurers wanted to stay the case because it was admittedly premature, but in the same breath would not consider a meaningful extension so counsel could enjoy his previously long planned vacation.

In the first instance, this Court, in its discretion, should dismiss this case without prejudice as opposed to staying it. There is no guarantee that the underlying case will get out to trial its second time up, and there is every likelihood that the underlying case and the instant coverage disputes will be resolved (as they typically are 90% of the time). Thus, a discretionary stay here will most likely only serve to waste this Court's and parties' scarce resources.

In addition, there is a very real question over whether this Court should even exercise jurisdiction over this declaratory relief case. The insurers have tactically added unripe claims for "equitable defense reimbursement" in an attempted end-a-round the *Karussos* rule (deferring declaratory relief jurisdiction in insurance cases to the State court where the same issues are being litigated in an underlying tort action). These reimbursement claims are unripe, of course, because the underlying case is still being defended. While California law does allow an insurer to later seek reimbursement of defense costs "that can be allocated solely to the claims that are not even potentially covered," it is axiomatic that such reimbursement claims are unripe in a mixed action

1  until the underlying action is over. A party should not be allowed to manufacture Federal Court
2  jurisdiction by pleading unripe ancillary claims.
3       Irrespective of whether this Court must or simply should dismiss this case in its discretion,
4  dismissal makes the most sense. The insureds will stipulate to service by mail on the off chance
5  the matter later needs to be re-filed.
6       Absent a dismissal here, will not every insurer be tempted to file a premature Federal
7  coverage lawsuit and seek a stay to "bookmark" their place on the Court docket? The insureds
8  humbly suggest that this Court and its staff have better things to do then log, open, and monitor
9  improper declaratory relief cases dressed up with premature "reimbursement" claims.

## II.    ARGUMENT

**A.    This Court, In Its Discretion, Should Dismiss This Premature Action Pursuant to Longstanding California Authority.**

Well established California insurance law states that while an underlying tort action is pending, the Court must, in its discretion, stay or dismiss a declaratory relief action. *Montrose Chem. Corp. v. Sup. Ct. (Canadian Universal Ins. Co., Inc.)* 6 C4th 287, 301-302 (1993); *California Ins. Guar. Ass'n v. Sup. Ct (Jakes at the Shore, Inc.)*

Thus, without even venturing into the below jurisdictional morass, this Court can and should simply execute it's discretion and dismiss this case without prejudice.

Alternatively; If the Court is inclined to Stay the matter, then this Court must decide the property of exercising jurisdiction - discussed below.

**B.    Ninth Circuit and U.S. Supreme Court Authority Call For Dismissal Even Were Declaratory Relief is Accompanied by a Request for Monetary Relief.**

The insurers here argue that merely adding a unripe reimbursement claim should somehow confer mandatory jurisdiction to this matter. Similar arguments have been made previously and were rejected.

Addressing the jurisdictional impact of an inclusion for a claim for monetary relief, the *Karussos, supra*, 65 F.3d at 801, Court stated:

> we do not agree with [the insurer's] contention that simply asking for a share of the defense costs to date transforms a declaratory relief action over which jurisdiction is discretionary into a case which the district court is obliged to hear. The statutory provisions regarding declaratory relief actions cannot be avoided by the addition of a request that states, in effect, "if you rule for us, order that we be reimbursed half of the costs we have incurred thus far." Nor can such a request change the result under *Hungerford*. **If a party could avoid *Hungerford*'s rule by the simple expedient of including such a request in its complaint, there would be little if anything left of that rule.**

*Karussos, supra*, 65 F.3d at 801 (Emphasis added).

Here, consistent with *Karussos*, this declaratory relief action has not been "transformed" into a damages action but should be dismissed in accordance with *Karussos* and *American National Fire Insurance Co. v. Hungerford*, 53 F.3d 1012, 1019 (9th Cir. 1995).

