IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURLINGTON INS. CO., et. al., | No. C07-04625 MJJ |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION AND GRANTING MOTION TO STAY PROCEEDINGS** |
| v. | |
| HOTEL SUNRISE, LLC, et. al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendants Hotel Sunrise, LLC, Kirit B. Patel, and Dharmesh B. Patel's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint for Lack of Federal Jurisdiction, or, in the alternative, to Stay Proceedings.[1] (Docket No. 10.) Plaintiffs The Burlington Insurance Company ("Burlington") and First Financial Insurance Company ("First Financial") (collectively, "Plaintiffs") oppose the motion to dismiss, but agree that a stay is appropriate pending the resolution of an underlying action by a third party against Defendants. (Docket No. 19.)

For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS** the Motion to Stay Proceedings pending resolution of the underlying action.

---

[1] Defendants also moved to change time pursuant to Local Rule 6-3 should the Court find the instant motion to have been untimely filed. Although Plaintiffs do not address this issue in their opposition, relief under Local Rule 6-3 is appropriate because Defense Counsel diligently sought an extension of time in which to respond to Plaintiffs' complaint upon the return of lead defense counsel from a vacation out of the country. Furthermore, extending the time would result in no appreciable delay in the schedule of this case or the underlying action, nor would Plaintiffs be prejudiced. Therefore, the Court **GRANTS** Defendants' motion to extend time in which to file the instant motion up to and including October 5, 2007.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Hotel Sunrise, LLC, owns and operates a hotel in San Francisco, and Defendants Kirit B. Patel and Dharmesh B. Patel are members of this entity. Plaintiffs insured Defendants for several years under four separate one-year general liability insurance policies. On August 4, 2006, former Hotel Sunrise tenants Jim Lastra ("Lastra") and Phyllis Robins ("Robins") filed a complaint in San Francisco Superior Court ("underlying action" or "*Lastra* action") alleging various causes of action, including, *inter alia*, wrongful eviction, negligence, breach of contract, intentional infliction of emotional distress, and conversion. (Complaint, Exh. A.)

For ten months after Lastra and Robins filed their complaint in Superior Court, Defendants retained their own counsel. (Plf.'s Opp. at 2:16-17.) In a July 3, 2007 letter to Defendants, Plaintiffs agreed to defend the insureds in the *Lastra* action pursuant to the Burlington Insurance Company Policy No. 181B003035, subject to a reservation of rights. (Def.'s Motion at 4:9-11.) Plaintiffs declined to provide insurance coverage for the *Lastra* action under any of the three other insurance policies issued to Defendants because those policies were not in effect at the time of the wrongful acts alleged in the *Lastra* action. (Plf.'s Opp. at 2:27-28 n.3.) Plaintiff Burlington proceeded to provide and pay for separate counsel for Defendants in the *Lastra* action, and the counsel has provided a full and complete defense to the entire action up to this point. (Plf.'s Opp. at 2:22-23.)

Plaintiffs concede that Burlington may owe Defendants some indemnity for some of the liability for which Defendants might be found liable in the *Lastra* action. (Plf.'s Opp. at 3:5-7.) However, in an August 31, 2007 letter to Defendants, Plaintiff Burlington claimed that the "vast majority of damages for which defendants might be found liable in the underlying action are excluded from coverage under the insurance policy." (Plf.'s Opp. at 3:8-10.) The August 31, 2007 letter also stated that Plaintiff Burlington "would not owe any indemnity to Hotel Sunrise and/or you to the extent that it would be liable for damages from the wrongful eviction of plaintiffs [in the underlying action] that was either done willfully/intentionally or with knowledge that it would violate their rights and would inflict injury to them." (K. Patel Decl., Exh. 2.) Defendants allege that Plaintiffs agreed in the July 3, 2007 letter to defend the underlying action pursuant to the policy's coverage for personal and advertising injury, which covers wrongful eviction and similar

2

offenses.  (K. Patel Decl., Exh. 1.)

Plaintiffs filed the instant action in this Court on September 7, 2007, seeking equitable subrogation, equitable indemnity, equitable contribution, declaratory relief, and reimbursement. (Docket No. 1.)  The *Lastra* action is set for trial in February 2008.  (K. Patel Decl. ¶ 2; Plf.'s Opp. at 5:15-16.)  Defendants now move the Court to decline to exercise jurisdiction under the Ninth Circuit's "general rule" that federal district courts should not exercise jurisdiction over an insurer's declaratory relief action during the pendency of an underlying action involving a third party in state court and when such actions only present issues of state insurance law.  (Def.'s Motion at 2:16-20.)

