1 | DAVID B. DEMO (SBN 153997); ddemo@plawp.com
2 | JENNY J. CHU (SBN 223077); jchu@plawp.com
  | LHB PACIFIC LAW PARTNERS, LLP
3 | 5858 Horton Street, Suite 370
  | Emeryville, CA 94608
  | Tel: (510) 841-7777
4 | Fax: (510) 841-7776

5 | ATTORNEYS FOR PLAINTIFFS:
  | THE BURLINGTON INSURANCE COMPANY
6 | AND FIRST FINANCIAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY, | ) ) ) ) | Case No.: C 07-04625 WHA |
|---|---|---|
| Plaintiffs, | ) ) ) | **STIPULATION TO PERMIT PLAINTIFFS TO FILE FIRST AMENDED COMPLAINT** |
| v. | ) ) | |
| HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATELL, and DOES 1 through 20, | ) ) ) ) ) | |
| Defendant(s). | ) ) ) ) | |

Each of the parties to this action, by and through their respective counsel, hereby stipulate that plaintiffs are permitted to file a first amended complaint, a copy of which is attached hereto.

It is further stipulated that service of said complaint is waived by defendants HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATELL.

///
///
///

1

SO STIPULATED:

DATED: January 3, 2008

LHB PACIFIC LAW PARTNERS, LLP

*[signature]*

DAVID B.A. DEMO
JENNY J. CHU
Attorneys for Plaintiffs

DATED: January 15, 2008

HANSON, BRIDGETT, MARCUS,
VLAHOS, RUDY, LLP

*[signature]*

ALEXANDER BERLINE
Attorneys for Defendants HOTEL SUNRISE, LLC.,
d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a.
KEN PATEL; DHARMESH B. PATEL a.k.a.
DANNY PATEL

