APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and FIRST FINANCIAL INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL SUNRISE, LLC., d.b.a. HOTEL SUNRISE; KIRIT B. PATEL a.k.a. KEN PATEL; DHARMESH B. PATEL a.k.a. DANNY PATEL; PENN AMERICA; and DOES 1 THROUGH 20,<br><br>Defendant(s). | Case No.: C 07-04625 WHA<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

   Response: Plaintiffs The Burlington Insurance Company and First Financial Insurance Company issued commercial general liability insurance policies benefiting defendants Hotel Sunrise, LLC, Kirit Patel, and Dharmesh Patel (collectively referred to herein as "Insureds"). Defendant Penn America Insurance Company ("Penn America") also issued a liability insurance policy benefiting Insureds.

   The Insureds owned and/or managed a residential hotel called "Hotel Sunrise," located at 447 Valencia St., San Francisco, California. On August 4, 2006, two former residents of Hotel Sunrise (hereinafter referred to as "Tenants") brought an action (hereinafter referred to as the "Underlying Action") against the Insureds, alleging, *inter alia*, that they wrongfully evicted Tenants and breached the warranty of habitability.

Plaintiffs accepted the Insureds' tender of defense of the Underlying Action under a reservation of rights. Defendant Penn America has also agreed to contribute to the defense, although disputes exist as to the amount it should contribute. The parties dispute the extent to which Plaintiffs are liable to indemnify the Insureds in the Underlying Action.

2. The principal factual issues which the parties dispute:

   Response: As between Plaintiffs and Penn America, the principal factual issues in dispute are those facts necessary to determine whether those insurers had a duty to defend and/or a duty to indemnify its Insureds in the Underlying Action.

   As between Plaintiffs and the Insureds, the principal factual issues in dispute are those facts necessary to determine whether Plaintiffs had a duty to defend and/or a duty to indemnify the Insureds in the Underlying Action, and whether Plaintiffs are entitled to reimbursement of any monies paid to defend or indemnify the Insureds arising out of the Underlying Action.

3. The principal legal issues which the parties dispute:

   Response: As between Plaintiffs and Penn America, the principal legal issues in dispute include: 1) whether there was coverage for the Insureds' liability arising out of the Underlying Action under any or all of the insurance policies; 2) whether such coverage was precluded by any policy exclusions; 3) whether Plaintiffs or Penn America had a duty to contribute to the defense of any or all of the Insureds, and if so, the appropriate method of equitable allocation; 4) whether Plaintiffs are entitled to an award of attorneys fees incurred in pursuing this action; 5) whether Penn America had a duty to pay Plaintiffs in full or in part for defense costs and/or indemnification made by Plaintiffs on the Insureds' behalf, to any party, arising from the Underlying Action; and 6) whether the insurers are entitled to reallocation.

   As between Plaintiffs and each of the Insureds, the principal legal issues in dispute include: 1) whether Plaintiffs had a duty to provide a full or partial defense for the Insureds' against the Underlying Action; 2) whether there was coverage for the Insureds' liability arising out of the Underlying Action under the insurance policies issued by Plaintiffs; 3) whether the Insureds' had a duty to contribute to their own defense; 4) whether the Insureds' had a duty to contribute to any indemnity arising out of the Underlying Action; 5) whether Plaintiffs are entitled to reimbursement for monies paid for defense costs and/or indemnification arising from the Underlying Action; and 6) whether Plaintiffs are entitled to an award of attorneys fees.

/ / /

/ / /

4. The other factual issues [e.g. *service of process, personal jurisdiction, subject matter jurisdiction or venue*] which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

   Response: N/A

5. The parties which have not been served and the reasons:

   Response:

   The parties stipulated to the filing of an amended complaint, in order to join Penn America as an additional defendant. Plaintiffs filed the Stipulation and the First Amended Complaint on February 20, 2008. Plaintiffs are currently in the process of serving Penn America.

   In addition, on December 3, 2007, the Court granted a motion to stay the proceedings pending the resolution of the Underlying Action. As a result, no answers have been filed.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

   Response: N/A.

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

   Response: None.

## ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):* _____.

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is_____

3

9. Please indicate any other information regarding ADR process or deadline:

   Response: The ADR process has been on hold in light of the stay.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]* :

    Response: As the case was stayed prior to the previously-scheduled initial case management conference, the parties have not yet exchanged initial disclosures.

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]* :

    Response: Discovery is needed on the various allegations in the First Amended Complaint and should be pursued in accordance with the normal course of discovery under the FRCP and the Local Rules.

    The parties have not yet engaged in formal discovery, in light of the Court's stay. Moreover, as Penn America has not yet been served, the parties have not yet had an opportunity to schedule a formal telephone conference.

    However, Plaintiffs and the Insureds have been conferring and communicating informally concerning this case, including the issues in dispute.

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

    Response: The parties request that the stay previously ordered by this Court remain in effect.

13. The parties expect that the trial will last for the following number of days:

    Response: Unknown at this time.

///

///

///

Dated: 2/26/08

_____
David B.A. Demo, Esq.
Jenny J. Chu, Esq.
LHB Pacific Law Partners, LLP
Attorneys for The Burlington Insurance Company

Dated: 2.26.08

_____
Richard J. Stratton, Esq.
Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP
Attorneys for Hotel Sunrise, LLC; Kirit Patel & Dharmesh Patel