Indeed, to describe Plaintiffs' action as a "money damages" action is an overstatement. Plaintiffs' action is, in essence, a declaratory relief action. Any monetary recovery must be proceeded, by: 1) a judicial determination addressing and quantifying defense expenses, if any, subject to reimbursement; 2) the making of actual indemnity payments (no such payments have been made to date); and 3) a judicial determination addressing prospective indemnity payments (assuming such are made). In other words, Plaintiffs' various claims must all be proceeded by a judicial determination declaring the rights, obligations or legal relationship of the parties. Should Plaintiffs lose their Fourth Cause of Action for Declaratory Relief, then Plaintiffs lose the balance of their case.

In addition, nowhere in their Complaint do Plaintiffs even state or allege that they seek monetary *damages* from Defendants. Instead, Plaintiffs' Prayer repeatedly seeks a "judgment against Hotel Sunrise, the Patels, and/or Does 1-20, *declaring* that they are under a *duty* to pay Plaintiffs" "for defense and/ or indemnification made by Plaintiffs" and so forth. Complaint, 8:22-9:11. [Emphasis added.] In other words, Plaintiffs consistently seek declarations clarifying their rights.

Blacks Law Dictionary defines the term "declaration of rights" as "an action in which a

litigant requests a court's assistance not because any rights have been violated but because those rights are uncertain." Blacks Law Dictionary, Seventh Edition, West Group, 1999. Plaintiffs' Complaint seeks the Court's assistance to determine "uncertain" rights. Thus, Plaintiffs' Complaint does not really seek money damages.

In the United States Supreme Court case *Quackenbush v. Allstate Insurance Co.* 517 U.S. 706 (1996), cited by Plaintiffs, the Court states that abstention may be appropriate where the recovery of damages first requires a declaration of rights. The Supreme Court cites with approval to its prior decision in *Fair Assessment in Real Estate Association v. McNary*, 454 U.S. 100 (1981) ("*Fair Assessment*"):

> The damages action . . . was based on the unconstitutional application of a state tax law, and the award of damages turned first on a declaration that the state tax was in fact unconstitutional. We therefore drew an analogy to *Huffman* and other cases in which we had approved the application of abstention principles in declaratory judgment actions, and held that the federal court should decline to hear the action because "the recovery of damages under the Civil Rights Act first requires a 'declaration' or determination of the unconstitutionality of a state tax scheme that would halt its operation." *Fair Assessment, supra,* at 115.

*Quackenbush, supra,* 516 U.S. at 719.

While the United States Supreme Court determined that the abstention principles utilized in *Fair Assessment* could not serve as a basis for declining jurisdiction in *Quackenbush*, the *Quackenbush* Complaint, unlike the *Fair Assessment* Complaint, pled tort and breach of contract causes of action. *Quackenbush, supra,* 516 U.S. at 710, 719. In other words, *Quackenbush* was clearly a damages action.

The instant action is far more analogous to the *Fair Assessment* case because to the extent that Plaintiffs even plead a damages action, a point in dispute as discussed *supra*, such damages action would necessarily "turn[] first on a declaration." *Quackenbush, supra,* 516 U.S. at 719.

In the course of preparing the instant reply memorandum, Defendants discovered the *United National v. R&D Latex Corp* 242 F.3d at 1102 (9th Cir. 2001)("*United National*") case which neither party previously cited. The *United National, supra,* 242 F.3d at 1114, Court expressly states that its decision to retain jurisdiction was not simply based on the inclusion of a

- 4 -

reimbursement claim:

> our ruling that the district court must accept jurisdiction over the claim for declaratory relief does not, however, rest solely on the fact that the joined state-law reimbursement claim appears under state law to be independent of the declaratory claim in the requisite sense.

*Id.*

The *United National* Court goes onto note that the dispute there had been pending seven years and, the case's history presented "unique circumstances" and associated delays were at least in part the responsibility of the Federal Court. *Id.* Thus, the *United National* case is factually and procedurally distinguishable from our instant case.

This Court should follow the Supreme Court's *Fair Assessment* decision, and decline to exercise jurisdiction here.

C. **Since the Insurers' Reimbursement Claims Are Not Ripe, They Should Not Be Considered For Jurisdictional Purposes.**

Assuming arguendo that properly pled reimbursement claims confer jurisdiction, here the instant claims are unripe and therefore improper.