## LEGAL STANDARD

Pursuant to the Declaratory Judgments Act (DJA), the court may "declare the rights and other legal relations of any interested party seeking such declaration" when there is an "actual controversy."  *See* 28 U.S.C. § 2201.  The "actual contrvoversy" required by the DJA demands that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc*., --- U.S. ---, 127 S.Ct. 764, 771-72, 166 L.Ed.2d 604 (2007).

The DJA vests district courts with the discretion to determine whether declaratory relief is appropriate given the circumstances.  *See Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts.").  The court may decline to exercise jurisdiction based on "considerations of practicality and wise judicial administration."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  The district court's discretion is not, however, unfettered.  A district court cannot, therefore, "decline to entertain such an action as a matter of whim or personal disinclination."  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (quoting *Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962)).  Likewise, "if a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review."  *Id*. at 1225.

The primary, but not exhaustive, list of factors the court should consider are set forth in

3

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and its progeny, and include: (1) avoiding the needless determination of state law issues, (2) discouraging declaratory actions filed as a means of forum shopping, and (3) avoiding duplicative litigation. *See Huth*, 298 F.3d at 803. In general, there is not a presumption in favor of abstention in declaratory actions, nor does any authority support "the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Dizol*, 133 F.3d at 1225 (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)). There is, however, a presumption that the entire suit should be heard in state court if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed. *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991)).

**ANALYSIS**

**A.    Abstention of Federal Jurisdiction**

Defendants contend that the Court should decline to exercise jurisdiction over this matter because it is reversible error in the Ninth Circuit to exercise jurisdiction over declaratory relief actions during the pendency of a related third-party tort action in state court. (Def.'s Motion at 5:21-24, citing *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 801 (9th Cir. 1995) (overruled on other grounds in *Dizol*, 133 F.3d at 1227)). Defendants note that the San Francisco Superior Court will decide the liability issues presented by the underlying action and that time, expense, and judicial economy are not served by having "two separate court systems address and analyze identical and overlapping legal and factual issues." (Def.'s Motion at 6:10-11.)

Relying on *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976), Plaintiffs argue that the Court should not decline to exercise jurisdiction in this case because the federal court has proper jurisdiction. Under the *Colorado River* Doctrine, abstention is appropriate in: (1) cases involving a federal constitutional issue that might be affected or mooted by a state court determination of state law; (2) cases presenting questions of state law that bear on important public policy concerns whose "importance transcends the result in the case at bar" or where federal review would confuse a state's elaborate review system; (3) cases where federal jurisdiction is sought simply to stall state criminal proceedings; or (4) cases presenting "exceptional circumstances."

4

*Colorado River*, 424 U.S. 800. Plaintiffs state that the instant case does not involve a federal constitutional question, an elaborate state review system, or the stalling of state proceedings, leaving only the "exceptional circumstances" factor. (Plf.'s Opp. at 7:1-3.)

This case, however, does not provide sufficient grounds for the Court to abstain under the *Colorado River* doctrine. The Court does not perceive any "exceptional circumstances" in this case. The mere pendency of a related state action, absent "exceptional circumstances," does not require the Court to abstain. (*Id.* at 6:16-17, citing *McClellan v. Carland*, 217 U.S. 268 (1910).) Furthermore, Plaintiffs argue that a district court may abstain from jurisdiction only if it has "full confidence" that the parallel state proceeding will end the litigation. (Plf.'s Opp. at 8:2-4, citing *Gulfstream Aerospace Corp. v. Maycamas Corp.*, 485 U.S. 271, 277 (1988); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908 (9th Cir. 1993).) On this point, Plaintiffs argue that the underlying action against Defendants is not similar or parallel to this action because the state court matter does not directly involve the adjudication of any insurance coverage issues. (Plf.'s Opp. at 8:14-16.)