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

Case No.: C 07-4625 WHA                    STIPULATION TO FILE AMENDED COMPLAINT

```
DAVID B. DEMO (SBN 153997); ddemo@plawp.com
JENNY J. CHU (SBN 223077); jchu@plawp.com
LHB PACIFIC LAW PARTNERS, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
Tel: (510) 841-7777
Fax: (510) 841-7776

ATTORNEYS FOR PLAINTIFFS:
THE BURLINGTON INSURANCE COMPANY
AND FIRST FINANCIAL INSURANCE COMPANY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATELL, PENN AMERICA and DOES 1 through 20,<br><br>Defendant(s). | Case No.: C 07-04625 WHA<br><br>**FIRST AMENDED COMPLAINT FOR EQUITABLE SUBROGATION, EQUITABLE INDEMNITY, EQUITABLE CONTRIBUTION, REIMBURSEMENT OF DEFENSE COSTS, REIMBURSEMENT OF INDEMNITY/SETTLEMENT PAYMENTS, DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs The Burlington Insurance Company ("Burlington") and First Financial Insurance Company ("First Financial") complain and allege as to defendant Hotel Sunrise, LLC, d.b.a. Hotel Sunrise ("Hotel Sunrise"), defendant Kirit B. Patel, also known as Ken Patel, defendant Dharmesh B. Patal, also known as Danny Patel (collectively the "Patels"), defendant Penn America Insurance Company ("Penn America"), and Does 1-20 as follows:

## GENERAL ALLEGATIONS

1.  Plaintiff Burlington is, and all times herein mentioned was, a corporation incorporated in the State of North Carolina, with its principal place of business in the State of

1

Case No.: C07-04625 WHA                                                              FIRST AMENDED COMPLAINT

1   North Carolina, and qualified to do business in the State of California.

2      2.     Plaintiff First Financial is, and all times herein mentioned was, a corporation
3   incorporated in the State of Illinois, with its principal place of business in the State of Illinois,
4   and qualified to do business in the State of California.

5      3.     Plaintiffs are informed and believe that defendant Hotel Sunrise is, and all times
6   herein mentioned was, a limited liability company organized in the State of California, with its
7   principal place of business in the State of California, City and County of San Francisco.

8      4.     Plaintiffs are informed and believe that defendants Kirit Patel and Dharmesh Patel
9   each are, and all times herein mentioned were, citizens of the State of California.

10     5.     Plaintiffs are informed and believe that defendant Penn America is, and at all
11   relevant times was, a citizen of the State of Pennsylvania.

12     6.     The true names or capacities, whether individual, governmental, corporate, or
13   otherwise, of Does 1 through 20, inclusive, are presently unknown to plaintiffs, who therefore
14   sued said defendants by such fictitious names. Plaintiffs are informed and believe and thereon
15   allege that the defendants designated herein as Does 1 through 20 issued commercial general
16   liability policies benefiting the defendants in connection with Hotel Sunrise described below, and
17   are therefore legally responsible in some manner for the events herein alleged and are liable to
18   plaintiff for indemnity, subrogation, and/or contribution.

19     7.     The jurisdiction of this Court over the subject matter of this action is predicated
20   on 28 USC § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## JURISDICTION

8.     Venue is proper in this district because the property that is the subject of the underlying action is located in San Francisco County, California, which is in this district.

## INTRADISTRICT ASSIGNMENT

9.     Plaintiffs have pled matters in this Complaint on information and belief because the necessary information lies within the control of either defendants or third parties.

## FACTUAL BACKGROUND

10.    At all relevant times, Hotel Sunrise owned and/or managed a residential hotel

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

called "Hotel Sunrise," located at 447 Valencia Street in San Francisco, California. On or about August 4, 2006, two former residents of Hotel Sunrise, Jim Lastra and Phyllis Robins (hereinafter referred to as "Tenants"), sued Hotel Sunrise and the Patels in a suit styled *Jim Lastra and Phyllis Robins v. Hotel Sunrise, et al.* (San Francisco Superior Court Case No. CGC-06-454834) (hereinafter referred to as the "Underlying Action"). A copy of the complaint in the underlying action is attached hereto as Exhibit A.

11.     Among other things, the Tenants alleged in the Underlying Complaint that Hotel Sunrise and the Patels are liable for the following wrongful conduct: (a) wrongful eviction of Tenants from the hotel on or about September 7, 2005, in violation of law, (b) illegal lock out of Tenants from the hotel in violation of law, (c) breach of rental agreement, (d) breach of covenant of good faith and fair dealing, (e) breach of covenant of quiet enjoyment, (f) negligence and negligence per se, (g) intentional infliction of emotional distress, (h) breach of warranty of habitability, (i) unlawful collection of rents, (j) conversion of personal property, (k) abuse of process, and (l) unfair, unlawful and fraudulent business practices. The Tenants seek damages from Tenant for compensatory damages, statutory damages, general damages for emotional distress and mental anguish, and punitive and exemplary damages. The Tenants also seek a declaratory judgment from the court as to certain allegations against Hotel Sunrise and the Patels, as well as injunctive relief and an award of restitution and for attorneys fees, costs and interest.

12.     Burlington issued a commercial general liability insurance policy to Hotel Sunrise, effective from February 10, 2005, until February 10, 2006, bearing the policy number 181B003035 (hereinafter the "Burlington Policy," a copy of which is attached hereto as Exhibit B) which was in effect at the time of the alleged wrongful conduct towards Tenants.

13.     Burlington issued another one-year commercial general liability insurance policy to Hotel Sunrise (policy number 181B003909), which was in effect from February 10, 2006, until February 10, 2007. First Financial previously had issued two one-year commercial general liability insurance policies to Hotel Sunrise: First Financial's policy number 181F002428 was in effect from February 10, 2003, until February 10, 2004, and First Financial's policy number

3

1 | 181F004978 was in effect from February 10, 2004, until February 10, 2005.

2 |     14.    Plaintiffs are informed and believe that Penn America issued three different general liability insurance policies to Hotel Sunrise and/or Kirit Patel and/or the Patels, the first of which was in effect from February 10, 2000, until February 10, 2001 (Penn America policy number SUB1000351), the second of which was in effect from February 10, 2001, until February 10, 2002 (Penn America policy number SUB1000381), and the third of which was in effect from February 10, 2002, until February 10, 2003 (Penn America policy number SUB1005086) (all three said Penn America insurance policies are hereinafter referred to collectively as the "Penn America Policy").

    15.    Hotel Sunrise and the Patels tendered the defense of the Underlying Suit to Burlington and First Financial.

    16.    Under the Burlington Policy (policy number 181B003035), Burlington accepted the tender and agreed to provide a defense to Hotel Sunrise and the Patels in the Underlying Action, subject to a full reservation of all rights. Burlington has been paying for counsel to defend Hotel Sunrise and the Patels in the Underlying Action subject to the reservation of rights.

    17.    First Financial denied any defense or indemnity to Hotel Sunrise and/or the Patels under its two insurance policies (First Financial's policies numbered 181F002428 and 181F004978), and Burlington denied any defense or indemnity to Hotel Sunrise and/or the Patels under its insurance policy numbered 181B003909 (effective dates from 2/10/06 – 2/10/07), in part because Burlington had agreed to provide a full defense to Hotel Sunrise and the Patels (subject to a reservation of all rights) in connection with the Burlington Policy under which the tender was accepted.

    18.    Included among the rights reserved by Burlington in its acceptance of the tender were its rights: (a) to withdraw from and/or decline any further participation in the defense of Hotel Sunrise and/or the Patels in the Underlying Action, (b) to refuse to indemnify Hotel Sunrise and/or the Patels with respect to part or all of any settlement or judgment in the Underlying Action, (c) to litigate, in a separate action, the issue of Burlington's duties under the Policy, (d) to obtain recovery/reimbursement from Hotel Sunrise and/or the Patels for any or all

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

of the costs, expenses or legal fees incurred by Burlington in defending them in the Underlying Action, (e) to obtain recovery/reimbursement from Hotel Sunrise and/or the Patels for any of Burlington's costs that can be attributable to the defense and/or settlement of claims that are not covered under the Policy, and (f) to seek recovery from any other insurer that might be obligated to provide any defense or indemnity in connection with the Underlying Action.

19. Burlington has determined that the Burlington Policy does not provide coverage in favor of Hotel Sunrise or the Patels for most of the damages/claims for relief for which Tenants have sued them in the Underlying Action. Although Hotel Sunrise and/or the Patels face substantial exposure to liability in the Underlying Action for which there is no coverage afforded by those insurance policies, neither Hotel Sunrise nor the Patels have offered to contribute towards the settlement of the Underlying Action or towards the payment of attorney's fees and expenses incurred for their own defense in the Underlying Action.

20. Upon learning that Penn America also provided liability insurance coverage for Hotel Sunrise and/or the Patels during relevant times, Burlington tendered the matter to Penn America, requesting that Penn America participate in funding its proportionate share of the defense and/or indemnity of Hotel Sunrise/the Patels in the Underlying Action. Penn America has failed and refused to accept the tender, nor has it agreed to contribute to and/or participate in either the defense or indemnity of Hotel Sunrise/the Patels.

## FIRST CAUSE OF ACTION

### (EQUITABLE SUBROGATION – AGAINST PENN AMERICA)

21. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-20.

22. Plaintiffs deny that they, or either of them, are in any way solely liable for all of Hotel Sunrise's and/or the Patels' defense expenses. Plaintiffs' liability, if any, would be solely excess and/or secondary, or would arise only as a matter of law. The damages alleged by Tenants, if any, are the primary and affirmative liability of Penn America and/or Does 1-20, as described herein.

23. Plaintiffs have been damaged as a legal result of the acts and omissions of Penn

5

Case No.: C07-04625 WHA                                    FIRST AMENDED COMPLAINT

America, and/or Does 1-20, as herein alleged and in an amount equal to some or all of the sums that Plaintiffs have paid and/or will pay to defend Hotel Sunrise/the Patels in the Underlying Action and/or to indemnify them for their liability, if any, arising from the Underlying Action and/or in settlement of same.

24. By reason of the foregoing allegations, Plaintiffs are entitled to equitable subrogation from Penn America, and/or Does 1-20 for any and all amounts that have been and may, in good faith, be paid by Plaintiffs for the defense of the Underlying Action. Plaintiffs are also entitled to equitable subrogation from Penn America and/or Does 1-20 for any and all amounts that Plaintiffs may be required to pay to indemnify Hotel Sunrise/the Patels, as a result of the Underlying Action and/or in settlement of same. In addition, Plaintiffs will be entitled to recover attorneys' fees, costs and expenses in connection herewith.

## SECOND CAUSE OF ACTION
### (EQUITABLE CONTRIBUTION – AGAINST PENN AMERICA)

25. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-24.

26. Plaintiffs have and/or will be damaged as a legal result of the acts and omissions of Penn America and/or Does 1-20 as herein alleged and in an amount exceeding Plaintiffs' proportionate share of Hotel Sunrise/the Patels' incurred costs, if any. Penn America is primarily liable towards Plaintiffs as described herein, and is concurrently liable for Hotel Sunrise/the Patels' costs and damages, if any.

27. Plaintiffs contend that they are entitled to equitable contribution from Penn America and/or Does 1-20 for the payment of any cost to defend Hotel Sunrise and/or the Patels in the Underlying Action and/or any indemnity/settlement paid on their behalf for liability arising from the Underlying Action, in proportion to the actual culpability, fault, or contractual responsibility.

28. By reason of the foregoing allegations, Plaintiffs are entitled to equitable contribution from Penn America and/or Does 1-20 for any and all amounts that have been and may, in good faith, be paid by Plaintiffs to defend them in the Underlying Action and/or to

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1  indemnify them for their liability, if any, arising from the Underlying Action and/or the
2  settlement of same. Plaintiffs are entitled to contribution on the basis that Penn America should
3  be required to share liability with Plaintiffs on the basis of contractual liability and equitable
4  factors outlined in the law.

## THIRD CAUSE OF ACTION
## (EQUITABLE INDEMNITY – AGAINST ALL DEFENDANTS)

7    29.  Plaintiffs reallege and incorporate herein by reference each and every allegation
8  contained in paragraphs 1-28.

9    30.  Plaintiffs deny that they, or either of them, are in any way primarily liable for
10  Hotel Sunrise/the Patels' defense expenses.

11    31.  Plaintiffs have been damaged as a legal result of the acts and omissions of Hotel
12  Sunrise, the Patels, Penn America and/or defendants Does 1-20, as herein alleged and in an
13  amount equal to the total sum that Plaintiffs have paid and/or will pay to defend Hotel
14  Sunrise/the Patels in the Underlying Action and/or to indemnify them for their liability, if any,
15  arising from the Underlying Action and/or the settlement of same.

16    32.  Plaintiffs further contend that they are entitled to equitable indemnity from all
17  defendants for any payments made to Hotel Sunrise/the Patels, or to any other party on their
18  behalf, to defend them in the Underlying Action, and/or to indemnify them for liability arising
19  out of the Underlying Action and/or in settlement of same, in proportion to the actual culpability,
20  fault, and/or contractual responsibility of each defendant.

21    33.  By reason of the foregoing allegations, Plaintiffs are entitled to equitable
22  indemnity from Hotel Sunrise, the Patels, Penn America and/or Does 1-20 for any and all
23  amounts that have been and may, in good faith, be paid by Plaintiffs for the defense of the
24  Underlying Action. Plaintiffs are also entitled to equitable indemnity from Hotel Sunrise, the
25  Patels, Penn America and/or Does 1-20 on the basis that each defendant should be required to
26  share liability with Plaintiffs on the basis of equitable considerations outlined in the law.
27  / / /
28  / / /

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

## FOURTH CAUSE OF ACTION

### (REIMBURSEMENT OF DEFENSE COSTS FROM HOTEL SUNRISE AND THE PATELS)

34. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-33.

35. Burlington agreed to defend Hotel Sunrise and the Patels in the Underlying Action, in its entirety, under a reservation of rights. Burlington contends that the Burlington Policy does not provide coverage in favor of Hotel Sunrise and/or the Patels for most of the damages/claims for relief for which Tenants have sued them in the Underlying Action and/or for most of the costs of defending Hotel Sunrise/the Patels in the Underlying Action.

36. As a result, Burlington contends that it is entitled to reimbursement of some or all of defense costs it has paid and/or will pay to, or on behalf of, Hotel Sunrise/the Patels, pursuant to *Buss v. Superior Court* (1997) 16 Cal.4th 35.

37. Burlington has no other existing speedy, accurate or proper remedy other than that prayed for by which the rights of the parties hereto may be determined.

## FIFTH CAUSE OF ACTION

### (REIMBURSEMENT OF INDEMNITY/SETTLEMENT COSTS FROM HOTEL SUNRISE AND THE PATELS)

38. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1-37.

39. Burlington agreed to defend Hotel Sunrise and the Patels in the Underlying Action, in its entirety, under a reservation of rights. Burlington contends that the Burlington Policy does not provide coverage in favor of Hotel Sunrise and/or the Patels for most of the damages/claims for relief for which Tenants have sued them in the Underlying Action and/or for most of the costs of defending Hotel Sunrise/the Patels in the Underlying Action.

40. Burlington contends that it is entitled to recover some or all of any indemnity and/or settlement proceeds it has paid and/or will pay to Hotel Sunrise/the Patels, or to any party on behalf of Hotel Sunrise/the Patels, pursuant to *Blue Ridge Ins. Co. v. Jacobson* (2001) 25

1  Cal.4th 489.

2      41.    Burlington has no other existing speedy, accurate or proper remedy other than that
3  prayed for by which the rights of the parties hereto may be determined.

### SIXTH CAUSE OF ACTION

### (DECLARATORY RELIEF – AGAINST ALL DEFENDANTS)

6      42.    Plaintiffs reallege and incorporate herein by reference each and every allegation
7  contained in paragraphs 1-41.

8      43.    An actual controversy has arisen and now exists between Plaintiffs and Hotel
9  Sunrise, the Patels, Penn America and/or Does 1-20 concerning respective rights and duties
10 under the policies of insurance identified herein.

11     44.    Specifically, Plaintiffs and Penn American disagree on the extent to which there is
12 coverage under said policies of insurance, whether and the extent to which Penn America should
13 pay for the defense of Hotel Sunrise and/or the Patels in the Underlying Action, whether and the
14 extent to which Penn America should indemnify Hotel Sunrise/the Patels in connection with
15 their alleged liability in the Underlying Action and/or the settlement of same, and whether and
16 the extent to which Penn America is liable to pay Plaintiffs, or either of them, in contribution or
17 subrogation or equity in connection with the allegations asserted by Plaintiffs herein.

18     45.    Plaintiffs and Hotel Sunrise/the Patels/Penn America disagree on the extent to
19 which there is coverage under the policies of insurance issued by Plaintiffs, whether and the
20 extent to which Plaintiffs are entitled to reimbursement for any settlement and/or indemnity paid
21 on behalf of Hotel Sunrise/the Patels, if any, pursuant to *Blue Ridge Ins. Co. v. Jacobson* (2001)
22 25 Cal.4th 489, and whether and the extent to which Plaintiffs are entitled to reimbursement of
23 defense costs paid on behalf of Hotel Sunrise/the Patels, pursuant to *Buss v. Superior Court*
24 (1997) 16 Cal.4th 35.

25     46.    Plaintiffs maintain that they are entitled to judgment against those defendants as
26 to all issues raised herein.

27     47.    Plaintiffs further contend that the trier of fact in the instant action should declare,
28 as part of a judgment herein, the percentage or ratio of contributing culpability, fault, or

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1  contractual responsibility, if any, between Plaintiffs and defendants, so the actual contributing
2  culpability, fault, or responsibility of each party can be finally determined. Plaintiffs further
3  contend that the trier of fact in the instant action should declare, as part of a judgment herein,
4  whether they are obligated under said policies of insurance to indemnify Hotel Sunrise/the Patels
5  for liability for any damages resulting from the Underlying Action, if any, and/or the amount of
6  any such obligation. Plaintiffs also request that this Court declare, as a part of a judgment herein,
7  whether and the extent to which Plaintiffs are entitled to reimbursement of any defense costs
8  and/or indemnity/settlement paid to Hotel Sunrise/the Patels and/or to any party behalf of them,
9  and/or the amount thereof.

10      48.    Plaintiffs have no other existing speedy, accurate or proper remedy other than that
11  prayed for by which the rights of the parties hereto may be determined.

12      WHEREFORE, Plaintiffs pray for judgment, decree, and order against Hotel Sunrise, the
13  Patels, Penn America and Does 1-20 as follows:

14      1.    For judgment against Hotel Sunrise, the Patels, Penn America and/or Does 1-20,
15          declaring that they are under a duty to pay Plaintiffs in full, or in part, the amount
16          of any payment for defense costs and/or indemnification or settlement made by
17          Plaintiffs on their behalf, to any party, arising from the Underlying Action;

18      2.    For a declaration against Hotel Sunrise, the Patels, Penn America and/or Does 1-
19          20 stating whether, and/or the extent to which, there is coverage under any of the
20          above identified policies of insurance and the amounts thereof;

21      3.    For judgment against Hotel Sunrise, the Patels, Penn America and/or Does 1-20,
22          declaring that they are under a duty to pay Plaintiffs in full, or in part, as recovery
23          for the defense costs paid by Plaintiffs for Hotel Sunrise/the Patels arising from
24          the Underlying Action, and stating the amount of such payment owed;

25      4.    For judgment against Hotel Sunrise, the Patels, Penn America and/or Does 1-20,
26          declaring that they are under a duty to pay Plaintiffs in full, or in part, as recovery
27          for the indemnity and/or settlement costs paid by Plaintiffs to Hotel Sunrise/the
28          Patels, or on their behalf, arising from the Underlying Action, and stating the

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

          amount of such payment owed;

5.     For attorneys' fees and costs incurred by Plaintiffs in this Action;

6.     For cost of suit incurred herein; and

7.     For such other and further relief as the court deems just and proper.

DATED: February 20, 2008         LHB PACIFIC LAW PARTNERS, LLP

                                                      _____
                                                      DAVID B.A. DEMO
                                                      JENNY J. CHU
                                                      Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED: February 20, 2008         LHB PACIFIC LAW PARTNERS, LLP

                                                      _____
                                                     DAVID B.A. DEMO
                                                     JENNY J. CHU
                                                     Attorneys for Plaintiffs

Attachments:

        Exhibit A (Complaint in Underlying Action)

        Exhibit B (Burlington Insurance Policy Number 181B003035)

LHB Pacific Law Partners, LLP
5858 Horton Street, Suite 370
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776