The California Supreme Court decision *Buss v. Superior Court* 16 Cal. 4th 35, 53 (1997) ("*Buss*") governs an insurer's right to reimbursement for defense or indemnity payments under. *Buss,* an insurer may obtain reimbursement only as to costs "that can be allocated solely to claims that are not even potentially covered." *Id.* at 40. The California Supreme Court held that

> An insurer may obtain reimbursement only for defense costs that can be allocated solely to the claims that are not even potentially covered. To do that, it must carry the burden of proof as to these costs by a preponderance of the evidence. And to do that, as we said in *Hogan*, it must accomplish a task that, "if ever feasible," may be "extremely difficult." ( *Hogan v. Midland National Ins. Co., supra,* 3 Cal. 3d at p. 564.) n21 Hence, the insurer will probably pursue the matter only in apparently exceptional cases--for example, where the defense costs the insurer may obtain in reimbursement are clear and substantial and where the assets the insured has available for reimbursement are themselves of the same sort.

*Id.* at 58-59.

Here, "the defense costs the insurer may obtain in reimbursement are" far from clear. Indeed, the defense of the underlying action continues. Plaintiffs concede the highly speculative

nature of their reimbursement claim: "Burlington contends that it likely may owe defendants **some** indemnity for **some** of the liability for which defendants *might* be found liable under the state action." (Emphasis in italics added; Emphasis in bold in original).

Such statements make it clear that Plaintiffs cannot meet their burden under *Buss* to prove "that there are any defense costs that can be allocated solely to the claims that are not even potentially covered." *Id.* at 40.

Similarly, such statements and facts demonstrate that Plaintiffs' reimbursement claim is premature and not ripe. The ripeness inquiry has two prongs: 1) fitness of the issue for judicial decision; and 2) hardship to the parties should the court's review be withheld. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967) (*"Abbott"*); *Johnson v. Stuart*, 702 F.2d 193, 196 (9th Cir. 1983). Courts further examine whether a court has a concrete basis on which to render a decision or whether issues would have to be judicially resolved in the abstract. *Toilet Goods Ass'n. v. Gardner*, 387 U.S. 158, 166-67 (1967); Here, the pendency of the underlying litigation and the uncertainties regarding the amount, if any, of reimbursement that Plaintiffs would be entitled to illustrate that this court would have to resolve issues "in the abstract." *Toilet Goods Ass'n., supra,* 387 U.S. at 166-67 (1967).

Plaintiffs' reimbursement claim therefore is subject to dismissal on the grounds of ripeness. Accordingly, the Court should not consider such claim for purposes of determining whether to exercise jurisdiction. Indeed, it is well established that dismissals in federal question cases are proper where the federal claim is "immaterial and made solely for the purpose of obtaining federal jurisdiction" or the "claim is wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 US 83, 89 (1998); *Roberts v. Corrothers* 812 F.2d 1173 (9th Cir. 1987); Here by analogy, the Court should dismiss Plaintiffs' action on the grounds that their premature reimbursement claim is not material and should not be considered for purposes of establishing jurisdiction.

### D. Specific Ninth Circuit Authority, Not the General *Colorado River Doctrine*, Provide the Standard for Declining Jurisdiction in This Insurance Context.

Although *Colorado River* is an important case on broader abstention matters, it does not address jurisdictional issues in an insurance context and is therefore not on point.

The Ninth Circuit decided both *Karussos* and *Hungerford* after the United States Supreme Court's *Colorado River* decision. Thus, the Ninth Circuit was well aware of *Colorado River* at the time of deciding *Karussos* and *Hungerford* cases. The timing of these two Ninth Circuit decisions, and their express language, further suggests that *Karussos* and *Hungerford* were intended to address specific abstention issues concerning insurance actions that were not addressed by *Colorado River's* more general principles.

In addition, *Karussos* and *Hungerford* decisions were expressly based on the *Brillhart v. Excess Ins. Co. of America* 316 U.S. 491 (1942) ("*Brillhart*") insurance case which was decided prior to *Colorado River*. *Karussos, supra*, 65 F.3d at 801. *Colorado River* did not overrule *Brillhart*. This fact further demonstrates that *Colorado River* does not provide the standard applied to the specific jurisdictional issue presented by this motion.[1]

Finally, it should be noted that the fundamental logic of *Colorado River* is consistent with the *Karussos* and *Hungerford* decisions. *Colorado River* states that Federal Courts should abstain from exercising jurisdiction in cases presenting questions of state law that bear on important public policy concerns whose "importance transcends the result in the case at bar" or where federal review would confuse a state's "elaborate review system." *Colorado River, supra*, 424 U.S. at 815.

Consistent with *Colorado River*, *Karussos* identifies such important state law concerns

---

[1] Plaintiffs' assertion that the instant action and the underlying case are not parallel entirely lacks merit. [Plaintiffs' Opposition Brief, 8:11-10:2.] Plaintiffs make this contention in the course of analyzing the fourth prong of the *Colorado River Doctrine*. Since *Colorado River* is not the applicable standard, Defendants refrain from providing a detailed argument refuting Plaintiffs' contention. Nonetheless, it is worth noting that *Karussos* explicitly rejected the same contention regarding parallism in a highly similar context. *Id.* at 800 (including, but, not limited to, footnote 2). Also, for further information demonstrating how the instant action and underlying tort case are parallel and similar, please see Defendants' Opening Brief, 8:1-9:23.

and review systems. *Karussos* recognizes in great detail the important role that states, and thus by extension, state courts, play in "regulating the dealings between insurers and their policyholders." *Karussos supra* at 799 (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990)). *Karussos* further comments that "state courts are best situated to identify and enforce the public policies that form the foundation of such regulations." *Karussos, supra,* 65 F.3d at 799 (quoting *SEC v. National Securities, Inc.*, 393 U.S. 453, 459 (1969)). Thus the application of *Karussos* and *Hungerford* for purposes of dismissing a case with the idea that it might be re-filed in state court is entirely consistent with *Colorado River*.

E.  **Plaintiffs' Other Arguments Do Not Support the Exercise of Jurisdiction.**

1.  *Brillhart's* Considerations Do Not Support the Exercise of Jurisdiction.

Defendants agree with Plaintiffs that the considerations set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) could support a stay of this action. Since the *Brillhart* decision forms the basis of *Karussos, supra,* 65 F.3d at 801, however, dismissing this action is also consistent with both *Brillhart* and *Karussos*.

2.  Judge Conti's Recent Decision Does Not Stand for the Proposition that Jurisdiction should be Enforced.

Plaintiffs argue that Judge Conti's order granting the defendants' motion to dismiss or stay in the case *Clarendon America Insurance Company v. Sorg Corporation*, 2007 U.S. Dist. LEXIS 49097 (Case No. 07-1966 SC) ("*Clarendon*") supports the issuance of a stay in this action as opposed to a dismissal.

The *Clarendon* decision, however, does not provide an analysis as to why the Court ordered a stay as opposed to a dismissal. Judge Conti in fact states that "the Ninth Circuit has found that state court actions not involving the insurance carrier were sufficiently parallel to the declaratory relief action to merit consideration and dismissal under *Brillhart*." *Clarendon, supra,* 2007 U.S. Dist. LEXIS 49097 at page 3 (Citing *Karussos, supra,* 65 F3d at 796, *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998) and *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750 (9th Cir. 1996).

The *Clarendon* decision does not include an analysis as to why that Court chose to stay

1  that action, and therefore is of no assistance here.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed. Such a dismissal will not prejudice Plaintiffs who will be free to file an action following the resolution of the underlying action - if necessary. Further, a dismissal will conserve time and expense and other resources of both the Court and of Defendants.

DATED: November 20, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By: _____/S/_____
WALTER G. CRUMP
Attorneys for Hotel Sunrise, LLC,
Kirit B. Patel; and Dharmesh B. Patel

- 9 -

1380758.1