The Court's analysis in this matter, however, is not ultimately guided by *Colorado River*. Although Plaintiffs characterize the instant suit as "a common-law action for money damages" (Plf.'s Opp. at 10:15), the *Brillhart* factors remain the philosophic touchstone for the district court in deciding whether to assert jurisdiction over an action involving a claim for declaratory relief. *See Dizol*, 133 F.3d at 1225 n. 6 (citing *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir. 1997)). While Plaintiffs request reimbursement in the instant action, the essence of their action is declaratory relief. While the presence of a request for reimbursement weighs in favor of the Court's exercise of jurisdiction over the action, the Court has discretion to exercise jurisdiction under the Declaratory Judgment Act and analyzes the *Brillhart* factors to make that determination. *See United National Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112-14 (9th Cir. 2001) (analyzing an action comprising a declaratory relief claim and a claim for reimbursement under the discretionary standard applicable to the Declaratory Judgment Act although ultimately holding that the claim for reimbursement provides sufficient independent basis for asserting federal diversity jurisdiction).

The Court's examination of the *Brillhart* factors counsels in favor of denying Defendants'

5

1 instant motion and staying proceedings pending resolution of the underlying action. Staying this
2 action pending the outcome of the *Lastra* action will not require the Court to needlessly determine
3 state law issues as this Court will be bound by the factual determinations made in the underlying
4 action under res judicata principles. Additionally, possible forum shopping is not a concern as both
5 parties agree that a stay of proceedings is appropriate pending resolution of the underlying action.
6 Finally, the Court finds Defendants' "duplicative litigation" argument unavailing because the
7 underlying action involves neither issues of insurance coverage nor determinations of whether
8 Plaintiff Burlington is entitled to reimbursement from Defendants of any defense, indemnity, and/or
9 settlement payments. Therefore, if the Court exercises jurisdiction there is little risk of duplicative
10 litigation.

11 Plaintiffs argue, however, that declining jurisdiction serves a number of important policies,
12 such as, inter alia, avoiding rendering opinions based on purely hypothetical factual scenarios and
13 preserving precious judicial resources. The Court, however, finds otherwise. Here, no "hypothetical
14 factual scenarios" will enter into these proceedings if the Court grants a stay. Granting a stay also
15 will preserve comity, as there is no possibility that the findings of the Court in this action will
16 undermine the findings of the San Francisco Superior Court in the underlying action. In addition, as
17 the Ninth Circuit has held, there is no general prohibition on an insurer invoking diversity
18 jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage. *Dizol*,
19 133 F.3d at 1225 (internal citations omitted). Federal district court is an appropriate place for
20 Plaintiffs to pursue their chosen remedy. Lastly, if Plaintiffs did not file this action in this Court,
21 then they surely would have filed the action in state court. Thus, judicial resources are not preserved
22 at either the federal or state level by declining jurisdiction.

23 Finally, the Court notes that declining jurisdiction in this case could actually *encourage*
24 piecemeal litigation. As the *Dizol* court noted, "when other claims are joined with an action for
25 declaratory relief . . . the district court should not, as a general rule, remand or decline to entertain
26 the claim for declaratory relief." *Dizol*, 133 F.3d at 1225 (citing *Chamberlain*, 931 F.2d at 1367).
27 "If a federal court is required to determine major issues of state law because of the existence of non-
28 discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Id.* at

6

1225-26 (citing *Chamberlain*, 931 F.2d at 1367-68.) The Ninth Circuit has since held that a claim for reimbursement under state law would satisfy as an independent basis for asserting federal diversity jurisdiction. *United National*, 242 F.3d at 1113-14. Thus, the presence of the reimbursement claim in this action counsels in favor of retaining jurisdiction.

**B.    Stay of Proceedings**

Both parties agree that a stay of proceedings is appropriate pending resolution of the *Lastra* action. Under California law, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Montrose Chem. Corp. v. Sup. Ct.*, 861 P.2d 1153, 1162 (Cal. 1993). Although this action is not purely one for declaratory relief, the risk highlighted by the California Supreme Court in *Montrose* remains relevant here. The Court therefore will order a stay of proceedings until such time as the underlying case has been concluded.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss for Lack of Jurisdiction and **GRANTS** Defendants' Motion to Stay Proceedings pending resolution of the *Lastra* action in San Francisco Superior Court. The Court further **ORDERS** the parties to notify this Court in writing within 15 days of the conclusion of the underlying action, at which time the stay will be lifted. The Court **VACATES** the December 4, 2007 hearing in this matter.

**IT IS SO ORDERED.**

Dated: December 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE